

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

*FILED*

APR 13 2015

Phil Lombardi, Clerk
U.S. DISTRICT COURT

**15 CV - 187 JHP - PLW**

| | |
|---|---|
| 1) ERNIE JACKSON and MARY 2) KATHLEEN JACKSON, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>3) SAFECO INSURANCE COMPANY 4) OF AMERICA, and ACE AMERICAN INSURANCE COMPANY )<br><br>Defendants. ) | Case No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Safeco Insurance Company of America ("Safeco") hereby removes the above-captioned action from the District Court of Osage County, State of Oklahoma, to the United States District Court for the Northern District of Oklahoma.  In support of removal, Defendant states the following:

### INTRODUCTION

1.      On April 17, 2014 Plaintiffs commenced an action in the District Court of Osage County, State of Oklahoma, Case No. CJ-2014-0081.

2. Plaintiffs alleged claims of breach of contract and bad faith against Defendants Safeco and Ace American Insurance ("Ace"). Plaintiffs alleged a bailment claim against Defendant FRSTeam Oklahoma, LLC ("FRSTeam").[1]

3. Plaintiffs are citizens of the State of Oklahoma. Defendant Safeco is a corporation organized under the laws of the State of New Hampshire with its principal place of business in Boston, Massachusetts. Defendant Ace is a foreign, for-profit corporation. FRSTeam is a limited liability company organized under the laws of the State of Oklahoma with its principal place of business in Tulsa, Oklahoma.

4. The amount in controversy exceeds the sum or value of $75,000. (*See* Plaintiffs' Third Amended Petition, attached as Exhibit 23).

5. The original state court action was not removable because Plaintiffs and FRSTeam are both citizens of Oklahoma.

6. FRSTeam filed its Motion to Sever in the District Court of Osage County on September 9, 2014. (See FRSTeam's Motion to Sever, attached as Exhibit 27). After Plaintiffs changed counsel and several scheduling delays, a hearing on FRSTeam's Motion was held on February 17, 2015. (*See* Order Continuing Hearing on FRSTeam's Motion to Sever, attached as Exhibit 41). The Honorable District Judge declined to issue an order at the hearing, instead scheduling a telephonic conference for several weeks later. On March 12, 2015, The Honorable District Judge issued his order granting

---

[1] FRSTeam was a previously named defendant in the state court action. Plaintiffs' claims against FRSTeam have been severed from their claims against Safeco and Ace by the District Court of Osage County.

FRSTeam's Motion, severing the claims against FRSTeam from those against Safeco and Ace, and finding that Plaintiffs' claims against FRSTeam do not arise out the same transaction or occurrence as Plaintiffs' claims against Safeco and Ace, nor do they raise common questions of fact or law.

7.     The Honorable District Judge instructed Defendant FRSTeam to draft a journal entry memorializing his order. To date counsel for all parties involved have not been able to reach a consensus on a draft of said journal entry, and none has been filed.

8.     After the Honorable District Judge severed Plaintiffs' claims against FRSTeam from their claims against Safeco and Ace, this action became removable under 28 U.S.C. § 1446(b)(3).

9.     Pursuant to 28 U.S.C. § 1446(b)(3), Safeco first ascertained that the case was one which had become removable when the Honorable District Judge severed Plaintiffs' claims against FRSTeam from their claims against Safeco and Ace. *See Huffman v. Saul Holdings Ltd. Pshp.*, 194 F.3d 1072, 1078-79 (10th Cir. 1999) (holding that notice that an action has become removable does not have to come in the form of a written document). *See also Wade v. Johnson & Johnson & Ethicon Inc.*, 2014 U.S. Dist. LEXIS 148287, *9-11 (W.D. Okla. Oct. 14, 2014) ("[t]he court concludes that this case became removable when defendants received information that the nondiverse plaintiffs had been dismissed by the court, thus creating diversity jurisdiction. This information

was gained when the state court judge issued his ruling from the bench on June 19, 2014).

10.    With the claims against FRSTeam properly severed from those against Safeco and Ace, this action is removable as there is complete diversity between Plaintiff and the properly joined Defendants, Safeco and Ace; and the amount in controversy exceeds the sum or value of $75,000.  (*See* Exhibit 23).

11.    Defendant Safeco timely removed this action within thirty (30) days of ascertaining it was one which had become removable.

12.    Pursuant to 28 U.S.C. § 1446(b)(2)(A), all properly joined parties have consented to this removal.

13.    Pursuant to LCvR81.2, true and correct copies of the Petition and all other documents filed in the Osage County District Court, together with a copy of the docket sheet, are attached hereto as Exhibits "1" through "46".

14.    The Northern District of Oklahoma includes the state judicial district in which Plaintiffs filed their Petition.

15.    Contemporaneous with Safeco's filing of this Notice, Safeco will serve written notice to Plaintiffs' counsel of the filing, as required by 28 U.S.C. § 1446(d).

16.    Safeco shall likewise file a true and correct copy of its Notice of Removal with the Clerk of the District Court in and for Osage County, State of Oklahoma, as required by 28 U.S.C. §1446(d).

## CONCLUSION

For the foregoing reasons, this Court has jurisdiction over this action pursuant to

28 U.S.C. §§ 1332, 1441, and 1446 and removal is appropriate.

Respectfully submitted,

William W. O'Connor, OBA No. 13200
Harrison M. Kosmider, OBA No. 32036
NEWTON, O'CONNOR, TURNER & KETCHUM, PC
15 West Sixth Street, Suite 2700
Tulsa, OK  74119
(918) 587-0101 – Telephone
(918) 587-0102 – Facsimile
boconnor@newtonoconnor.com
hkosmider@newtonoconnor.com

**ATTORNEYS FOR DEFENDANT,**
**SAFECO INSURANCE COMPANY OF AMERICA**

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of April, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Bransford H. Shoemake
SHOEMAKE LAW OFFICES, P.C.
106 W. Main Street
Pawhuska, OK 74056

Grace K. Yates
Michael J. Amend
HOLMES, YATES, AND JOHNSON
P.O. Box 750
Ponca City, OK 74602

**ATTORNEYS FOR PLAINTIFFS**

Jason Robertson
PIERCE COUCH HENDRICKSON BAYSINGER & GREEN, L.L.P.
907 S. Detroit, Suite 815
Tulsa, OK 74102

**ATTORNEY FOR ACE AMERICAN INSURANCE COMPANY**

I hereby certify that a true and correct copy of the foregoing *Notice of Removal* was sent via United States Mail this 13ᵗʰ day of April, 2015 to the following:

Christopher C. King
Bradley E. Bowlby
MCGIVERN & GILLIARD
1515 S. Boulder
PO BOX 2619
Tulsa, OK 74101-2619

**ATTORNEYS FOR FRSTeam Oklahoma, LLC**

_____
William W. O'Connor

6

# EXHIBIT 1

IN THE DISTRICT COURT IN AND FOR **OSAGE** COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY KATHLEEN )
JACKSON, )
                                 )
                                 )
                  Plaintiffs, )
                                 )   Case Number: CJ-2014-81
                                 )
                                 )   Judge: Kane
vs.                             )
                                 )
LIBERTY MUTUAL GROUP, INC., a )
Foreign For Profit Business Corporation, )
d/b/a Safeco Insurance Company; )
ACE AMERICAN INSURANCE COMPANY, )
a Foreign For Profit Business Corporation, )
d/b/a Ace Property and Casualty )
Companies; OKLAHOMES REALTY, )
INC., a Domestic For Profit Business )
Corporation, d/b/a First Team; and )
AMERICAN SECURITY INSURANCE )
COMPANY, a Foreign For Profit Business )
Corporation, )
                                 )
                  Defendants. )

District Court, Osage County, Okla.
FILED

APR 1 7 2014

ANGIE BRUCE, Court Clerk
By_____ Deputy

## PETITION

**COME NOW** the Plaintiffs, and for their causes of action against the
Defendants, allege and state as follows:

### I. PARTIES, JURISDICTION & VENUE

The Plaintiffs are residents of Barnsdall, Oklahoma, where the causes of

action arose. The Defendant, Liberty Mutual Group, Inc., (LIBERTY) is a foreign for

profit Business Corporation, doing business in Oklahoma as Safeco Insurance

Company, where the applicable insurance policy was issued. The Defendant, Ace

American Insurance Company (ACE), is also a foreign for profit Business

1

Corporation, doing business in Oklahoma as Ace Property and Casualty Companies, where the applicable insurance policy was issued. The Defendant, Oklahomes Realty, Inc., is a domestic for profit Business Corporation, doing business in Oklahoma as First Team (FIRST TEAM). The Defendant, Ace American Security Insurance Company, is a foreign for profit Business Corporation, doing business in Oklahoma, which also insured the Plaintiffs for their losses claimed herein.

The Plaintiffs' residence is located and the original property damage involved initially occurred at 4214 County Road, 2230 in Barnsdall, Oklahoma, 74002-5150. This Court, therefore, has jurisdiction over the subject matter and Parties. Venue is also appropriate.

## II. FACTUAL ALLEGATIONS

On July 9th, 2012, Plaintiffs suffered a fire at their residence. Thereafter, Plaintiffs endured acts of theft and vandalism, all for which they made claims for damages with the appropriate Defendants, named herein. During the handling of Plaintiffs' claim, the Defendant, FIRST TEAM, allowed Plaintiffs' property to be further damaged and/or destroyed and is also liable to the Plaintiffs.

Plaintiffs have attempted to recover reasonable compensation for their damages and losses, and they have made proper claims. However, they have only been partially compensated. Furthermore, the insurance companies violated their duties of good faith and fair dealing, by refusing to pay the Plaintiffs the proper amounts for their valid claims pursuant to the applicable insurance policies, through improper investigations, failures to evaluate the results of the investigations that they did perform with no reasonable basis for their refusals, and offering to satisfy

2

the Plaintiffs' claims with unreasonably low amounts.  The insurers did not deal

fairly and in good faith with Plaintiffs, and the violations by the insurance

companies of their duties of good faith and fair dealing were the direct cause of

injuries and damages to the Plaintiffs, including financial losses, embarrassment,

loss of reputation, mental pain and suffering.

FIRST TEAM removed Plaintiff's property from the residence after being

hired by LIBERTY, allowed it to be damaged and/or destroyed, and did not return

all of it to the Plaintiffs in a satisfactory manner.

### III. REQUEST FOR RELIEF

**WHEREFORE,** Plaintiffs seek actual damages for an unspecified amount in

excess of $75,000, along with prejudgment interest from the date of the losses,

attorney fees and costs incurred. **FURTHERMORE,** the conduct of the Defendants,

and each of them, was willful, wanton, outrageous and in gross disregard for the

rights of the Plaintiffs.  Therefore, Plaintiffs also seek punitive and exemplary

damages for an unspecified amount in excess of $75,000, to be determined by a jury

of their peers.

Respectfully submitted,

Richardson, Richardson, Boudreaux & Keesling,

Paul T. Boudreaux, OBA #990
7447 South Lewis Avenue
Tulsa, Oklahoma 74136
(918) 492-7674 – Telephone
(918) 493-1925 – Facsimile
ptb@rrbklaw.com
*Attorneys for the Plaintiffs*

**JURY TRIAL DEMANDED**
**ATTORNEYS LIEN CLAIMED**

3

# EXHIBIT 2

IN THE DISTRICT COURT IN AND FOR **OSAGE** COUNTY
STATE OF OKLAHOMA

COPY

ERNIE JACKSON and MARY KATHLEEN                )
JACKSON,                                        )
                                                )
                        Plaintiffs,             )
                                                )       Case Number:   CJ- 2014- 81
                                                )       Judge:
vs.                                             )
                                                )
LIBERTY MUTUAL GROUP, INC., a                   )
Foreign For Profit Business Corporation,        )
d/b/a Safeco Insurance Company;                 )
ACE AMERICAN INSURANCE COMPANY,                 )
a Foreign For     Profit Business Corporation,  )
d/b/a      Ace Property and Casualty            )
Companies; OKLAHOMES REALTY,                    )
INC., a Domestic For Profit Business            )
Corporation, d/b/a First Team; and              )
AMERICAN SECURITY INSURANCE                     )
COMPANY, a Foreign For Profit Business          )
Corporation,                                    )
                                                )
                        Defendants.             )

## ORIGINAL SUMMONS

**To the above-named Defendant:**
**Liberty Mutual Group, Inc. d/b/a Safeco Insurance Company**

        You have been sued by the above-named Plaintiffs, and you are directed to file a written Answer to the attached Petition in the Court at the above address within twenty **(20)** days after service of this Summons upon you exclusive of the day of service.   Within the same time, a copy of your Answer must be delivered or mailed to the Attorney for the Plaintiffs.   Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

        Issued this ____17____ day of April, 2014.            **ANGIE BRUCE**
                                                              Court Clerk

                                              By     _____
                                                     Deputy Court Clerk          (Seal)

This summons and order was served on _____
                                            (date of service)


                                          _____
                                          Signature of person serving summons


        *YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER.*
*SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMITED*
*STATED IN THIS SUMMONS.*

                                **Return ORIGINAL for filing.**

# EXHIBIT 3

S

IN THE DISTRICT COURT IN AND FOR **OSAGE** COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY KATHLEEN        )
JACKSON,                                                        )
                                                                         )
                                  Plaintiffs,                   )
                                                                         )  Case Number: CJ-2014-81
                                                                         )
                                                                         )  Judge Kane
vs.                                                                    )
                                                                         )
SAFECO INSURANCE COMPANY OF            )
AMERICA, a Foreign For Profit Business     )
Corporation, ACE AMERICAN INSURANCE )
COMPANY, a Foreign For Profit Business     )
Corporation, d/b/a Ace Property and           )
Casualty Companies; OKLAHOMES             )
REALTY, INC., a Domestic For Profit           )
Business Corporation, d/b/a First Team;      )
and AMERICAN SECURITY INSURANCE      )
COMPANY, a Foreign For Profit Business     )
Corporation,                                                    )
                                                                         )
                                  Defendants.                )

District Court, Osage County, Okla.
FILED

MAY 1 6 2014

ANGIE BRUCE, Court Clerk
By_____Deputy

## AMENDED PETITION

**COME NOW** the Plaintiffs, and for their causes of action against the

Defendants, allege and state as follows:

### I. PARTIES, JURISDICTION & VENUE

The Plaintiffs are residents of Barnsdall, Oklahoma, where the causes of

action arose.  The Defendant, Safeco Insurance Company of America, (SAFECO) is a

foreign for profit Business Corporation, doing business in Oklahoma, where the

applicable insurance policy was issued. The Defendant, Ace American Insurance

Company (ACE), is also a foreign for profit Business Corporation, doing business in

Oklahoma as Ace Property and Casualty Companies, where the applicable insurance

1

policy was issued. The Defendant, Oklahomes Realty, Inc., is a domestic for profit

Business Corporation, doing business in Oklahoma as First Team (FIRST TEAM).

The Defendant, American Security Insurance Company, is a foreign for profit

Business Corporation, doing business in Oklahoma, which also insured the Plaintiffs

for their losses claimed herein.

The Plaintiffs' residence is located and the original property damage involved

initially occurred at 4214 County Road, 2230 in Barnsdall, Oklahoma, 74002-5150.

This Court, therefore, has jurisdiction over the subject matter and Parties. Venue is

also appropriate.

## II. FACTUAL ALLEGATIONS

On July 9th, 2012, Plaintiffs suffered a fire at their residence. Thereafter,

Plaintiffs endured acts of theft and vandalism, all for which they made claims for

damages with the appropriate Defendants, named herein. During the handling of

Plaintiffs' claim, the Defendant, FIRST TEAM, allowed Plaintiffs' property to be

further damaged and/or destroyed and is also liable to the Plaintiffs.

Plaintiffs have attempted to recover reasonable compensation for their

damages and losses, and they have made proper claims. However, they have only

been partially compensated. Furthermore, the insurance companies violated their

duties of good faith and fair dealing, by refusing to pay the Plaintiffs the proper

amounts for their valid claims pursuant to the applicable insurance policies, through

improper investigations, failures to evaluate the results of the investigations that

they did perform with no reasonable basis for their refusals, and offering to satisfy

the Plaintiffs' claims with unreasonably low amounts. The insurers did not deal

fairly and in good faith with Plaintiffs, and the violations by the insurance companies of their duties of good faith and fair dealing were the direct cause of injuries and damages to the Plaintiffs, including financial losses, embarrassment, loss of reputation, mental pain and suffering.

FIRST TEAM removed Plaintiff's property from the residence after being hired by LIBERTY, allowed it to be damaged and/or destroyed, and did not return all of it to the Plaintiffs in a satisfactory manner.

### III.  REQUEST FOR RELIEF

**WHEREFORE,** Plaintiffs seek actual damages for an unspecified amount in excess of $75,000, along with prejudgment interest from the date of the losses, attorney fees and costs incurred.  **FURTHERMORE,** the conduct of the Defendants, and each of them, was willful, wanton, outrageous and in gross disregard for the rights of the Plaintiffs.  Therefore, Plaintiffs also seek punitive and exemplary damages for an unspecified amount in excess of $75,000, to be determined by a jury of their peers.

Respectfully submitted,

Richardson, Richardson, Boudreaux & Keesling

Paul T. Boudreaux, OBA #990
7447 South Lewis Avenue
Tulsa, Oklahoma 74136
(918) 492-7674 – Telephone
(918) 493-1925 – Facsimile
ptb@rrbklaw.com
*Attorneys for the Plaintiffs*

**JURY TRIAL DEMANDED**
**ATTORNEYS LIEN CLAIMED**

3

## CERTIFICATE OF MAILING

I hereby certify and acknowledge that on the _14th_ day of May, 2014, I mailed a true and correct copy of the above and foregoing Amended Petition, via U.S. Regular mail, postage prepaid to:

Lindy H. Collins
Newton O'Connor Turner & Ketchum, PC
15 W. Sixth Street, Suite 2700
Tulsa, OK 74119
lcollins@newtonoconnor.com
*Attorneys for Safeco Insurance Company of America (Liberty)*

*Courtesy copies to:*
*American Security Insurance Co.*
*260 Interstate North Circle Se*
*Atlanta, GA 30339-2210*
          *and*
*Corporation Service Co., Agent*
*211 E. 7th Street, #620*
*Austin, Texas 78701-3218*

*Ace Property & Casualty Ins. Co.*
*Registered Office*
*436 Walnut Street*
*Philadelphia, PA 19106*

*Oklahomes Realty, Inc.*
*c/o Allen Stout, Agent*
*322 West Will Rogers Blvd.*
*Claremore, OK 74017*

_Paul T. Boudreaux_

4

# EXHIBIT 4

IN THE DISTRICT COURT IN AND FOR **OSAGE** COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY KATHLEEN ) 
JACKSON, )
)
                    Plaintiffs, )
) Case Number: CJ-2014-81
)
) Judge Kane
vs. )
)
SAFECO INSURANCE COMPANY OF )
AMERICA, a Foreign For Profit Business )
Corporation, ACE AMERICAN INSURANCE )
COMPANY, a Foreign For Profit Business )
Corporation, d/b/a Ace Property and )
Casualty Companies; FRSTEAM )
OKLAHOMA, LLC, a Domestic Limited )
Liability Company; and AMERICAN )
SECURITY INSURANCE COMPANY, )
a Foreign For Profit Business Corporation,) 
)
                    Defendants. )

> District Court, Osage County, Okla.
> FILED
>
> MAY 1 9 2014
>
> ANGIE BRUCE, Court Clerk
> By_____ Deputy

## SECOND AMENDED PETITION

**COME NOW** the Plaintiffs, and for their causes of action against the

Defendants, allege and state as follows:

### I. PARTIES, JURISDICTION & VENUE

The Plaintiffs are residents of Barnsdall, Oklahoma, where the causes of

action arose. The Defendant, Safeco Insurance Company of America, (SAFECO) is a

foreign for profit Business Corporation, doing business in Oklahoma, where the

applicable insurance policy was issued. The Defendant, Ace American Insurance

Company (ACE), is also a foreign for profit Business Corporation, doing business in

Oklahoma as Ace Property and Casualty Companies, where the applicable insurance

1

policy was issued. The Defendant, FRSTEAM Oklahoma, LLC, is a Domestic Limited Liability Company, doing business in Oklahoma as FRSTEAM (FRSTeam). The Defendant, American Security Insurance Company, is a foreign for profit Business Corporation, doing business in Oklahoma, which also insured the Plaintiffs for their losses claimed herein.

The Plaintiffs' residence is located and the original property damage involved initially occurred at 4214 County Road, 2230 in Barnsdall, Oklahoma, 74002-5150. This Court, therefore, has jurisdiction over the subject matter and Parties. Venue is also appropriate.

## II. FACTUAL ALLEGATIONS

On July 9th, 2012, Plaintiffs suffered a fire at their residence. Thereafter, Plaintiffs endured acts of theft and vandalism, all for which they made claims for damages with the appropriate Defendants, named herein. During the handling of Plaintiffs' claim, the Defendant, FRSTeam, allowed Plaintiffs' property to be further damaged and/or destroyed and is also liable to the Plaintiffs.

Plaintiffs have attempted to recover reasonable compensation for their damages and losses, and they have made proper claims. However, they have only been partially compensated. Furthermore, the insurance companies violated their duties of good faith and fair dealing, by refusing to pay the Plaintiffs the proper amounts for their valid claims pursuant to the applicable insurance policies, through improper investigations, failures to evaluate the results of the investigations that they did perform with no reasonable basis for their refusals, and offering to satisfy the Plaintiffs' claims with unreasonably low amounts. The insurers did not deal

2

fairly and in good faith with Plaintiffs, and the violations by the insurance companies of their duties of good faith and fair dealing were the direct cause of injuries and damages to the Plaintiffs, including financial losses, embarrassment, loss of reputation, mental pain and suffering.

FRSTeam removed Plaintiff's property from the residence after being hired by SAFECO, allowed it to be damaged and/or destroyed, and did not return all of it to the Plaintiffs in a satisfactory manner.

### III.  REQUEST FOR RELIEF

**WHEREFORE,** Plaintiffs seek actual damages for an unspecified amount in excess of $75,000, along with prejudgment interest from the date of the losses, attorney fees and costs incurred. **FURTHERMORE,** the conduct of the Defendants, and each of them, was willful, wanton, outrageous and in gross disregard for the rights of the Plaintiffs.  Therefore, Plaintiffs also seek punitive and exemplary damages for an unspecified amount in excess of $75,000, to be determined by a jury of their peers.

Respectfully submitted,

Richardson, Richardson, Boudreaux & Keesling

Paul T. Boudreaux, OBA #990
7447 South Lewis Avenue
Tulsa, Oklahoma 74136
**JURY TRIAL DEMANDED**           (918) 492-7674 – Telephone
**ATTORNEYS LIEN CLAIMED**        (918) 493-1925 – Facsimile
                                  ptb@rrbklaw.com
                                  *Attorneys for the Plaintiffs*

3

<u>CERTIFICATE OF MAILING</u>

I hereby certify and acknowledge that on the *15th* day of May, 2014, I mailed a true and correct copy of the above and foregoing Amended Petition, via U.S. Regular mail, postage prepaid to:

Lindy H. Collins
Newton O'Connor Turner & Ketchum, PC
15 W. Sixth Street, Suite 2700
Tulsa, OK 74119
lcollins@newtonoconnor.com
*Attorneys for Safeco Insurance Company of America*

*Courtesy copies to:*
*American Security Insurance Co.*
*260 Interstate North Circle Se*
*Atlanta, GA  30339-2210*
             *and*
*Corporation Service Co., Agent*
*211 E. 7th Street, #620*
*Austin, Texas 78701-3218*

*Ace Property & Casualty Ins. Co.*
*Registered Office*
*436 Walnut Street*
*Philadelphia, PA  19106*

_____

*Paul T. Boudreaux*

4

# EXHIBIT 5



**ORIGINAL**
PLEASE RETURN TO
COURT CLERKS OFFICE

IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| ERNIE JACKSON and MARY KATHLEEN JACKSON, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| LIBERTY MUTUAL GROUP, INC., a Foreign For Profit Business Corporation, d/b/a Safeco Insurance Company; ACE AMERICAN INSURANCE COMPANY, a Foreign For Profit Business Corporation, d/b/a Ace Property and Casualty Companies; OKLAHOMES REALTY, INC., a Domestic For Profit Business Corporation, d/b/a First Team; and AMERICAN SECURITY INSURANCE COMPANY, a Foreign For Profit Business Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Case Number: CJ - 2014 - 81
Judge:

District Court, Osage County, Okla.
FILED

MAY 1 5 2014

ANGIE BRUCE, Court Clerk
By_____MS_____Deputy

## ORIGINAL SUMMONS

To the above-named Defendant:
**American Security Insurance Company**
C/O Corporation Service Co.
211 E. 7th Str. #620
Austin, Tx  78701 - 3218

You have been sued by the above-named Plaintiffs, and you are directed to file a written Answer to the attached Petition in the Court at the above address within twenty (20) days after service of this Summons upon you exclusive of the day of service.  Within the same time, a copy of your Answer must be delivered or mailed to the Attorney for the Plaintiffs.  Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

## ANGIE BRUCE

Issued this ___21___ day of April, 2014.

Court Clerk

By _____Midge Shipp_____
Deputy Court Clerk
(Seal)

This summons and order was served on ___05.01.14___
(date of service)

_____Certified mail - rrr_____
Signature of person serving summons

*YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMITED STATED IN THIS SUMMONS.*

Return ORIGINAL for filing.

IN THE DISTRICT COURT IN AND FOR **OSAGE** COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY KATHLEEN          )
JACKSON,                                 )
              Plaintiffs,         )
                              )
vs.                                      ) Case Number CJ-2014-81
                              )
LIBERTY MUTUAL GROUP, INC., a            )
Foreign For Profit Business Corporation, )
d/b/a Safeco Insurance Company;          )
ACE AMERICAN INSURANCE COMPANY,          )
a Foreign For Profit Business Corporation,)
d/b/a  Ace Property and Casualty         )
Companies; OKLAHOMES REALTY,             )
INC., a Domestic For Profit Business     )
Corporation, d/b/a First Team; and       )
AMERICAN SECURITY INSURANCE             )
COMPANY, a Foreign For Profit Business   )
Corporation,                             )
                              )
             Defendants.         )

### AFFIDAVIT AND RETURN OF SERVICE BY CERTIFIED MAIL

STATE OF OKLAHOMA          )
                      )ss.
COUNTY OF TULSA            )

      I, Paul T. Boudreaux, of lawful age, being first duly sworn, on oath state that on the 1st day of May, 2014, I served via Certified Mail, Return Receipt Requested, Receipt Number 7012 3460 0002 7430 5408, from the City of Tulsa, Oklahoma, the attached *Summons* and *Petition* in the above-entitled and numbered action to the following persons to-wit:

                      **American Security Insurance Company**
                      **c/o Corporation Service Co.**
                      **211 East 7th Street, Suite 620**
                      **Austin, Texas  78701-3218**

**FURTHER AFFIANT SAYETH NOT.**

                                  **PAUL T. BOUDREAUX, OBA #990**

Subscribed and sworn to before me this 12th day of May 2014.

Notary _____ Linda G. Large
My Commission Expires October 11, 2016



| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

- ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X ☐ Agent ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
SARAH HOLUB   5/1/14

D. Is delivery address different from Item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

American Security Insurance Co.
c/o CORPORATION SERVICE CO.
211 East 7ᵗʰ Street, Suite 620
Austin, Texas 78701-3218

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☑ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Numb.
(Transfer from)   7012 3460 0002 7430 5408

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | 4/28/2014 |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total | | |

7012 3460 0002 7430 5408

Sent To American Security Insurance Co.
c/o CORPORATION SERVICE CO.
Street 211 East 7ᵗʰ Street, Suite 620
or PO
City, Austin, Texas 78701-3218

PS Form 3800, August 2006   See Reverse for Instructions

# EXHIBIT 6

 

# ORIGINAL
## PLEASE RETURN TO
## COURT CLERKS OFFICE
IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY KATHLEEN )
JACKSON, )
)
Plaintiffs, )
) Case Number: CJ- 2014- 81
) Judge:
vs. )
)
LIBERTY MUTUAL GROUP, INC., a )
Foreign For Profit Business Corporation, )
d/b/a Safeco Insurance Company; )
ACE AMERICAN INSURANCE COMPANY, )
a Foreign For    Profit Business Corporation, )
d/b/a    Ace Property and Casualty )
Companies; OKLAHOMES REALTY, )
INC., a Domestic For Profit Business )
Corporation, d/b/a First Team; and )
AMERICAN SECURITY INSURANCE )
COMPANY, a Foreign For Profit Business )
Corporation, )
)
Defendants. )

> District Court, Osage County, Okla.
> FILED
>
> MAY 1 5 2014
>
> ANGIE BRUCE, Court Clerk
> By_____Deputy

## ORIGINAL SUMMONS

**To the above-named Defendant:**
**Liberty Mutual Group, Inc. d/b/a Safeco Insurance Company**

You have been sued by the above-named Plaintiffs, and you are directed to file a written Answer to the attached Petition in the Court at the above address within twenty (20) days after service of this Summons upon you exclusive of the day of service. Within the same time, a copy of your Answer must be delivered or mailed to the Attorney for the Plaintiffs. Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action. **ANGIE BRUCE**

Issued this __17__ day of April, 2014.          Court Clerk

By _____  Deputy Court Clerk _Midge Shipp_ (Seal)

This summons and order was served on __4.30.14__
                                    (date of service)

_Certified mail - rrr_
Signature of person serving summons

*YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMITED STATED IN THIS SUMMONS.*

**Return ORIGINAL for filing.**

IN THE DISTRICT COURT IN AND FOR **OSAGE** COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY KATHLEEN )
JACKSON, )
                Plaintiffs, )
                 )
vs. )  Case Number CJ-2014-81
                 )
LIBERTY MUTUAL GROUP, INC., a )
Foreign For Profit Business Corporation, )
d/b/a Safeco Insurance Company; )
ACE AMERICAN INSURANCE COMPANY, )
a Foreign For Profit Business Corporation,)
d/b/a  Ace Property and Casualty )
Companies; OKLAHOMES REALTY, )
INC., a Domestic For Profit Business )
Corporation, d/b/a First Team; and )
AMERICAN SECURITY INSURANCE )
COMPANY, a Foreign For Profit Business )
Corporation, )
                 )
            Defendants. )

### AFFIDAVIT AND RETURN OF SERVICE BY CERTIFIED MAIL

STATE OF OKLAHOMA )
                 )ss.
COUNTY OF TULSA )

     I, Paul T. Boudreaux, of lawful age, being first duly sworn, on oath state that on the 30th day of April, 2014, I served via Certified Mail, Return Receipt Requested, Receipt Number 7013 0600 0002 2558 2203, from the City of Tulsa, Oklahoma, the attached *Summons* and *Petition* in the above-entitled and numbered action to the following persons to-wit:

                **Liberty Mutual Group, Inc.**
                **c/o Corporation Service Co.**
                **115 S.W. 89th Street**
                **Oklahoma City, OK 73139**

**FURTHER AFFIANT SAYETH NOT.**

                _____
                **PAUL T. BOUDREAUX, OBA #990**

Subscribed and sworn to before me this 12th day of May 2014.

Notary: _____ Linda G. Large
My Commission Expires: November 1, 2016

LINDA G. LARGE
Notary Public in and for
State of Oklahoma
TULSA COUNTY
Commission#00017289

 

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**Liberty Mutual Group, Inc.**
**c/o Corporation Service Co.**
**115 S.W. 89th Street**
**Oklahoma City, OK 73139**

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _G. Pamish_     ☐ Agent   ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
   **G. Pamish**            JUL 30 2014

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
   (Transfer from service label)
   7013 0600 0002 2558 2203

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total | |

Postmark
Here

7013 0600 0002 2558 2203

Sent To   **Liberty Mutual Group, Inc.**
Street, Apt. No.   **c/o Corporation Service Co.**
or PO Box No.   **115 S.W. 89th Street**
City, State, ZIP+4   **Oklahoma City, OK 73139**

PS Form 3800, August 2006        See Reverse for Instructions

# EXHIBIT 7




**ORIGINAL**
PLEASE RETURN TO
COURT CLERKS OFFICE                    S

IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
STATE OF OKLAHOMA

|  |  |
|---|---|
| ERNIE JACKSON and MARY KATHLEEN JACKSON, | ) ) ) |
| Plaintiffs, | ) ) ) Case Number: CJ-2014-81 ) Judge: |
| vs. | ) ) |
| LIBERTY MUTUAL GROUP, INC., a Foreign For Profit Business Corporation, d/b/a Safeco Insurance Company; ACE AMERICAN INSURANCE COMPANY, a Foreign For    Profit Business Corporation, d/b/a    Ace Property and Casualty Companies; OKLAHOMES REALTY, INC., a Domestic For Profit Business Corporation, d/b/a First Team; and AMERICAN SECURITY INSURANCE COMPANY, a Foreign For Profit Business Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

> District Court, Osage County, Okla.
> FILED
>
> MAY 1 5 2014
>
> ANGIE BRUCE, Court Clerk
> By _____ Deputy

### ORIGINAL SUMMONS

To the above-named Defendant:
Oklahomes Realty Inc., d/b/a First Team
c/o Allen Stout, Service Agent

You have been sued by the above-named Plaintiffs, and you are directed to file a written Answer to the attached Petition in the Court at the above address within twenty (20) days after service of this Summons upon you exclusive of the day of service.   Within the same time, a copy of your Answer must be delivered or mailed to the Attorney for the Plaintiffs.   Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this  17  day of April, 2014.          **ANGIE BRUCE**
                                                              Court Clerk

                                        By _____
                                              Deputy Court Clerk                    (Seal)

This summons and order was served on   4.29.14  .
                                                      (date of service)

                                        cert. mail ssr
                                        Signature of person serving summons

*YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMITED STATED IN THIS SUMMONS.*

Return ORIGINAL for filing.

IN THE DISTRICT COURT IN AND FOR **OSAGE** COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| ERNIE JACKSON and MARY KATHLEEN JACKSON, | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case Number CJ-2014-81 |
| | ) |
| LIBERTY MUTUAL GROUP, INC., a Foreign For Profit Business Corporation, d/b/a Safeco Insurance Company; ACE AMERICAN INSURANCE COMPANY, a Foreign For Profit Business Corporation, d/b/a Ace Property and Casualty Companies; OKLAHOMES REALTY, INC., a Domestic For Profit Business Corporation, d/b/a First Team; and AMERICAN SECURITY INSURANCE COMPANY, a Foreign For Profit Business Corporation, | ) |
| Defendants. | ) |

**AFFIDAVIT AND RETURN OF SERVICE BY CERTIFIED MAIL**

| | |
|---|---|
| STATE OF OKLAHOMA | ) |
| | )ss. |
| COUNTY OF TULSA | ) |

I, **Paul T. Boudreaux**, of lawful age, being first duly sworn, on oath state that on the 29th day of April, 2014, I served via Certified Mail, Return Receipt Requested, Receipt Number 7013 0600 0002 2558 2197, from the City of Tulsa, Oklahoma, the attached *Summons* and *Petition* in the above-entitled and numbered action to the following persons to-wit:

Oklahomes Realty
c/o Allen Stout, Agent
322 West Will Rogers Blvd.
Claremore, OK 74017

FURTHER AFFIANT SAYETH NOT.

PAUL T. BOUDREAUX, OBA #990

Subscribed and sworn to before me this 12th day of May 2014.

Linda G. Large

My Commission Expires November 1, 2016




| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete Items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Allen Stout_  □ Agent  □ Addressee<br>B. Received by (Printed Name) _Allen Stout_  C. Date of Delivery 9/29/1?<br>D. Is delivery address different from Item 1? □ Yes<br>If YES, enter delivery address below: □ No |
| 1. Article Addressed to:<br><br>**Oklahomes Realty, Inc.**<br>**c/o Allen Stout, Agent**<br>**322 West Will Rogers Blvd.**<br>**Claremore, OK 74017** | 3. Service Type<br>☑ Certified Mail  □ Express Mail<br>□ Registered  ☑ Return Receipt for Merchandise<br>□ Insured Mail  □ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  □ Yes |
| 2. Article Number<br>(Transfer from        7013 0600 0002 2558 2197 | |
| PS Form 3811, February 2004          Domestic Return Receipt | 102595-02-M-1540 |

**U.S. Postal Service**
**CERTIFIED MAIL₁₀ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

O F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Po | |

7013 0600 0002 2558 2197

Sent To — **Oklahomes Realty, Inc.**
Street, Apt. or PO Box — **c/o Allen Stout, Agent**
**322 West Will Rogers Blvd.**
City, State, — **Claremore, OK 74017**

PS Form 3800, August 2006          See Reverse for Instructions

# EXHIBIT 8

IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY KATHLEEN
JACKSON,

Plaintiffs,

vs.

LIBERTY MUTUAL GROUP, INC. Foreign
For Profit Business Corporation, d/b/a
Safeco Insurance company; ACE
AMERICAN INSURANCE COMPANY, a
Foreign For Profit Business Corporation,
D/B/A Ace Property and Casualty
Companies; OKLAHOMES REALTY, INC.,
a Domestic for Profit Business Corporation
d/b/a First Team; and AMERICAN
SECURITY INSURANCE COMPANY, a
Foreign For Profit Business Corporation,

Defendants.

Case No. CJ-2014-81

Judge Kane

District Court, Osage County, Okla.
FILED

MAY 1 6 2014

ANGIE BRUCE, Court Clerk
By_____Deputy

## SPECIAL APPEARANCE RESERVING ADDITIONAL
## TIME TO FURTHER PLEAD OR ANSWER

**COMES NOW** Defendant, Oklahomes Realty, Inc., by and through its counsel,

SMILING LAW FIRM, and pursuant to Okla. Stat. tit. 12, § 2012, and *Campbell v.*

*American International Group, Inc.*, 976 P.2d 1102, 1999 OK CIV APP 37, hereby

enters its appearance specially and reserves an additional twenty (20) days to further

plead or answer in this matter.  By entering its special appearance, Defendant does not

waive any defenses or objections, and, in fact, it expressly reserves the right to assert

any and all defenses allowed by Okla. Stat. tit.  12, § 2012, and other Oklahoma law,

including, but not limited to, the defenses of lack of personal jurisdiction, failure to state

a claim upon which relief can be granted, improper venue, insufficiency of process,

insufficiency of service of process, lack of capacity, and/or failure to join a proper party.

1

Respectfully Submitted,

SMILING LAW FIRM

By _____

A. MARK SMILING, OBA# 10672
Bradford Place, Suite 300
9175 South Yale Avenue
Tulsa, Oklahoma 74137
(918) 477-7500
(918) 477-7510 *facsimile*
slf@smilinglaw.com
**(Counsel for Defendant Oklahomes Realty, Inc.)**

## CERTIFICATE OF MAILING

I hereby certify that on the *14th* day of May 2014, the above and foregoing instrument was mailed, with proper postage thereon fully prepaid, to:

Paul Boudreaux OBA# 990
7447 S. Lewis Ave.
Tulsa, OK 74136
(Attorney for Plaintiffs)

**A. MARK SMILING**

/dg
260.4528

2

# EXHIBIT 9

IN THE DISTRICT COURT IN AND FOR **OSAGE** COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY KATHLEEN )
JACKSON, )
)
)
Plaintiffs, )
) Case Number: CJ-2014-81
)
) Judge Kane
vs. )
)
SAFECO INSURANCE COMPANY OF )
AMERICA, a Foreign For Profit Business )
Corporation, ACE AMERICAN INSURANCE )
COMPANY, a Foreign For Profit Business )
Corporation, d/b/a Ace Property and )
Casualty Companies; OKLAHOMES )
REALTY, INC., a Domestic For Profit )
Business Corporation, d/b/a First Team; )
and AMERICAN SECURITY INSURANCE )
COMPANY, a Foreign For Profit Business )
Corporation, )
)
)
Defendants. )

District Court, Osage County, Okla.
FILED

MAY 1 9 2014

ANGIE BRUCE, Court Clerk
By_____ Deputy

## PARTIAL DISMISSAL WITHOUT PREJUDICE

**COME NOW** the Plaintiffs, and hereby dismiss their claims against the

Defendant, Oklahomes Realty, Inc., **ONLY** *Without Prejudice.*

Respectfully submitted,

Richardson, Richardson, Boudreaux & Keesling

_____
Paul T. Boudreaux, OBA #990
7447 South Lewis Avenue
Tulsa, Oklahoma 74136
(918) 492-7674 – Telephone
(918) 493-1925 – Facsimile
ptb@rrbklaw.com
*Attorneys for the Plaintiffs*

1

<u>CERTIFICATE OF MAILING</u>

I hereby certify and acknowledge that on the /5ᵗʰ day of May 2014, I mailed a true and correct copy of the above and foregoing Amended Petition, via U.S. Regular mail, postage prepaid to:

A. Mark Smiling
Bradford Place
9175 South Yale Avenue
Tulsa, Oklahoma 74137
Facsimile 918.477.7510

Lindy H. Collins
Newton O'Connor Turner & Ketchum, PC
15 W. Sixth Street, Suite 2700
Tulsa, OK 74119
lcollins@newtonoconnor.com
*Attorneys for Safeco Insurance Company of America*

*Courtesy copies to:*
*American Security Insurance Co.*
*260 Interstate North Circle Se*
*Atlanta, GA 30339-2210*
           *and*
*Corporation Service Co., Agent*
*211 E. 7ᵗʰ Street, #620*
*Austin, Texas 78701-3218*

*Ace Property & Casualty Ins. Co.*
*Registered Office*
*436 Walnut Street*
*Philadelphia, PA 19106*


_____

*Paul T. Boudreaux*

2

# EXHIBIT 10

IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY KATHLEEN )
JACKSON, )
 )
              Plaintiffs )
 )
 )  Case Number: CJ-2014-81
 )  Judge: Kane
vs. )
 )
LIBERTY MUTUAL GROUP, INC., a )
Foreign For Profit Business Corporation, )
d/b/a Safeco Insurance Company; )
ACE AMERICAN INSURANCE COMPANY, )
A Foreign For Profit Business Corporation, )
d/b/a Ace Property and Casualty )
Companies; OKLAHOMES REALTY, )
INC., a Domestic For Profit Business )
Corporation, d/b/a First Team; and )
AMERICAN SECURITY INSURANCE )
COMPANY, a Foreign For Profit Business )
Corporation, )
 )
              Defendants. )

> District Court, Osage County, Okla.
> FILED
>
> MAY 2 1 2014
>
> ANGIE BRUCE, Court Clerk
> By_____Deputy

## MOTION TO DISMISS

COMES NOW Defendant, American Security Insurance Company ("Defendant" or "ASIC"), and submits this, its motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure:

1.     Plaintiffs allege that they suffered a fire at their residence on July 9, 2012. (Petition at 2.) Plaintiffs have joined multiple defendants, including two insurance companies. (*See, generally*, Petition.) Without stating which company did what, Plaintiffs generically allege that they have only been partially compensated for their damages, and state that "the insurance companies violated their duties of good faith and fair dealing." (Petition at 2.) However, as

1

demonstrated by the Declaration of E. James Kroll, based on the limited information found in the Petition, ASIC reviewed its records and ASIC found no record of issuing a policy to Ernie Jackson or Mary Kathleen Jackson for the property located at 4214 County Road, 2230, Barnsdall, Oklahoma 74002-5150 with effective dates encompassing the date of loss alleged in the Petition (July 9, 2012). (Exhibit 1.) Moreover, based on the limited information in the Petition, ASIC found no record of Ernie Jackson or Mary Kathleen Jackson submitting a claim for property damage. (*Id.*) Indeed, it appears that the Petition filed on April 17, 2014, *almost two years after the alleged loss*, was ASIC's first notice of the loss. (*Id.*)

     2.    Plaintiffs' claims against ASIC must be dismissed because (1) there was no contract of insurance in force on the date of loss; (2) Plaintiffs have not filed any claim for benefits with ASIC and ASIC has not denied a claim for benefits, so there could not possibly be any breach of a contract; and (3) Plaintiffs have not suffered any damages due to any action of ASIC: *See Oklahoma ex rel. Doak v. Staffing Concepts Int'l, Inc.*, CIV-12-409-C, 2014 WL 296643 (W.D. Okla. Jan. 24, 2014) (noting that there are three elements to a breach of contract action: 1) formation of a contract; 2) a breach of the contract; and 3) actual damages suffered from the breach.)

     3.    Additionally, Plaintiffs' claims against ASIC must be dismissed for lack of standing, and because there is no justiciable controversy. Where the insured does not provide notice of loss to the insurer, and where the insurer has not denied, and has not been afforded an opportunity to investigate, the claim, the insured does not have standing to sue the insurer for breach of contract or bad faith, nor is there any justiciable controversy. This principle was followed in *Kincaid v. Erie Ins.Co.*, 2011-Ohio-647, 127 Ohio St. 3d 1550, 941 N.E.2d 805 (2011), wherein the court dismissed Plaintiffs' claim for breach of contract and bad faith because

he had never submitted a claim for insurance benefits to the insurer. In so holding, the court

stated:

> Unless and until the insured has presented a claim to his or her insurer and (where appropriate) proof of how much is owed, and the insurer has either (1) denied the claim or (2) failed to respond to the claim after having had an adequate opportunity and reasonable time within which to respond, then there is no controversy and the insured has no standing to file a complaint in litigation. A court may not issue an advisory opinion on whether an insured is entitled to insurance coverage, and an advisory opinion is what is being sought in this case, since no loss has been identified and no claim has been made for payment. Upon review of the pleadings, we hold that no material factual issues exist and that [the insurer] was entitled to judgment as a matter of law.

*Kincaid v. Erie Ins. Co.*, 2011-Ohio-647, 127 Ohio St. 3d 1550, 941 N.E.2d 805 (2011); *cf.*

*Newport v. USAA*, 2000 OK 59, 11 P.3d 190, 195 ("*[W]hen presented with a claim by its*

*insured*, an insurer "must conduct an investigation reasonably appropriate under the

circumstances" and "the claim must be paid promptly unless the insurer has a reasonable belief

that the claim is legally or factually insufficient.") (emphasis supplied). For these reasons,

Plaintiffs' claim must be dismissed.

      4.     Finally, Plaintiffs' claims against ASIC must be dismissed for failure to provide

notice of loss or proof of loss, which are required under the terms and conditions of any policy

ASIC issued to the Plaintiffs.

      5.     For all the foregoing reasons, American Security Insurance Company respectfully

requests that it be dismissed from this action with prejudice, with all costs being taxed to the

Plaintiffs.

Respectfully submitted,

**AMERICAN SECURITY INSURANCE
COMPANY**

J. Derrick Teague, OBA #15131
JENNINGS TEAGUE P.C.
204 North Robinson, Suite 1000
Oklahoma City, Oklahoma 73102
Telephone: (405) 609-6000
Facsimile: (405) 609-6501
dteague@jenningsteague.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2014, a copy of the above and foregoing document was served upon the following by first class mail:

Paul T. Boudreaux, OBA #990
Richardson, Richardson, Boudreux, and Keesling
7447 South Lewis Avenue
Tulsa, Oklahoma 74136
Telephone - (918) 492-7674

ATTORNEY FOR PLAINTIFFS

J. Derrick Teague

4

# EXHIBIT 11

IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY KATHLEEN )  Case No: CJ 2014-81
JACKSON, ) Judge Kane
)
Plaintiffs, )
)
vs. )
)
LIBERTY MUTUAL GROUP, INC., a )
Foreign For Profit Business Corporation, )
d/b/a Safeco Insurance Company; ACE )
AMERICAN INSURANCE COMPANY, a )
Foreign For Profit Business Corporation, )
d/b/a Ace Property and Casualty )
Companies; OKLAHOMES REALTY, INC., )
a Domestic For Profit Business )
Corporation, d/b/a First Team; and )
AMERICAN SECURITY INSURANCE )
COMPANY, a Foreign For Profit Business )
Corporation, )
)
Defendants. )

District Court, Osage County, Okla.
FILED

MAY 2 1 2014

ANGIE BRUCE, Court Clerk
By_____ Deputy

## SPECIAL ENTRY OF APPEARANCE AND
## MOTION TO DISMISS OF DEFENDANT OKLAHOMES REALTY, INC.

Defendant, Oklahomes Realty, Inc. ("Oklahomes Realty"), appears specially
without waiving any defenses, to move this Court to dismiss the subject lawsuit against
it with prejudice pursuant to 12 O.S. § 2012 (B)(6) for Plaintiff's failure to state claim
upon which relief can be granted. Oklahomes Realty is an improper party defendant.

### I.  INTRODUCTION

Plaintiffs allege to have suffered fire damage to their home located in Barnsdall,
Oklahoma. The fire occurred on July 9, 2012. After the fire, it appears Plaintiffs made
claims against their insurers for the fire damage to their property. According to
Plaintiffs' Petition, Liberty Mutual Group hired a company, First Team, to perform fire
restoration work upon Plaintiffs' property. First Team allegedly further damaged and/or

destroyed Plaintiffs' property and failed to return all of Plaintiffs' property in a satisfactory manner.

Defendant Oklahomes Realty is an Oklahoma corporation involved solely in the business of buying and selling residential property. Oklahomes Realty does not and never has performed fire restoration services. In the distant past, Oklahomes Realty did do business buying and selling residential property under the name First Team. Oklahomes Realty last did business as First Team in 1997.

Oklahomes Realty was never hired by Liberty Mutual Group following this fire loss to perform restoration services for Plaintiffs. Oklahomes Realty never contracted with anyone to do restoration work because it is not in that business. Oklahomes Realty never performed any work or service for Plaintiffs following the fire loss. As such, Oklahomes Realty never damaged and/or destroyed or failed to return Plaintiffs' property in a satisfactory manner because it never performed any services for Plaintiffs and never removed Plaintiffs' property. Oklahomes Realty is an improper party defendant in this case.

## II.   STATEMENT OF UNDISPUTED AND UNCONTROVERTED FACTS

1.     On July 9, 2012, Plaintiffs suffered a fire at their residence. (See Exhibit A, Plaintiffs' Petition)

2.     Plaintiffs' Petition alleges that Oklahomes Realty, Inc. does business as First Team. (See Exhibit A, Plaintiffs' Petition)

3.     Plaintiffs' Petition alleges that Oklahomes Realty, Inc., d/b/a First Team allowed Plaintiffs' property to suffer further damage and/or destruction and therefore is liable to Plaintiffs. (See Exhibit A, Plaintiffs' Petition)

2

4.      Plaintiffs' Petition further alleges that Oklahomes Realty, Inc., d/b/a First Team removed Plaintiffs' property from the fire damaged residence after being hired by Co-Defendant Liberty Mutual Group; in doing so, Plaintiffs claim that their property was damaged and/or destroyed and was not returned in a satisfactory manner by Oklahomes Realty, Inc., d/b/a First Team.  (See Exhibit A, Plaintiffs' Petition)

5.      Plaintiffs' Petition appears to assert causes of action against Oklahomes Realty for (1) negligent property damage and/or (2) breach of contract in performing restoration services.  (See Exhibit A, Plaintiffs' Petition)

6.      Mr. Allen Stout is the President of Oklahomes Realty, Inc.  (See Exhibit B, Affidavit of Mr. Stout)

7.      Oklahomes Realty has been in business in Oklahoma since 1989.  (See Exhibit B, Affidavit of Mr. Stout)

8.      Oklahomes Realty has not done business under the name of First Team since 1997. (See Exhibit B, Affidavit of Mr. Stout)

9.      Oklahomes Realty does not do and has never done restoration or clean-up work after fire, water or any type of property damage loss.  (See Exhibit B, Affidavit of Mr. Stout)

10.     Oklahomes Realty, Inc. is only in the business of buying and selling residential homes. (See Exhibit B, Affidavit of Mr. Stout)

11.     Oklahomes Realty never contracted with Liberty Mutual Group or any other insurer of Plaintiffs to perform restoration work or remove and handle Plaintiffs property after the fire loss. (See Exhibit B, Affidavit of Mr. Stout)

3

12.    Oklahomes Realty has not performed any service or work for Plaintiffs or on their behalf and has not contracted with or dealt with Plaintiffs in any manner following the fire loss.  (See Exhibit B, Affidavit of Mr. Stout)

13.    Oklahomes Realty never damaged and/or destroyed or failed to return Plaintiffs' property.  (See Exhibit B, Affidavit of Mr. Stout)

### III. LEGAL ARGUMENT AND AUTHORITY

### A. THE STANDARD FOR A MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED IS MET.

Pursuant to 12 O.S. § 2012(B)(6), a motion to dismiss asserting a defense of failure to state a claim upon which relief can be granted "shall be treated as one for summary judgment; and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by the rules for summary judgment."  Motions to dismiss for failure to state a claim against a defendant may be granted by the court when the Plaintiff can prove no set of facts in support of the claim entitling the Plaintiff to relief. *Gaylord Entertainment Co. v. Thompson*, 958 P.2d 128, 137 (Okla. 1998).

Summary judgment should be granted when it appears that no substantial controversy exists regarding any material fact and that one of the parties is entitled to judgment as a matter of law. Okla. Stat. Tit. 12, Ch. 2, App. Rule 13(e).  The primary purpose of the Oklahoma Summary Judgment Rule is to determine whether any fact issues exist requiring a trial. *Weeks v. Wedgewood Village, Inc.*, 554 P.2d 780, 784 (Okla. 1976).  Summary judgment is encouraged when no genuine issue of disputable facts exists. *Perry v. Green*, 468 P.2d 483, 489 (Okla. 1981).  Absent substantial controversy, summary judgment is proper even in a negligence action. *Walker v.*

4

*Matthews*, 775 P.2d 273, 274 (Okla. 1988); *Smith v. American Flyers, Inc.*, 429 P.2d 962, 964 (Okla. 1967); *Smith v. Davis*, 430 P.2d 799, 800 (Okla. 1967).

**B. PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE OKLAHOMES REALTY WAS NOT HIRED BY ANY INSURER TO PROVIDE SERVICE TO PLAINTIFFS, DID NOT PROVIDE ANY SERVICE TO PLAINTIFS, AND DID NOT HANDLE ANY PROPERTY OF PLAINTIFFS AND AS SUCH OKLAHOMES REALTY IS AN IMPROPER PARTY DEFENDANT.**

Plaintiffs appear to allege in their Petition that while performing restoration services on their behalf that Oklahomes Realty negligently damaged, destroyed, or failed to satisfactorily return their property.  Plaintiffs' Petition also alleges Oklahomes Realty was contracted by Liberty Mutual Group to perform restoration services on behalf of Plaintiffs.  Plaintiffs are wrong.  Oklahomes Realty never damaged, destroyed or failed to satisfactorily return Plaintiffs property because it never performed restoration services for Plaintiffs and it never contracted with any insurer to perform such services for Plaintiffs.

**1.  Oklahomes Realty Owed No Legal Duty to Plaintiffs and Therefore Committed No Negligence.**

The elements of a negligence action are (1) the existence of a duty owed by a defendant to a plaintiff; (2) a breach of that duty; (3) an injury proximately caused by the breach; and (4) damages.  *Dirickson v. Mings*, 910 P.2d 1015, 1018 (Okla. 1996); *Phelps v. Hotel Management, Inc.*, 925 P.2d 891, 893 (Okla. 1996).  The threshold question in any negligence action is whether a duty exists.  *Wofford v. Eastern State Hospital*, 795 P.2d 516, 518 (Okla. 1990); *Haas v. Firestone Tire & Rubber Co.*, 563 P.2d 620, 625 (Okla. 1976).  Whether a duty exists is a **question of law decided by**

5

the court and is dependent upon the relationship between a plaintiff and defendant. *Wofford*, 795 P.2d at 519 (emphasis added).

Here, Plaintiffs bring their lawsuit against an improper party defendant. Oklahomes Realty is not a restoration service provider.  Oklahomes Realty did not provide restoration services or any type of services to Plaintiffs following the fire loss on July 9, 2012.  Oklahomes Realty is not even in the business of providing restoration services.  This appears to be a case of mistaken identity.  In the past, Oklahomes Realty did do business under the name of First Team.  However, it has not used that name since 1997.  Oklahomes Realty did not provide services to Plaintiffs and did not handle Plaintiffs' property.  Therefore, it could not have negligently damaged or destroyed Plaintiffs' property.  As such, Plaintiffs cannot prove the threshold question necessary to maintain a negligence action against Oklahomes Realty.  There is no relationship between Plaintiffs and Oklahomes Realty giving rise to a duty owed by Oklahomes Realty.  Oklahomes Realty owed no duty to Plaintiffs and committed no negligence against Plaintiffs.

> **2.  Oklahomes Realty Never Contracted to Provide Restoration Services to or on behalf of Plaintiffs and Therefore Committed No Breach of Contract.**

Under Oklahoma law, a plaintiff "is required to prove by the greater weight of evidence the following ... to recover on a claim for breach of contract against a defendant:

> 1.  Formation of a contract between plaintiff and defendant;

> 2.  Defendant breached the contract; and

> 3.  Plaintiff suffered damages as a direct result of the breach."

6

OUJI, Instr. No. 23.1.

Here, Plaintiffs cannot meet their burden as they cannot prove the formation of a contract with Oklahomes Realty to provide restoration services. Plaintiffs cannot prove that Oklahomes Realty contracted with Liberty Mutual Group or any insurer for Plaintiff to provide restoration services. They also cannot prove Oklahomes Realty breached any contract, written or oral, as Oklahomes Realty provided no services or work for Plaintiffs following the fire loss. Finally, they also cannot prove Oklahomes Realty caused Plaintiffs to suffer damages. As such, Plaintiffs possess no breach of contract claim against Oklahomes Realty.

### IV.    CONCLUSION

A motion to dismiss for failure to state a claim upon which relief may be granted should be sustained where it appears without doubt that a plaintiff can prove no set of facts to support a claim entitling plaintiff to relief. *Brown v. Founders Bank & Trust Co.*, 890 P.2d 855, 861 (Okla. 1984). The undisputed facts applied against the applicable law support only one conclusion, and indeed only one inference – that Oklahomes Realty, Inc. is an improper party defendant and should be dismissed with prejudice.

Respectfully Submitted,

SMILING LAW FIRM

By

A. MARK SMILING, OBA# 10672
Bradford Place, Suite 300
9175 South Yale Avenue
Tulsa, Oklahoma 74137
(918) 477-7500
(918) 477-7510 *facsimile*
*slf@smilinglaw.com*
(Attorney for Defendant
    Oklahomes Realty, Inc.)

7

## CERTIFICATE OF MAILING

I hereby certify that on the 20th day of May 2014, the above and foregoing instrument was mailed, with proper postage thereon fully prepaid, to:

Mr. Paul Boudreaux, Esq.
7447 S Lewis AVE
Tulsa, OK 74136
 (Attorney for Plaintiff)

A. MARK SMILING

8

5/12/2014 10:10:22 AM

IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY KATHLEEN        )
JACKSON,                               )
                                       )
                    Plaintiffs,        )
                                       )   Case Number: CJ-2014-81
                                       )   Judge: Khne
vs.                                    )
                                       )
LIBERTY MUTUAL GROUP, INC., a          )
Foreign For Profit Business Corporation, )
d/b/a Safeco Insurance Company;        )
ACE AMERICAN INSURANCE COMPANY, )
a Foreign For Profit Business Corporation, )
d/b/a Ace Property and Casualty        )
Companies; OKLAHOMES REALTY,           )
INC., a Domestic For Profit Business   )
Corporation, d/b/a First Team; and     )
AMERICAN SECURITY INSURANCE .          )
COMPANY, a Foreign For Profit Business )
Corporation,                           )
                                       )
                    Defendants.        )

> District Court, Osage County, Okla.
> FILED
>
> APR 1 7 2014
>
> ANGIE BRUCE, Court Clerk
> By_____Deputy

## PETITION

COME NOW the Plaintiffs, and for their causes of action against the

Defendants, allege and state as follows:

### I. PARTIES, JURISDICTION & VENUE

The Plaintiffs are residents of Barnsdall, Oklahoma, where the causes of

action arose. The Defendant, Liberty Mutual Group, Inc., (LIBERTY) is a foreign for

profit Business Corporation, doing business in Oklahoma as Safeco Insurance

Company, where the applicable insurance policy was issued. The Defendant, Ace

American Insurance Company (ACE), is also a foreign for profit Business

1

EXHIBIT
A

5/12/2014 10:10:23 AM

Corporation, doing business in Oklahoma as Ace Property and Casualty Companies,

where the applicable insurance policy was issued. The Defendant, Oklahomes

Realty, Inc., is a domestic for profit Business Corporation, doing business in

Oklahoma as First Team (FIRST TEAM). The Defendant, Ace American Security

Insurance Company, is a foreign for profit Business Corporation, doing business in

Oklahoma, which also insured the Plaintiffs for their losses claimed herein.

The Plaintiffs' residence is located and the original property damage involved

initially occurred at 4214 County Road, 2230 in Barnsdall, Oklahoma, 74002-5150.

This Court, therefore, has jurisdiction over the subject matter and Parties. Venue is

also appropriate.

## II. FACTUAL ALLEGATIONS

On July 9th, 2012, Plaintiffs suffered a fire at their residence. Thereafter,

Plaintiffs endured acts of theft and vandalism, all for which they made claims for

damages with the appropriate Defendants, named herein. During the handling of

Plaintiffs' claim, the Defendant, FIRST TEAM, allowed Plaintiffs' property to be

further damaged and/or destroyed and is also liable to the Plaintiffs.

Plaintiffs have attempted to recover reasonable compensation for their

damages and losses, and they have made proper claims. However, they have only

been partially compensated. Furthermore, the insurance companies violated their

duties of good faith and fair dealing, by refusing to pay the Plaintiffs the proper

amounts for their valid claims pursuant to the applicable insurance policies, through

improper investigations, failures to evaluate the results of the investigations that

they did perform with no reasonable basis for their refusals, and offering to satisfy

2

5/12/2014 10:10:24 AM

the Plaintiffs' claims with unreasonably low amounts. The insurers did not deal fairly and in good faith with Plaintiffs, and the violations by the insurance companies of their duties of good faith and fair dealing were the direct cause of injuries and damages to the Plaintiffs, including financial losses, embarrassment, loss of reputation, mental pain and suffering.

FIRST TEAM removed Plaintiff's property from the residence after being hired by LIBERTY, allowed it to be damaged and/or destroyed, and did not return all of it to the Plaintiffs in a satisfactory manner.

### III. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs seek actual damages for an unspecified amount in excess of $75,000, along with prejudgment interest from the date of the losses, attorney fees and costs incurred. FURTHERMORE, the conduct of the Defendants, and each of them, was willful, wanton, outrageous and in gross disregard for the rights of the Plaintiffs. Therefore, Plaintiffs also seek punitive and exemplary damages for an unspecified amount in excess of $75,000, to be determined by a jury of their peers.

Respectfully submitted,

Richardson, Richardson, Boudreaux & Keesling

Paul T. Boudreaux, OBA #990
7447 South Lewis Avenue
Tulsa, Oklahoma 74136
(918) 492-7674 – Telephone
(918) 493-1925 – Facsimile
ptb@rrbklaw.com
*Attorneys for the Plaintiffs*

**JURY TRIAL DEMANDED**
**ATTORNEYS LIEN CLAIMED**

3

### AFFIDAVIT OF ALLEN STOUT

STATE OF OKLAHOMA      )
                                 ) ss
COUNTY OF ROGERS       )

      I, Allen Stout, being first duly sworn, state as follows:

1.     I am over the age of eighteen years.

2.     I have personal knowledge of the facts stated within this affidavit.

3.     I am the President of Oklahomes Realty, Inc.

4.     Oklahomes Realty has been in business in Oklahoma since 1989.

5.     Oklahomes Realty has not done business under the name of First Team since 1997; Oklahomes Realty was forced to change its name at this time because that name was held by a California real estate company under a federal trademark.

6.     Oklahomes Realty does not do and has never done restoration or clean-up work after fire, water or any type of property damage loss.

7.     Oklahomes Realty, Inc. is in the business of buying and selling residential homes.

8.     Oklahomes Realty never contracted with Liberty Mutual Group or any other insurer of Plaintiffs to perform restoration services or remove and handle Plaintiffs' property after the fire loss.

9.     Oklahomes Realty has not performed any service or work for Plaintiffs or on their behalf and has not contracted with or dealt with Plaintiffs in any manner following the fire loss.

10.    Oklahomes Realty never damaged and/or destroyed or failed to return Plaintiffs' property.

EXHIBIT

B

FURTHER AFFIANT SAYETH NOT.

_____
ALLEN STOUT

Subscribed and sworn to before me, the undersigned Notary Public, on the 20th day of May 2014.

_____
Notary Public

My Commission Expires:

_____10-4-14_____

Commission No: _10008291_



# EXHIBIT 12




IN THE DISTRICT COURT IN AND FOR **OSAGE** COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY KATHLEEN     )
JACKSON,                            )
                                    )
                      Plaintiffs,   )
                                    )  Case Number: CJ-2014-81
                                    )
                                    )  Judge Kane
vs.                                 )
                                    )
SAFECO INSURANCE COMPANY OF         )
AMERICA, a Foreign For Profit Business )
Corporation, ACE AMERICAN INSURANCE )
COMPANY, a Foreign For Profit Business )
Corporation, d/b/a Ace Property and )
Casualty Companies; FRSTEAM         )
OKLAHOMA, LLC, a Domestic Limited   )
Liability Company; and AMERICAN     )
SECURITY INSURANCE COMPANY,         )
a Foreign For Profit Business Corporation,)
                                    )
                      Defendants.   )

> District Court, Osage County, Okla
> FILED
>
> MAY 27 2014
>
> ANGIE BRUCE, Court Clerk
> By_____ Deputy

## PARTIAL DISMISSAL WITHOUT PREJUDICE

**COME NOW** the Plaintiffs, and hereby dismiss their claims against the

Defendant, Liberty Mutual Group, Inc., **ONLY** *Without Prejudice*.

Respectfully submitted,

Richardson, Richardson, Boudreaux & Keesling

_____
Paul T. Boudreaux, OBA #990
7447 South Lewis Avenue
Tulsa, Oklahoma 74136
(918) 492-7674 – Telephone
(918) 493-1925 – Facsimile
ptb@rrbklaw.com
*Attorneys for the Plaintiffs*

1

## CERTIFICATE OF MAILING

I hereby certify and acknowledge that on the ____ day of May 2014, I mailed a true and correct copy of the above and foregoing via U.S. Regular mail, postage prepaid to:

Lindy H. Collins
Newton O'Connor Turner & Ketchum, PC
15 W. Sixth Street, Suite 2700
Tulsa, OK 74119
lcollins@newtonoconnor.com
*Attorneys for Safeco Insurance Company of America*

*Courtesy copies to:*
*American Security Insurance Co.*
*260 Interstate North Circle Se*
*Atlanta, GA  30339-2210*
          *and*
*Corporation Service Co., Agent*
*211 E. 7th Street, #620*
*Austin, Texas 78701-3218*

*Ace Property & Casualty Ins. Co.*
*Registered Office*
*436 Walnut Street*
*Philadelphia, PA  19106*

*Paul T. Boudreaux*

2

# EXHIBIT 13

IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY KATHLEEN    )
JACKSON,                           )
                                   )
            Plaintiffs             )
                                   )  Case Number: CJ-2014-81
                                   )  Judge: Kane
vs.                                )
                                   )
SAFECO INSURANCE COMPANY OF        )
AMERICA, a Foreign For Profit Business )
Corporation, ACE AMERICAN INSURANCE )
COMPANY, a Foreign For Profit Business )
Corporation, d/b/a Ace Property and )
Casualty Companies; OKLAHOMES      )
REALTY, INC., a Domestic For Profit )
Business Corporation, d/b/a First Team; )
and AMERICAN SECURITY INSURANCE    )
COMPANY, a Foreign For Profit Business )
Corporation,                       )
                                   )
            Defendants.            )

District Court, Osage County, Okla.
FILED

MAY 2 8 2014

ANGIE BRUCE, Court Clerk
By_____ Deputy

## MOTION TO DISMISS AMENDED PETITION

COMES NOW Defendant, American Security Insurance Company ("Defendant"), and submits this, its motion to dismiss amended petition, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure:

1.      Plaintiffs allege that they suffered a fire at their residence on July 9, 2012. (Amended Petition at 2.) Plaintiffs have joined multiple defendants, including two insurance companies. (*See, generally*, Amended Petition.) Without stating which company did what, Plaintiffs generically allege that they have only been partially compensated for their damages, and state that "the insurance companies violated their duties of good faith and fair dealing."

1

(Amended Petition at 2.)  However, as demonstrated by the Affidavit of E. James Kroll, based on the limited information found in the Amended Petition, ASIC reviewed its records and ASIC found no record of issuing a policy to Ernie Jackson or Mary Kathleen Jackson for the property located at 4214 County Road, 2230, Barnsdall, Oklahoma 74002-5150 with effective dates encompassing the date of loss alleged in the Amended Petition (July 9, 2012).  (Exhibit 1.) Moreover, based on the limited information in the Amended Petition, ASIC found no record of Ernie Jackson or Mary Kathleen Jackson submitting a claim for property damage.  (*Id.*)  Indeed, it appears that the Amended Petition filed on April 17, 2014, *almost two years after the alleged loss*, was ASIC's first notice of the loss.  (*Id.*)

2.      Plaintiffs' claims against ASIC must be dismissed because (1) there was no contract of insurance in force on the date of loss; (2) Plaintiffs have not filed any claim for benefits with ASIC and ASIC has not denied a claim for benefits, so there could not possibly be any breach of a contract; and (3) Plaintiffs have not suffered any damages due to any action of ASIC:  *See Oklahoma ex rel. Doak v. Staffing Concepts Int'l, Inc.*, CIV-12-409-C, 2014 WL 296643 (W.D. Okla. Jan. 24, 2014) (noting that there are three elements to a breach of contract action:  1) formation of a contract; 2) a breach of the contract; and 3) actual damages suffered from the breach.)

3.      Additionally, Plaintiffs' claims against ASIC must be dismissed for lack of standing, and because there is no justiciable controversy.  Where the insured does not provide notice of loss to the insurer, and where the insurer has not denied, and has not been afforded an opportunity to investigate, the claim, the insured does not have standing to sue the insurer for breach of contract or bad faith, nor is there any justiciable controversy.  This principle was followed in *Kincaid v. Erie Ins.Co.*, 2011-Ohio-647, 127 Ohio St. 3d 1550, 941 N.E.2d 805

2

(2011), wherein the court dismissed Plaintiffs' claim for breach of contract and bad faith because

he had never submitted a claim for insurance benefits to the insurer. In so holding, the court

stated:

> Unless and until the insured has presented a claim to his or her insurer and (where
> appropriate) proof of how much is owed, and the insurer has either (1) denied the
> claim or (2) failed to respond to the claim after having had an adequate
> opportunity and reasonable time within which to respond, then there is no
> controversy and the insured has no standing to file a complaint in litigation. A
> court may not issue an advisory opinion on whether an insured is entitled to
> insurance coverage, and an advisory opinion is what is being sought in this case,
> since no loss has been identified and no claim has been made for payment. Upon
> review of the pleadings, we hold that no material factual issues exist and that [the
> insurer] was entitled to judgment as a matter of law.

*Kincaid v. Erie Ins. Co.*, 2011-Ohio-647, 127 Ohio St. 3d 1550, 941 N.E.2d 805 (2011); *cf.*

*Newport v. USAA*, 2000 OK 59, 11 P.3d 190, 195 ("*[W]hen presented with a claim by its*

*insured*, an insurer "must conduct an investigation reasonably appropriate under the

circumstances" and "the claim must be paid promptly unless the insurer has a reasonable belief

that the claim is legally or factually insufficient.") (emphasis supplied). For these reasons,

Plaintiffs' claim must be dismissed.

    4.      Finally, Plaintiffs' claims against ASIC must be dismissed for failure to provide

notice of loss or proof of loss, which is required under the terms and conditions of any policy

ASIC issued to the Plaintiffs.

    5.      For all the foregoing reasons, American Security Insurance Company respectfully

requests that it be dismissed from this action with prejudice, with all costs being taxed to the

Plaintiffs.

3

Respectfully submitted,

**AMERICAN SECURITY INSURANCE
COMPANY**

_____
J. Derrick Teague, OBA #15131
JENNINGS TEAGUE P.C.
204 North Robinson, Suite 1000
Oklahoma City, Oklahoma 73102
Telephone: (405) 609-6000
Facsimile: (405) 609-6501
dteague@jenningsteague.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2014, a copy of the above and foregoing document was
served upon the following by first class mail:

Paul T. Boudreaux, OBA #990
Richardson, Richardson, Boudreux, and Keesling
7447 South Lewis Avenue
Tulsa, Oklahoma 74136
Telephone - (918) 492-7674

ATTORNEY FOR PLAINTIFFS

_____
J. Derrick Teague

4

IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY KATHLEEN        )
JACKSON,                               )
                                       )
                    Plaintiffs         )
                                       )  Case Number: CJ-2014-81
                                       )  Judge: Kane
vs.                                    )
                                       )
SAFECO INSURANCE COMPANY OF            )
AMERICA, a Foreign For Profit Business )
Corporation, ACE AMERICAN INSURANCE    )
COMPANY, a Foreign For Profit Business )
Corporation, d/b/a Ace Property and    )
Casualty Companies; OKLAHOMES          )
REALTY, INC., a Domestic For Profit    )
Business Corporation, d/b/a First Team; )
and AMERICAN SECURITY INSURANCE        )
COMPANY, a Foreign For Profit Business )
Corporation,                           )
                                       )
                    Defendants.        )

## AFFIDAVIT OF E. JAMES KROLL

1.      Personally appeared before me, the undersigned authority in and for the aforesaid

jurisdiction, E. James Kroll, who, being by me first duly sworn, deposes and says, of his own

personal knowledge:

2.      I am over 21 years of age and competent to testify to the statements set forth in

this affidavit.

3.      I am a Vice President of Claims for American Security Insurance Company

("ASIC").

4.      Based on the limited information in the Amended Petition attached hereto as

Exhibit A, ASIC reviewed its records and found no record of any policy issued to Ernie Jackson

**EXHIBIT**

_____/_____

or Mary Kathleen Jackson for the property located at 4214 County Road, 2230, Barnsdall,

Oklahoma 74002-5150 with effective dates encompassing the date of loss alleged in the Petition

(July 9, 2012). Based on the limited information in the Amended Petition, ASIC found no record

of Ernie Jackson or Mary Kathleen Jackson submitting a claim for property damage.

E James Kroll
_____
E. James Kroll


SWORN and SUBSCRIBED to before me on this the 23 day of May, 2014.

Cheryl McIntyre
_____
Notary Public


My Commission Expires:

3-4-2018



# EXHIBIT 14

IN THE DISTRICT COURT OF OSAGE COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY KATHLEEN    )
JACKSON    )
    )
        Plaintiff,    )
    )
v.    )   Case No. CJ-2014-00081
    )
LIBERTY MUTUAL GROUP, INC., a    )
Foreign For Profit Business Corporation,    )
d/b/a Safeco Insurance Company;    )
ACE AMERICAN INSURANCE COMPANY,    )
a Foreign For Profit Business Corporation,    )
d/b/a Ace Property and Casualty    )
Companies; OKLAHOMES REALTY,    )
INC., a Domestic For Profit Business    )
Corporation, d/b/a First Team; and    )
AMERICAN SECURITY INSURANCE    )
COMPANY, a Foreign For Profit Business    )
Corporation,    )
    )
        Defendants.    )

District Court, Osage County, Okla.
FILED

JUN. 4 2014

ANGIE BRUCE, Court Clerk
By_____ Deputy

**ANSWER OF SAFECO INSURANCE COMPANY OF AMERICA
TO PLAINTIFFS' SECOND AMENDED PETITION**

Defendant Safeco Insurance Company of America ("Safeco") respectfully

submits the following Answer to the Second Amended Petition of Plaintiffs Ernie and

Kathleen Jackson (collectively, "Plaintiffs"). Further, Safeco respectfully asserts that

Plaintiffs have frustrated Safeco's ability to answer the Second Amended Petition

because they have failed to comply with OKLA. STAT. tit. 12, § 2010, which requires that

"[a]ll averments of claim . . . be made in numbered paragraphs, the contents of each of

which shall be limited as far as practicable to a statement of a single set of circumstances."

1.     Safeco is without sufficient information to admit or deny the information contained in Paragraph I of the Second Amended Petition and therefore denies the same, except it admits that Safeco is a foreign for profit corporation doing business in Oklahoma.

2.     Safeco is without sufficient information to admit or deny the information contained in Paragraph II of the Second Amended Petition and therefore denies the same.

3.     In answer to Plaintiffs' prayer for relief in Section III of the Second Amended Petition, Safeco denies that Plaintiffs are entitled to judgment or any relief whatsoever, including, but not limited to, that for which Plaintiffs pray.

## ADDITIONAL DEFENSES

Safeco, by way of further answer and defense, but not in diminution or derogation of the admissions or denials set forth hereinabove, and subject to amendment at the conclusion of all pretrial discovery, alleges and states as follows:

1.     Plaintiffs' Second Amended Petition fails to state a claim against Safeco upon which relief can be granted.

2.     Plaintiffs have failed to satisfy conditions precedent and subsequent to recovery of benefits under the applicable policy.

2

3. The terms and conditions of the applicable policy do not entitle Plaintiffs payment of any benefits thereunder.

4. At all times in the course of its dealings with Plaintiffs, Safeco acted reasonably, fairly, in good faith, and in conformity with the terms and conditions of the applicable policy.

5. Plaintiffs' claims are barred by the doctrine of waiver, estoppel, and laches.

6. Plaintiffs' damages, if any, were caused by parties other than Safeco and/or by the conduct, events, or conditions not under the control of Safeco.

7. An award of punitive damages under the alleged facts would violate the Due Process, Equal Protection, and Excessive Fines clauses of the Constitutions of the United States and the State of Oklahoma.

8. Plaintiffs' claims are barred by the economic loss doctrine.

9. Safeco hereby incorporates all of the provisions, exclusions, and conditions contained within its policy of insurance under which Plaintiffs purportedly bring this action. Applying these provisions, any recovery is barred or must be reduced accordingly.

10. Safeco owes no fiduciary duty to Plaintiffs.

11. Plaintiffs' damages, if any, were caused by intervening and superseding causes.

3

12.     Plaintiffs have failed to mitigate damages, if any.

13.     Safeco reserves the right to assert additional defenses revealed in the course of discovery.

14.     Plaintiffs' claims are barred by the relevant statute(s) of limitations.

Safeco Insurance Company of America, having answered Plaintiffs' Second Amended Petition, asks that Plaintiffs take nothing by way of the Second Amended Petition, that the case be dismissed, that judgment be rendered for Safeco, and that Safeco be awarded all costs, attorneys' fees, and other such relief as the Court may deem just and equitable.  Safeco Insurance Company of America further reserves leave to allege any additional defenses or affirmative defense that investigation and discovery may reveal.

Respectfully submitted,

William W. O'Connor, OBA No. 13200
Lindy H. Collins, OBA No. 30579
NEWTON O'CONNOR TURNER & KETCHUM, P.C.
15 West Sixth Street, Suite 2700
Tulsa, Oklahoma 74119-5423
(918) 587-0101 telephone
(918) 587-0102 facsimile

ATTORNEYS FOR DEFENDANT,
SAFECO INSURANCE COMPANY OF AMERICA

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of June, 2014, a true and correct copy of the forgoing was delivered via U.S. Mail, postage prepaid, to:

Paul T. Boudreaux
RICHARDSON, RICHARDSON, BOUDREAUX & KEESLING
7447 S. Lewis Avenue
Tulsa, OK 74136

**ATTORNEY FOR PLAINTIFFS**

William W. O'Connor

# EXHIBIT 15

5

## IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
## STATE OF OKLAHOMA

ERNIE JACKSON and MARY KATHLEEN        )
JACKSON,                               )
                                       )
            **Plaintiffs**             )
                                       )   Case Number: CJ-2014-81
                                       )   Judge:  Kane
vs.                                    )
                                       )
SAFECO INSURANCE COMPANY OF            )
AMERICA, a Foreign For Profit Business )
Corporation, ACE AMERICAN INSURANCE    )
COMPANY, a Foreign For Profit Business )
Corporation, d/b/a Ace Property and    )
Casualty Companies; FRSTEAM            )
OKLAHOMA, LLC, a Domestic Limited      )
Liability Company; and AMERICAN        )
SECURITY INSURANCE COMPANY,            )
a Foreign For Profit Business Corporation, )
                                       )
            **Defendants.**            )

District Court, Osage County, Okla.
FILED

JUN. 5 2014

ANGIE BRUCE, Court Clerk
By_____Deputy

## MOTION TO DISMISS SECOND AMENDED PETITION

COMES NOW Defendant, American Security Insurance Company ("Defendant"), and submits this, its motion to dismiss second amended petition, pursuant to 12 O.S. §2012(B)(6):

1.      Plaintiffs allege that they suffered a fire at their residence on July 9, 2012. (Second Amended Petition at 2.)  Plaintiffs have joined multiple defendants, including two insurance companies.  (*See*, *generally*, Second Amended Petition.)  Without stating which company did what, Plaintiffs generically allege that they have only been partially compensated for their damages, and state that "the insurance companies violated their duties of good faith and fair dealing." (Second Amended Petition at 2.)  However, as demonstrated by the Affidavit of E. James Kroll, based on the limited information found in the Second Amended Petition, ASIC

1

reviewed its records and ASIC found no record of issuing a policy to Ernie Jackson or Mary Kathleen Jackson for the property located at 4214 County Road, 2230, Barnsdall, Oklahoma 74002-5150 with effective dates encompassing the date of loss alleged in the Second Amended Petition (July 9, 2012). (Exhibit 1.) Moreover, based on the limited information in the Second Amended Petition, ASIC found no record of Ernie Jackson or Mary Kathleen Jackson submitting a claim for property damage. (*Id.*) Indeed, it appears that the Second Amended Petition filed on April 17, 2014, *almost two years after the alleged loss*, was ASIC's first notice of the loss. (*Id.*)

2.      Plaintiffs' claims against ASIC must be dismissed because (1) there was no contract of insurance in force on the date of loss; (2) Plaintiffs have not filed any claim for benefits with ASIC and ASIC has not denied a claim for benefits, so there could not possibly be any breach of a contract; and (3) Plaintiffs have not suffered any damages due to any action of ASIC. *See Oklahoma ex rel. Doak v. Staffing Concepts Int'l, Inc.*, CIV-12-409-C, 2014 WL 296643 (W.D. Okla. Jan. 24, 2014) (noting that there are three elements to a breach of contract action:  1) formation of a contract; 2) a breach of the contract; and 3) actual damages suffered from the breach.)

3.      Additionally, Plaintiffs' claims against ASIC must be dismissed for lack of standing, and because there is no justiciable controversy.  Where the insured does not provide notice of loss to the insurer, and where the insurer has not denied, and has not been afforded an opportunity to investigate, the claim, the insured does not have standing to sue the insurer for breach of contract or bad faith, nor is there any justiciable controversy.  This principle was followed in *Kincaid v. Erie Ins.Co.*, 2011-Ohio-647, 127 Ohio St. 3d 1550, 941 N.E.2d 805 (2011), wherein the court dismissed Plaintiffs' claim for breach of contract and bad faith because he had never submitted a claim for insurance benefits to the insurer.  In so holding, the court

2

stated:

> Unless and until the insured has presented a claim to his or her insurer and (where appropriate) proof of how much is owed, and the insurer has either (1) denied the claim or (2) failed to respond to the claim after having had an adequate opportunity and reasonable time within which to respond, then there is no controversy and the insured has no standing to file a complaint in litigation. A court may not issue an advisory opinion on whether an insured is entitled to insurance coverage, and an advisory opinion is what is being sought in this case, since no loss has been identified and no claim has been made for payment. Upon review of the pleadings, we hold that no material factual issues exist and that [the insurer] was entitled to judgment as a matter of law.

*Kincaid v. Erie Ins. Co.*, 2011-Ohio-647, 127 Ohio St. 3d 1550, 941 N.E.2d 805 (2011); *cf.*

*Newport v. USAA*, 2000 OK 59, 11 P.3d 190, 195 ("*[W]hen presented with a claim by its*

*insured,* an insurer "must conduct an investigation reasonably appropriate under the

circumstances" and "the claim must be paid promptly unless the insurer has a reasonable belief

that the claim is legally or factually insufficient.") (emphasis supplied).   For these reasons,

Plaintiffs' claim must be dismissed.

4.      Finally, Plaintiffs' claims against ASIC must be dismissed for failure to provide

notice of loss or proof of loss, which is required under the terms and conditions of any policy

ASIC issued to the Plaintiffs.

5.      For all the foregoing reasons, American Security Insurance Company respectfully

requests that it be dismissed from this action with prejudice, with all costs being taxed to the

Plaintiffs.

Respectfully submitted,

**AMERICAN SECURITY INSURANCE COMPANY**

J. Derrick Teague, OBA #15131
Marty R. Skrapka, OBA #21817
JENNINGS TEAGUE P.C.
204 North Robinson, Suite 1000
Oklahoma City, Oklahoma 73102
Telephone: (405) 609-6000
Facsimile: (405) 609-6501
dteague@jenningsteague.com
mskrapka@jenningsteague.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2014, a copy of the above and foregoing document was served upon the following by first class mail:

Paul T. Boudreaux, OBA #990
Richardson, Richardson, Boudreux, and Keesling
7447 South Lewis Avenue
Tulsa, Oklahoma 74136
Telephone - (918) 492-7674

ATTORNEY FOR PLAINTIFFS

Marty R. Skrapka

4

**IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY**
**STATE OF OKLAHOMA**

ERNIE JACKSON and MARY KATHLEEN       )
JACKSON,                               )
                                       )
                    Plaintiffs         )
                                       ) Case Number: CJ-2014-81
                                       ) Judge: Kane
vs.                                    )
                                       )
SAFECO INSURANCE COMPANY OF            )
AMERICA, a Foreign For Profit Business )
Corporation, ACE AMERICAN INSURANCE    )
COMPANY, a Foreign For Profit Business )
Corporation, d/b/a Ace Property and    )
Casualty Companies; FRSTEAM            )
OKLAHOMA, LLC, a Domestic Limited      )
Liability Company; and AMERICAN        )
SECURITY INSURANCE COMPANY,            )
a Foreign For Profit Business Corporation, )
                                       )
                    Defendants.        )

## AFFIDAVIT OF E. JAMES KROLL

    1.     Personally appeared before me, the undersigned authority in and for the aforesaid

jurisdiction, E. James Kroll, who, being by me first duly sworn, deposes and says, of his own

personal knowledge:

    2.     I am over 21 years of age and competent to testify to the statements set forth in

this affidavit.

    3.     I am a Vice President of Claims for American Security Insurance Company

("ASIC").

    4.     Based on the limited information in the Second Amended Petition attached hereto

as Exhibit A, ASIC reviewed its records and found no record of any policy issued to Ernie



Jackson or Mary Kathleen Jackson for the property located at 4214 County Road, 2230, Barnsdall, Oklahoma 74002-5150 with effective dates encompassing the date of loss alleged in the Second Amended Petition (July 9, 2012). Based on the limited information in the Second Amended Petition, ASIC found no record of Ernie Jackson or Mary Kathleen Jackson submitting a claim for property damage.

E. James Kroll
_____
E. James Kroll

SWORN and SUBSCRIBED to before me on this the 3rd day of June, 2014.

Cheryl McIntyre
_____
Notary Public

My Commission Expires:

3-4-2018
_____



# EXHIBIT 16

IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY          )
KATHLEEN JACKSON,               )
                                )
            Plaintiffs,          )
                                )
vs.                             )
                                )
SAFECO INSURANCE COMPANY OF )
AMERICA, a Foreign For Profit   )      Case No: CJ-2014-81
Business Corporation; ACE AMERICAN )   Judge M. John Kane
INSURANCE COMPANY, a Foreign    )
For Profit Business Corporation, d/b/a )
Ace Property and Casualty Companies; )
FRSTEAM OKLAHOMA, LLC, a        )
Domestic Limited Liability Company; )
and AMERICAN SECURITY           )
INSURANCE COMPANY, a Foreign    )
For Profit Business Corporation, )
                                )
            Defendants.          )

### SPECIAL APPEARANCE AND RESERVATION OF ADDITIONAL TIME TO FURTHER ANSWER OR PLEAD

**COMES NOW** the Defendant, FRSTeam Oklahoma, LLC, by and through it's attorney of record, Christopher C. King, of the law firm of McGivern & Gilliard, Tulsa, Oklahoma, and pursuant to the provisions of Title 12 O.S. § 2012, and Campbell v. American International Group, Inc., 976 P.2d 1102, 1999 OK CIV APP 37, hereby enters its appearance specially and reserves an additional twenty (20) days to further answer or plead in this matter. By entering its special appearance, Defendant does not waive any defense or objections, and, in fact, it expressly reserves the right to assert any and all defenses allowed by Okla. Stat. tit. 12, § 2012, and other Oklahoma law, including, but not limited to, the defense of lack of personal jurisdiction, failure to state a claim upon which relief can be granted, improper venue, insufficiency of process, insufficiency of service of process,

1

lack of capacity, and/or failure to join a proper party.

Respectfully submitted,

**McGIVERN & GILLIARD**

Christopher C. King, OBA #18578
P.O. Box 2619
Tulsa, OK 74101-2619
Tel: (918) 584-3391 / Fax: (918) 592-2416
Email: kking@mcgivernlaw.com
*Attorney for Defendant FRSTeam Oklahoma, LLC*

## CERTIFICATE OF MAILING

This is to certify that on this, the 6th day of June, 2014, a true, correct, and exact copy of the above and foregoing instrument was mailed with proper postage thereon fully prepaid to:

Paul T. Boudreaux
Richardson Richardson Boudreaux & Keesling
7447 S. Lewis Ave.
Tulsa, OK 74136
Tel: 918-492-7674 / Fax: 918-493-1925
ptb@rrbklaw.com
*Attorneys for Plaintiffs*

William W. O'Connor / Lindy H. Collins
Newton O'Connor Turner & Ketchum
15 West Sixth Street, Suite 2700
Tulsa, OK 74119
Tel: 918-587-0101 / Fax: 918-587-0102
lcollins@newtonoconnor.com
*Attorneys for Defendant Safeco Insurance Company of America*

J. Derrick Teague / Marty R. Skrapka
Jennings Teague, P.C.
204 N. Robinson, Suite 1000
Oklahoma City, OK 73102
Tel: 405-609-6000 / Fax: 405-609-6501
dteague@jenningsteague.com
mskrapka@jenningsteague.com
*Attorneys for Defendant American Security Insurance Company*

Christopher C. King

7855\6\eoa-dnk

2

# EXHIBIT 17

IN THE DISTRICT COURT IN AND FOR **OSAGE** COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY KATHLEEN )
JACKSON, )
                               )
                 Plaintiffs, )
                               ) Case Number: CJ-2014-81
                               )
                               ) Judge Kane
vs. )
                               )
SAFECO INSURANCE COMPANY OF )
AMERICA, a Foreign For Profit Business )
Corporation, ACE AMERICAN INSURANCE )
COMPANY, a Foreign For Profit Business )
Corporation, d/b/a Ace Property and )
Casualty Companies; FRSTEAM )
OKLAHOMA, LLC, a Domestic Limited )
Liability Company; and AMERICAN )
SECURITY INSURANCE COMPANY, )
a Foreign For Profit Business Corporation, )
                               )
                 Defendants. )

## PLAINTIFFS' APPLICATION FOR EXTENSION OF TIME

**COME NOW** the Plaintiffs, Ernie Jackson and Mary Kathleen Jackson, and

request this Court to enter an Order extending the time during which they may

respond to the Motion To Dismiss of Defendant, American Security Insurance

Company (ASIC), to include an additional five business days from the due date of

June 11, 2014, through and including June 18, 2014.

The undersigned has left a voicemail with the Attorney for the Defendant,

since Defense Counsel was not in his office, to determine whether or not he objects

to this Application, but has not heard back as a result of the voicemail.

WHEREFORE, Plaintiffs request a five day extension of time through and including June 18, 2014, during which they may respond to the Motion To Dismiss of Defendant, American Security Insurance Company (ASIC).

Respectfully submitted,

Richardson, Richardson, Boudreaux

Paul T. Boudreaux, OBA #990
7447 South Lewis Avenue
Tulsa, Oklahoma 74136
(918) 492-7674 Telephone
(918) 493-1925 Facsimile
Attorneys for the Plaintiff

## CERTIFICATE OF SERVICE

I hereby acknowledge and certify that on the 11th day of June, 2014, I mailed a true and correct copy of the above and foregoing instrument, postage paid, via U.S. Regular Mail to:

J. Derrick Teague
Marty R. Skrapka
Jennings Teague, PC
204 North Robinson, Suite 1000
Oklahoma City, OK 73102
dteague@jenningsteague.com
mskrapka@jenningsteague.com
*Attorneys for American Security Insurance Company (ASIC)*

Lindy H. Collins
William W. O'Connor
Newton, O'Connor Turner & Ketchum, PC
15 West Sixth Street, Suite 2700
Tulsa, OK  74119
lcollins@newtonoconnor.com
*Attorneys for Safeco Insurance Company of America*

Christopher C. King
McGivern & Gilliard
Legal Arts Building
1515 South Boulder
P.O. Box 2619
Tulsa, Oklahoma 74101-2619
Kking@mcgivernlaw.com
*Attorneys for FRSTeam Oklahoma, LLC*

Paul T. Boudreaux

# EXHIBIT 18

IN THE DISTRICT COURT IN AND FOR **OSAGE** COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY KATHLEEN    )
JACKSON,                           )
                                   )
                   Plaintiffs,     )
                                   )   Case Number: CJ-2014-81
                                   )
                                   )   Judge Kane
vs.                                )
                                   )
SAFECO INSURANCE COMPANY OF        )
AMERICA, a Foreign For Profit Business )
Corporation, ACE AMERICAN INSURANCE )
COMPANY, a Foreign For Profit Business )
Corporation, d/b/a Ace Property and )
Casualty Companies; FRSTEAM        )
OKLAHOMA, LLC, a Domestic Limited  )
Liability Company; and AMERICAN    )
SECURITY INSURANCE COMPANY,        )
a Foreign For Profit Business Corporation,)
                                   )
                   Defendants.     )

District Court, Osage County, Okla.
FILED

JUN 1 7 2014

ANGIE BRUCE, Court Clerk
By_____ Deputy

## **PARTIAL DISMISSAL WITHOUT PREJUDICE**

**COME NOW** the Plaintiffs, and hereby dismiss their claims against the

Defendant, American Security Insurance Company (ASIC) from this litigation

*Without Prejudice.*  The litigation will continue concerning the other Defendants.

Respectfully submitted,

Richardson, Richardson, Boudreaux

Paul T. Boudreaux, OBA #990
7447 South Lewis Avenue
Tulsa, Oklahoma 74136
(918) 492-7674 – Telephone
(918) 493-1925 – Facsimile
ptb@rrbklaw.com
*Attorneys for the Plaintiffs*

Respectfully submitted,

Richardson, Richardson, Boudreaux

_____

Paul T. Boudreaux, OBA #990
7447 South Lewis Avenue
Tulsa, Oklahoma 74136
(918) 492-7674 (T) (918) 493-1925 (F)
ptb@rrbklaw.com
*Attorneys for the Plaintiffs*

### CERTIFICATE OF MAILING

I hereby certify and acknowledge that on the ____ day of June, 2014, I mailed a true and correct copy of the above and foregoing, via U.S. Regular mail, postage prepaid to:

J. Derrick Teague
Marty R. Skrapka
Jennings Teague, PC
204 North Robinson, Suite 1000
Oklahoma City, OK 73102
dteague@jenningsteague.com
mskrapka@jenningsteague.com
*Attorneys for American Security Insurance Company (ASIC)*

Lindy H. Collins
William W. O'Connor
Newton, O'Connor Turner & Ketchum, PC
15 West Sixth Street, Suite 2700
Tulsa, OK 74119
lcollins@newtonoconnor.com
*Attorneys for Safeco Insurance Company of America*

Christopher C. King
McGivern & Gilliard
Legal Arts Building
1515 South Boulder
P.O. Box 2619
Tulsa, Oklahoma 74101-2619
Kking@mcgivernlaw.com
*Attorneys for FRSTeam Oklahoma, LLC*

_____

Paul T. Boudreaux

# EXHIBIT 19

IN THE DISTRICT COURT IN AND FOR **OSAGE** COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY KATHLEEN )
JACKSON, )
                                     )
                 Plaintiffs, )
                                      ) Case Number: CJ-2014-81
                                      )
                                      ) Judge Kane
vs.                                  )
                                      )
SAFECO INSURANCE COMPANY OF )
AMERICA, a Foreign For Profit Business )
Corporation, ACE AMERICAN INSURANCE )
COMPANY, a Foreign For Profit Business )
Corporation, d/b/a Ace Property and )
Casualty Companies; FRSTEAM )
OKLAHOMA, LLC, a Domestic Limited )
Liability Company; and AMERICAN )
SECURITY INSURANCE COMPANY, )
a Foreign For Profit Business Corporation,)
                                      )
                 Defendants. )

## APPLICATION TO FILE THIRD AMENDED PETITION

**COME NOW** the Plaintiffs, Ernie Jackson and Mary Kathleen Jackson, and request this Court to enter an Order, allowing them to file the Third Amended Petition, attached hereto as Exhibit "A".

In support of this Application, Plaintiffs advise as follows:

1.     Plaintiffs' residence, located at 4214 County Road 2230, in Barnsdall, Oklahoma, in Osage County, was involved in a fire on the 9th day of July, 2012. Thereafter, Plaintiff's home was ransacked and vandalized. Thereafter, the entity which Plaintiffs' insurance carrier hired to care for and restore their personal property had a fire.

1

2.     Thereafter, the Mortgage insurance company of the Plaintiff, with whom they had mortgage insurance for incidents such as these, stopped making payments on Plaintiff's mortgage, and they have now been sued for foreclosure.

3.     Due to all of these incidents, which have occurred to the Plaintiffs, and the conduct of the various Defendants, Plaintiffs have minimal documentation and have had extreme difficulty, even through Counsel, determining the proper Parties to this lawsuit.   However, Plaintiffs are now fairly confident that their Third Amended Petition, attached hereto as Exhibit "A", includes the proper Parties, after which discovery may begin.

WHEREFORE, Plaintiffs, Ernie Jackson and Mary Kathleen Jackson, request an Order of this Court, allowing them to file the Third Amended Petition, attached hereto as Exhibit "A".

Respectfully submitted,

Richardson, Richardson, Boudreaux

Paul T. Boudreaux, OBA #990
7447 South Lewis Avenue
Tulsa, Oklahoma 74136
(918) 492-7674 – Telephone
(918) 493-1925 – Facsimile
ptb@rrbklaw.com
*Attorneys for the Plaintiffs*

2

<u>CERTIFICATE OF MAILING</u>

I hereby certify and acknowledge that on the *13th* day of June, 2014, I mailed a true and correct copy of the above and foregoing, via U.S. Regular mail, postage prepaid to:

J. Derrick Teague
Marty R. Skrapka
Jennings Teague, PC
204 North Robinson, Suite 1000
Oklahoma City, OK 73102
dteague@jenningsteague.com
mskrapka@jenningsteague.com
*Attorneys for American Security Insurance Company (ASIC)*

Lindy H. Collins
William W. O'Connor
Newton, O'Connor Turner & Ketchum, PC
15 West Sixth Street, Suite 2700
Tulsa, OK 74119
lcollins@newtonoconnor.com
*Attorneys for Safeco Insurance Company of America*

Christopher C. King
McGivern & Gilliard
Legal Arts Building
1515 South Boulder
P.O. Box 2619
Tulsa, Oklahoma 74101-2619
Kking@mcgivernlaw.com
*Attorneys for FRSTeam Oklahoma, LLC*

*Paul T. Boudreaux*

3

IN THE DISTRICT COURT IN AND FOR **OSAGE** COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| ERNIE JACKSON and MARY KATHLEEN JACKSON,<br><br>               Plaintiffs,<br><br>vs.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, a Foreign For Profit Business Corporation, ACE AMERICAN INSURANCE COMPANY, a Foreign For Profit Business Corporation, d/b/a Ace Property and Casualty Companies; ACE LIMITED, a Foreign corporation, and ACE USA, a Foreign Corporation, d/b/a The Ace Group, and FRSTEAM OKLAHOMA, LLC, a Domestic Limited Liability Company;<br><br>               Defendants. | )<br>)<br>)<br>)<br>)  Case Number: CJ-2014-81<br>)<br>)  Judge Kane<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## THIRD AMENDED PETITION

**COME NOW** the Plaintiffs, and for their causes of action against the

Defendants, allege and state as follows:

### I. PARTIES, JURISDICTION & VENUE

The Plaintiffs are residents of Barnsdall, Oklahoma, where the causes of

action arose. The Defendant, Safeco Insurance Company of America, (SAFECO) is a

foreign for profit Business Corporation, doing business in Oklahoma, where the

applicable insurance policy was issued. The Defendant, Ace American Insurance

Company (ACE), is also a foreign for profit Business Corporation, doing business in

Oklahoma as Ace Property and Casualty Companies, where the applicable insurance

1

PLAINTIFF'S EXHIBIT

A

policy was issued.  The Defendants, ACE Limited and ACE USA are Foreign entities,

doing business as the ACE Group, and issued additional insurance policies that are

applicable to these issues.  The Defendant, FRSTEAM Oklahoma, LLC, is a Domestic

Limited Liability Company, doing business in Oklahoma as FRSTEAM (FRSTeam).

  The Plaintiffs' residence is located and the original property damage involved

initially occurred at 4214 County Road, 2230 in Barnsdall, Oklahoma, 74002-5150.

This Court, therefore, has jurisdiction over the subject matter and Parties.  Venue is

also appropriate.

## II.  FACTUAL ALLEGATIONS

  On July 9th, 2012, Plaintiffs suffered a fire at their residence.  Thereafter,

Plaintiffs endured acts of theft and vandalism, all for which they made claims for

damages with the appropriate Defendants, named herein.  During the handling of

Plaintiffs' claim, the Defendant, FRSTeam, allowed Plaintiffs' property to be further

damaged and/or destroyed and is also liable to the Plaintiffs.

  Plaintiffs have attempted to recover reasonable compensation for their

damages and losses, and they have made proper claims.  However, they have only

been partially compensated.  Furthermore, the insurance companies violated their

duties of good faith and fair dealing, by refusing to pay the Plaintiffs the proper

amounts for their valid claims pursuant to the applicable insurance policies, through

improper investigations, failures to evaluate the results of the investigations that

they did perform with no reasonable basis for their refusals, and offering to satisfy

the Plaintiffs' claims with unreasonably low amounts.  The insurers did not deal

fairly and in good faith with Plaintiffs, and the violations by the insurance

companies of their duties of good faith and fair dealing were the direct cause of

injuries and damages to the Plaintiffs, including financial losses, embarrassment,

loss of reputation, mental pain and suffering.

FRSTeam removed Plaintiff's property from the residence after being hired

by SAFECO, allowed it to be damaged and/or destroyed, and did not return all of it

to the Plaintiffs in a satisfactory manner.

### III.  REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs seek actual damages for an unspecified amount in

excess of $75,000, along with prejudgment interest from the date of the losses,

attorney fees and costs incurred.  **FURTHERMORE**, the conduct of the Defendants,

and each of them, was willful, wanton, outrageous and in gross disregard for the

rights of the Plaintiffs.  Therefore, Plaintiffs also seek punitive and exemplary

damages for an unspecified amount in excess of $75,000, to be determined by a jury

of their peers.

Respectfully submitted,

Richardson, Richardson, Boudreaux & Keesling

_____

Paul T. Boudreaux, OBA #990
7447 South Lewis Avenue
Tulsa, Oklahoma 74136
(918) 492-7674 – Telephone
(918) 493-1925 – Facsimile
ptb@rrbklaw.com
*Attorneys for the Plaintiffs*

**JURY TRIAL DEMANDED**
**ATTORNEYS LIEN CLAIMED**

3

## CERTIFICATE OF MAILING

I hereby certify and acknowledge that on the _____ day of June, 2014, I mailed a true and correct copy of the above and foregoing Amended Petition, via U.S. Regular mail, postage prepaid to:

J. Derrick Teague
Marty R. Skrapka
Jennings Teague, PC
204 North Robinson, Suite 1000
Oklahoma City, OK 73102
dteague@jenningsteague.com
mskrapka@jenningsteague.com
*Attorneys for American Security Insurance Company (ASIC)*

Lindy H. Collins
William W. O'Connor
Newton, O'Connor Turner & Ketchum, PC
15 West Sixth Street, Suite 2700
Tulsa, OK 74119
lcollins@newtonoconnor.com
*Attorneys for Safeco Insurance Company of America*

Christopher C. King
McGivern & Gilliard
Legal Arts Building
1515 South Boulder
P.O. Box 2619
Tulsa, Oklahoma 74101-2619
Kking@mcgivernlaw.com
*Attorneys for FRSTeam Oklahoma, LLC*

_____
Paul T. Boudreaux

4

# EXHIBIT 20

IN THE DISTRICT COURT IN AND FOR **OSAGE** COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY KATHLEEN          )
JACKSON,                                 )
                                         )
                    Plaintiffs,          )
                                         )   Case Number: CJ-2014-81
                                         )
                                         )   Judge Kane
vs.                                      )
                                         )
SAFECO INSURANCE COMPANY OF              )
AMERICA, a Foreign For Profit Business   )
Corporation, ACE AMERICAN INSURANCE)
COMPANY, a Foreign For Profit Business   )
Corporation, d/b/a Ace Property and      )
Casualty Companies; FRSTEAM              )
OKLAHOMA, LLC, a Domestic Limited        )
Liability Company; and AMERICAN          )
SECURITY INSURANCE COMPANY,              )
a Foreign For Profit Business Corporation,)
                                         )
                    Defendants.          )

> District Court, Osage County, Okla.
> FILED
>
> JUN 2 4 2014
>
> ANGIE BRUCE, Court Clerk
> By_____ Deputy

## ORDER GRANTING APPLICATION TO FILE
## THIRD AMENDED PETITION

ON JUNE 17, 2014, Plaintiffs filed their Application To File Third Amended

Petition. No Defendant has filed an Objection to Plaintiffs' Application.

**WHEREFORE,** for good cause shown, Plaintiffs' Application is hereby

sustained, and Plaintiffs are allowed to file the Third Amended Petition, attached to

their Application as Plaintiffs' Exhibit "A".

THE HONORABLE JUDGE KANE
JUDGE OF THE DISTRICT COURT

Prepared by:

Paul T. Boudreaux, OBA #990
7447 South Lewis Avenue
Tulsa, Oklahoma 74136
ptb@rrbjlaw.com

## CERTIFICATE OF MAILING

I hereby certify and acknowledge that on the ____ day of June, 2014, I mailed a true and correct copy of the above and foregoing, via U.S. Regular mail, postage prepaid to:

Lindy H. Collins
William W. O'Connor
Newton, O'Connor Turner & Ketchum, PC
15 West Sixth Street, Suite 2700
Tulsa, OK 74119
lcollins@newtonoconnor.com
*Attorneys for Safeco Insurance Company of America*

Christopher C. King
McGivern & Gilliard
Legal Arts Building
1515 South Boulder
P.O. Box 2619
Tulsa, Oklahoma 74101-2619
Kking@mcgivernlaw.com
*Attorneys for FRSTeam Oklahoma, LLC*

_____
Paul T. Boudreaux

# EXHIBIT 21

IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY            )
KATHLEEN JACKSON,                 )
                                  )
              Plaintiffs,         )
                                  )
vs.                               )
                                  )
SAFECO INSURANCE COMPANY OF )
AMERICA, a Foreign For Profit     )     Case No: CJ-2014-81
Business Corporation; ACE AMERICAN )    Judge M. John Kane
INSURANCE COMPANY, a Foreign      )
For Profit Business Corporation, d/b/a )
Ace Property and Casualty Companies; )
FRSTEAM OKLAHOMA, LLC, a          )
Domestic Limited Liability Company; )
and AMERICAN SECURITY             )
INSURANCE COMPANY, a Foreign      )
For Profit Business Corporation,  )
                                  )
              Defendants.         )

## DEFENDANT FRSTEAM OKLAHOMA, LLC'S ANSWER
## TO PLAINTIFFS' SECOND AMENDED PETITION

COMES NOW the Defendant, FRSTeam Oklahoma, LLC, by and through its attorney of

record, Christopher C. King, of the law firm of McGivern & Gilliard, Tulsa, Oklahoma, and for its

Answer to Plaintiffs' Second Amended Petition on file herein, states and avers as follows:

### I.

Defendant FRSTeam would deny generally and specifically each and every material

allegation contained within the Plaintiffs' Second Amended Petition except which may be hereinafter

specifically admitted.

### II.

With regard to the allegations contained in Section I, paragraph 1 of Plaintiffs' Second

1

Amended Petition, Defendant FRSTeam would admit that it was a domestic limited liability company doing business in Oklahoma. Defendant FRSTeam is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Section I, paragraph 1 of Plaintiffs' Second Amended Petition, and therefore it will deny the same and demand strict proof thereof at the time of trial.

## III.

With regard to the allegations contained in Section I, paragraph 2 of Plaintiffs' Second Amended Petition, Defendant FRSTeam would deny that this Court is proper venue for Defendant FRSTeam.

## IV.

With regard to the allegations contained in Section II, paragraph 1 of Plaintiffs' Second Amended Petition, this defendant would deny all allegations alleged against Defendant FRSTeam contained therein. Defendant FRSTeam is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Section II, paragraph 1 of Plaintiffs' Second Amended Petition, and therefore it will deny the same and demand strict proof thereof at the time of trial.

## V.

Defendant FRSTeam is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Section II, paragraph 2 of Plaintiffs' Second Amended Petition, and therefore it will deny the same and demand strict proof thereof at the time of trial.

## VI.

Defendant FRSTeam would deny the allegations contained in Section II, paragraph 3 of Plaintiffs' Second Amended Petition.

2

## VII.

Defendant FRSTeam would deny the allegations contained in Section III, paragraph 1 of Plaintiffs' Second Amended Petition, and the Plaintiffs' prayer for damages.

## VIII.

For further answer and defense, Defendant FRSTeam would state that Plaintiffs' claim against this Defendant was improperly joined with the above-styled and numbered cause. Defendant FRSTeam hereby reserves its right to move for an Order transferring Plaintiffs' claim against this Defendant to either the proper venue or a more convenient forum.

## IX.

For further answer and defense, Defendant FRSTeam would state that Plaintiffs' damages, if any, were proximately caused by the fault of others, not under the direction or control of this Defendant, and that any acts or omissions of this Defendant were not the proximate cause of any injury to the Plaintiffs, such that this Defendant may not held liable therefore.

## X.

For further answer and defense, Defendant FRSTeam would state that the Plaintiffs' damages, if any, were caused by an intervening superseding act of another, such that this Defendant may not be held liable therefore.

## XI.

For further answer and defense, Defendant FRSTeam would state that the Plaintiffs' claim for punitive damages is unconstitutional and violates the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution, and in Article 2, Section 7 of the Oklahoma Constitution for the following reasons:

A.    The standards under which such claims are submitted are so vague as to be

3

effectively meaningless and threaten a deprivation of property for the benefit of society without the protection of fundamental fair procedures;

B.      The highly penal nature of punitive damages threatens the possibility of excessive punishment and almost limitless liability without the benefit of fundamental fair procedures of any statutorial limitations;

C.      The introduction of evidence of Defendant's financial worth is so prejudicial as to impose liability and punishment in a manner barring no relation to the extent of any injury allegedly inflicted or any benefit to this Defendant from any alleged wrongdoing and therefore any verdict would be the result of bias and prejudice in a fundamentally unfair manner.

## XI.

For further answer and defense, Defendant FRSTeam would state that Plaintiffs' claim for punitive damages constitutes an unconstitutionally excessive fine under Article 2, Section 9 of the Oklahoma Constitution, because such highly penal sanctions may be imposed for the benefit of society under standards so vague and effectively meaningless as to threaten unlimited punishment barring no relation to the extent of injury allegedly inflicted at the unbridled discretion of the jury.

## XII.

For further answer and defense, Defendant FRSTeam would state that Plaintiffs' punitive damage claim is limited by Title 23, O.S. § 9.1 and the corresponding authorities of the United States Supreme Court.

## XIII.

For further answer and defense, Defendant FRSTeam would plead all affirmative defenses that may be available to it under Oklahoma law based upon factual evidence that exists at the time of trial.

## XIV.

For further answer and defense, Defendant FRSTeam would reserve the right to plead

4

## CERTIFICATE OF MAILING

This is to certify that on this, the 27th day of June , 2014, a true, correct, and exact copy of the above and foregoing instrument was mailed with proper postage thereon fully prepaid to:

Paul T. Boudreaux
Richardson Richardson Boudreaux & Keesling
7447 S. Lewis Ave.
Tulsa, OK 74136
Tel: 918-492-7674 / Fax: 918-493-1925
ptb@rrbklaw.com
*Attorneys for Plaintiffs*

William W. O'Connor / Lindy H. Collins
Newton O'Connor Turner & Ketchum
15 West Sixth Street, Suite 2700
Tulsa, OK 74119
Tel: 918-587-0101 / Fax: 918-587-0102
lcollins@newtonoconnor.com
*Attorneys for Defendant Safeco Insurance Company of America*

J. Derrick Teague / Marty R. Skrapka
Jennings Teague, P.C.
204 N. Robinson, Suite 1000
Oklahoma City, OK 73102
Tel: 405-609-6000 / Fax: 405-609-6501
dteague@jenningsteague.com
mskrapka@jenningsteague.com
*Attorneys for Defendant American Security Insurance Company*


_____
Christopher C. King


7855\6\answer-dak

6

# EXHIBIT 22

IN THE DISTRICT COURT IN AND FOR **OSAGE** COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY KATHLEEN )
JACKSON, )
                                    )
                Plaintiffs, )
                                    ) Case Number: CJ-2014-81
                                    )
                                    ) Judge Kane
vs.                                 )
                                    )
SAFECO INSURANCE COMPANY OF )
AMERICA, a Foreign For Profit Business )
Corporation, ACE AMERICAN INSURANCE )
COMPANY, a Foreign For Profit Business )
Corporation, d/b/a Ace Property and )
Casualty Companies; FRSTEAM )
OKLAHOMA, LLC, a Domestic Limited )
Liability Company; and AMERICAN )
SECURITY INSURANCE COMPANY, )
a Foreign For Profit Business Corporation,)
                                    )
                Defendants. )

```
District Court, Osage County, Okla.
            FILED

          JUL  1 2014

       ANGIE BRUCE, Court Clerk
By_____Deputy
```

### AFFIDAVIT AND RETURN OF SERVICE BY CERTIFIED MAIL

STATE OF OKLAHOMA     )
                      )ss.
COUNTY OF TULSA       )

I, **Paul T. Boudreaux**, of lawful age, being first duly sworn, on oath state that on the 31st day of May, 2014, I served via Certified Mail, Return Receipt Requested, Receipt Number 7012 3460 0002 7430 5378, from the City of Tulsa, Oklahoma, the attached *Summons* and *Amended Petition* in the above-entitled and numbered action to the following persons to-wit:

> **FRSTEAM OKLAHOMA, LLC**
> **Bryan Nunneley, Agent**
> **3632 S. PEORIA**
> **TULSA, OK 74105**

**FURTHER AFFIANT SAYETH NOT.**

_____
**PAUL T. BOUDREAUX, OBA #990**

Subscribed and sworn to before me this 12 day of June 2014.

Notary_____, Linda G. Large
My Commission Expires: November 1, 2016
---SEAL---

```
LINDA G. LARGE
Notary Public in and for
State of Oklahoma
TULSA COUNTY
Commission #00017289
```

COPY

IN THE DISTRICT COURT IN AND FOR **OSAGE** COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY KATHLEEN )
JACKSON, )
 )
    Plaintiffs, )
 ) Case Number: CJ-2014-81
 )
 ) Judge Kane
vs. )
 )
SAFECO INSURANCE COMPANY OF )
AMERICA, a Foreign For Profit Business )
Corporation, ACE AMERICAN INSURANCE )
COMPANY, a Foreign For Profit Business )
Corporation, d/b/a Ace Property and )
Casualty Companies; FRSTEAM )
OKLAHOMA, LLC, a Domestic Limited )
Liability Company; and AMERICAN )
SECURITY INSURANCE COMPANY, )
a Foreign For Profit Business Corporation, )
 )
    Defendants. )

To the above-named Defendant:
**FRSTEAM OKLAHOMA, LLC**
**Bryan Nunneley, Agent**
**3632 S. Peoria**
**Tulsa, OK 74105**

   You have been sued by the above-named Plaintiff(s), and you are directed to file a written
Answer to the attached Petition in the Court at the above address within **twenty (20) days** after
service of this Summons upon you exclusive of the day of service. Within the same time, a copy of
your answer must be delivered or mailed to the Attorney for the Plaintiff(s). Unless you answer the
Petition within the time stated, judgment will be rendered against you with costs of the action.

 Issued this 27 day of _____May_____, 2014.

        **ANGIE BRUCE** , Court Clerk

        By _____
        Deputy Court Clerk (Seal)

  This Summons and order was served on _____.
         (date of service)

       _____
       Signature of person serving Summons

  *YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR*
*YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE*
*FILED WITHIN THE TIME LIMITED STATED IN THIS SUMMONS.*

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. ■ Print your name and address on the reverse so that we can return the card to you. ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature ☐ Agent ☐ Addressee X _Malcolm_ B. Received by *(Printed Name)* C. Date of Delivery 3/11 |
| 1. Article Addressed to: FRSTEAM Oklahoma, LLC Bryan Nunneley, Agent 3632 S. Peoria Tulsa, OK 74105 | D. Is delivery address different from item 1? ☐ Yes If YES, enter delivery address below: ☐ No |
|  | 3. Service Type ☒ Certified Mail   ☐ Express Mail ☐ Registered   ☒ Return Receipt for Merchandise ☐ Insured Mail   ☐ C.O.D. |
|  | 4. Restricted Delivery? *(Extra Fee)*   ☐ Yes |
| 2. Article Number *(Transfer from servi* | 7012 3460 0002 7430 5378 |

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

# EXHIBIT 23

IN THE DISTRICT COURT IN AND FOR **OSAGE** COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY KATHLEEN )
JACKSON, )
)
Plaintiffs, )
) Case Number: CJ-2014-81
)
) Judge Kane
vs. )
)
SAFECO INSURANCE COMPANY OF )
AMERICA, a Foreign For Profit Business )
Corporation, ACE AMERICAN INSURANCE )
COMPANY, a Foreign For Profit Business )
Corporation, d/b/a Ace Property and )
Casualty Companies; ACE LIMITED, a )
Foreign Corporation; ACE USA, a )
Foreign Corporation, d/b/a )
The Ace Group, and FRSTEAM )
OKLAHOMA, LLC, a Domestic Limited )
Liability Company; )
)
Defendants. )

District Court, Osage County, Okla.
FILED

JUL. 1 2014

ANGIE BRUCE, Court Clerk
By_____Deputy

## THIRD AMENDED PETITION

**COME NOW** the Plaintiffs, and for their causes of action against the

Defendants, allege and state as follows:

### I. PARTIES, JURISDICTION & VENUE

The Plaintiffs are residents of Barnsdall, Oklahoma, where the causes of

action arose.  The Defendant, Safeco Insurance Company of America, (SAFECO) is a

foreign for profit Business Corporation, doing business in Oklahoma, where the

applicable insurance policy was issued. The Defendant, Ace American Insurance

Company (ACE), is also a foreign for profit Business Corporation, doing business in

Oklahoma as Ace Property and Casualty Companies, where the applicable insurance

1

policy was issued. The Defendants, ACE Limited and ACE USA are Foreign entities, doing business as the ACE Group, and issued additional insurance policies that are applicable to these issues. The Defendant, FRSTEAM Oklahoma, LLC, is a Domestic Limited Liability Company, doing business in Oklahoma as FRSTEAM (FRSTeam).

The Plaintiffs' residence is located and the original property damage involved initially occurred at 4214 County Road, 2230 in Barnsdall, Oklahoma, 74002-5150. This Court, therefore, has jurisdiction over the subject matter and Parties. Venue is also appropriate.

## II. FACTUAL ALLEGATIONS

On July 9th, 2012, Plaintiffs suffered a fire at their residence. Thereafter, Plaintiffs endured acts of theft and vandalism, all for which they made claims for damages with the appropriate Defendants, named herein. During the handling of Plaintiffs' claim, the Defendant, FRSTeam, allowed Plaintiffs' property to be further damaged and/or destroyed and is also liable to the Plaintiffs.

Plaintiffs have attempted to recover reasonable compensation for their damages and losses, and they have made proper claims. However, they have only been partially compensated. Furthermore, the insurance companies violated their duties of good faith and fair dealing, by refusing to pay the Plaintiffs the proper amounts for their valid claims pursuant to the applicable insurance policies, through improper investigations, failures to evaluate the results of the investigations that they did perform with no reasonable basis for their refusals, and offering to satisfy the Plaintiffs' claims with unreasonably low amounts. The insurers did not deal fairly and in good faith with Plaintiffs, and the violations by the insurance

2

companies of their duties of good faith and fair dealing were the direct cause of injuries and damages to the Plaintiffs, including financial losses, embarrassment, loss of reputation, mental pain and suffering.

FRSTeam removed Plaintiff's property from the residence after being hired by SAFECO, allowed it to be damaged and/or destroyed, and did not return all of it to the Plaintiffs in a satisfactory manner.

### III.  REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs seek actual damages for an unspecified amount in excess of $75,000, along with prejudgment interest from the date of the losses, attorney fees and costs incurred.  **FURTHERMORE**, the conduct of the Defendants, and each of them, was willful, wanton, outrageous and in gross disregard for the rights of the Plaintiffs.  Therefore, Plaintiffs also seek punitive and exemplary damages for an unspecified amount in excess of $75,000, to be determined by a jury of their peers.

Respectfully submitted,

Richardson Richardson Boudreaux

Paul T. Boudreaux, OBA #990
7447 South Lewis Avenue
Tulsa, Oklahoma 74136
(918) 492-7674 – Telephone
(918) 493-1925 – Facsimile
ptb@rrbklaw.com
*Attorneys for the Plaintiffs*

**JURY TRIAL DEMANDED**
**ATTORNEYS LIEN CLAIMED**

3

## CERTIFICATE OF MAILING

I hereby certify and acknowledge that on the **30th** day of June, 2014, I mailed a true and correct copy of the above and foregoing Amended Petition, via U.S. Regular mail, postage prepaid to:

J. Derrick Teague
Marty R. Skrapka
Jennings Teague, PC
204 North Robinson, Suite 1000
Oklahoma City, OK 73102
dteague@jenningsteague.com
mskrapka@jenningsteague.com
*Attorneys for American Security Insurance Company (ASIC)*

Lindy H. Collins
William W. O'Connor
Newton, O'Connor Turner & Ketchum, PC
15 West Sixth Street, Suite 2700
Tulsa, OK 74119
lcollins@newtonoconnor.com
*Attorneys for Safeco Insurance Company of America*

Christopher C. King
McGivern & Gilliard
Legal Arts Building
1515 South Boulder
P.O. Box 2619
Tulsa, Oklahoma 74101-2619
Kking@mcgivernlaw.com
*Attorneys for FRSTeam Oklahoma, LLC*

Paul T. Boudreaux

4

# EXHIBIT 24

IN THE DISTRICT COURT OF OSAGE COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY KATHLEEN          )
JACKSON                                  )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )     Case No. CJ-2014-00081
                                         )
SAFECO INSURANCE COMPANY OF              )
AMERICA, a Foreign For Profit Business   )
Corporation, ACE AMERICAN INSURANCE      )     ┌─────────────────────────────┐
COMPANY, a Foreign For Profit Business   )     │ District Court, Osage County, Okla. │
Corporation, d/b/a Ace Property and      )     │            FILED            │
Casualty Companies; ACE LIMITED, a       )     │                            │
Foreign Corporation, and ACE USA, a      )     │        AUG.  1 2014         │
Foreign Corporation, d/b/a               )     │                            │
The Ace Group, and FRSTEAM               )     │    ANGIE BRUCE, Court Clerk │
OKLAHOMA, LLC, a Domestic Limited        )     │ By_____ Deputy  │
Liability Company,                       )     └─────────────────────────────┘
                                         )
        Defendants.                      )

ANSWER OF SAFECO INSURANCE COMPANY OF AMERICA
TO PLAINTIFFS' THIRD AMENDED PETITION

Defendant Safeco Insurance Company of America ("Safeco") respectfully

submits the following Answer to the Third Amended Petition of Plaintiffs Ernie and

Kathleen Jackson (collectively, "Plaintiffs").[1]  Further, Safeco respectfully asserts that

Plaintiffs have frustrated Safeco's ability to answer the Second Amended Petition

because they have failed to comply with OKLA. STAT. tit. 12, § 2010, which requires that

---

[1] Neither Safeco nor its counsel received service of a copy of the Third Amended Petition.  Safeco discovered it had
been filed through its own efforts on July 28, 2014.

"[a]ll averments of claim . . . be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances."

1.    Safeco is without sufficient information to admit or deny the information contained in Section I of the Third Amended Petition and therefore denies the same, except it admits that Safeco is a foreign for profit corporation doing business in Oklahoma.

2.    Safeco is without sufficient information to admit or deny the information contained in Section II of the Third Amended Petition and therefore denies the same.

3.    In answer to Plaintiffs' prayer for relief in Section III of the Third Amended Petition, Safeco denies that Plaintiffs are entitled to judgment or any relief whatsoever, including, but not limited to, that for which Plaintiffs pray.

## ADDITIONAL DEFENSES

Safeco, by way of further answer and defense, but not in diminution or derogation of the admissions or denials set forth hereinabove, and subject to amendment at the conclusion of all pretrial discovery, alleges and states as follows:

1.    Plaintiffs' Third Amended Petition fails to state a claim against Safeco upon which relief can be granted.

2.    Plaintiffs have failed to satisfy conditions precedent and subsequent to recovery of benefits under the applicable policy.

2

3.      The terms and conditions of the applicable policy do not entitle Plaintiffs payment of any benefits thereunder.

4.      At all times in the course of its dealings with Plaintiffs, Safeco acted reasonably, fairly, in good faith, and in conformity with the terms and conditions of the applicable policy.

5.      Plaintiffs' claims are barred by the doctrine of waiver, estoppel, and laches.

6.      Plaintiffs' damages, if any, were caused by parties other than Safeco and/or by the conduct, events, or conditions not under the control of Safeco.

7.      An award of punitive damages under the alleged facts would violate the Due Process, Equal Protection, and Excessive Fines clauses of the Constitutions of the United States and the State of Oklahoma.

8.      Plaintiffs' claims are barred by the economic loss doctrine.

9.      Safeco hereby incorporates all of the provisions, exclusions, and conditions contained within its policy of insurance under which Plaintiffs purportedly bring this action.  Applying these provisions, any recovery is barred or must be reduced accordingly.

10.     Safeco owes no fiduciary duty to Plaintiffs.

11.     Plaintiffs' damages, if any, were caused by intervening and superseding causes.

12.     Plaintiffs have failed to mitigate damages, if any.

13.     Safeco reserves the right to assert additional defenses revealed in the course of discovery.

14.     Plaintiffs' claims are barred by the relevant statute(s) of limitations.

Safeco Insurance Company of America, having answered Plaintiffs' Third Amended Petition, asks that Plaintiffs take nothing by way of the Third Amended Petition, that the case be dismissed, that judgment be rendered for Safeco, and that Safeco be awarded all costs, attorneys' fees, and other such relief as the Court may deem just and equitable.  Safeco Insurance Company of America further reserves leave to allege any additional defenses or affirmative defense that investigation and discovery may reveal.

Respectfully submitted,

William W. O'Connor, OBA No. 13200
Lindy H. Collins, OBA No. 30579
NEWTON O'CONNOR TURNER & KETCHUM, P.C.
15 West Sixth Street, Suite 2700
Tulsa, Oklahoma 74119-5423
(918) 587-0101 telephone
(918) 587-0102 facsimile

ATTORNEYS FOR DEFENDANT,
SAFECO INSURANCE COMPANY OF AMERICA

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of July, 2014, a true and correct copy of the forgoing was delivered via U.S. Mail, postage prepaid, to:

Paul T. Boudreaux
RICHARDSON, RICHARDSON, BOUDREAUX & KEESLING
7447 S. Lewis Avenue
Tulsa, OK 74136
**ATTORNEYS FOR PLAINTIFFS**

Christopher C. King
MCGIVERN & GILLIARD
PO BOX 2619
Tulsa, OK 74101-2619
**ATTORNEYS FOR FRSTeam Oklahoma, LLC**

J. Derrick Teague
Marty R. Skrapka
JENNINGS TEAGUE, P.C.
204 N. Robinson, Suite 100
Oklahoma City, OK 73102
**ATTORNEYS FOR AMERICAN
SECURITY INSURANCE COMPANY**

A. Mark Smiling
SMILING LAW FIRM
9175 S. Yale Ave., Suite 300
Tulsa, OK 74137-4043
**ATTORNEYS FOR OKLAHOMES REALTY, INC.**

William W. O'Connor /am
William W. O'Connor

5

# EXHIBIT 25

IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY          )
KATHLEEN JACKSON,                )
                                 )
           Plaintiffs,           )
                                 )
vs.                              )
                                 )
SAFECO INSURANCE COMPANY OF )
AMERICA, a Foreign For Profit    )      Case No: CJ-2014-81
Business Corporation; ACE AMERICAN )    Judge M. John Kane
INSURANCE COMPANY, a Foreign     )
For Profit Business Corporation, d/b/a )
Ace Property and Casualty Companies; )
FRSTEAM OKLAHOMA, LLC, a         )
Domestic Limited Liability Company; )
and AMERICAN SECURITY            )
INSURANCE COMPANY, a Foreign     )
For Profit Business Corporation, )
                                 )
           Defendants.           )

DEFENDANT FRSTEAM OKLAHOMA, LLC'S ANSWER
TO PLAINTIFFS' THIRD AMENDED PETITION

COMES NOW the Defendant, FRSTeam Oklahoma, LLC, by and through its attorneys of

record, of the law firm of McGivern & Gilliard, Tulsa, Oklahoma, and for its Answer to Plaintiffs'

Third Amended Petition on file herein, states and avers as follows:

## I.

Defendant FRSTeam would deny generally and specifically each and every material

allegation contained within the Plaintiffs' Third Amended Petition except which may be hereinafter

specifically admitted.

## II.

With regard to the allegations contained in Section I, paragraph 1 of Plaintiffs' Third

1

Amended Petition, Defendant FRSTeam would admit that it was a domestic limited liability company doing business in Oklahoma. Defendant FRSTeam is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Section I, paragraph 1 of Plaintiffs' Third Amended Petition, and therefore it will deny the same and demand strict proof thereof at the time of trial.

### III.

With regard to the allegations contained in Section I, paragraph 2 of Plaintiffs' Third Amended Petition, Defendant FRSTeam would deny that this Court is proper venue for Defendant FRSTeam.

### IV.

With regard to the allegations contained in Section II, paragraph 1 of Plaintiffs' Third Amended Petition, this defendant would deny all allegations alleged against Defendant FRSTeam contained therein. Defendant FRSTeam is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Section II, paragraph 1 of Plaintiffs' Third Amended Petition, and therefore it will deny the same and demand strict proof thereof at the time of trial.

### V.

Defendant FRSTeam is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Section II, paragraph 2 of Plaintiffs' Third Amended Petition, and therefore it will deny the same and demand strict proof thereof at the time of trial.

### VI.

Defendant FRSTeam would deny the allegations contained in Section II, paragraph 3 of Plaintiffs' Third Amended Petition.

**VII.**

Defendant FRSTeam would deny the allegations contained in Section III, paragraph 1 of Plaintiffs' Third Amended Petition, and the Plaintiffs' prayer for damages.

**VIII.**

For further answer and defense, Defendant FRSTeam would state that Plaintiffs' claim against this Defendant was improperly joined with the above-styled and numbered cause. Defendant FRSTeam hereby reserves its right to move for an Order transferring Plaintiffs' claim against this Defendant to either the proper venue or a more convenient forum.

**IX.**

For further answer and defense, Defendant FRSTeam would state that Plaintiffs' damages, if any, were proximately caused by the fault of others, not under the direction or control of this Defendant, and that any acts or omissions of this Defendant were not the proximate cause of any injury to the Plaintiffs, such that this Defendant may not held liable therefore.

**X.**

For further answer and defense, Defendant FRSTeam would state that the Plaintiffs' damages, if any, were caused by an intervening superseding act of another, such that this Defendant may not be held liable therefore.

**XI.**

For further answer and defense, Defendant FRSTeam would state that the Plaintiffs' claim for punitive damages is unconstitutional and violates the due process clauses of the Fifth and Fourteenth Amendments of the U.S. Constitution, and in Article 2, Section 7 of the Oklahoma Constitution for the following reasons:

3

A.   The standards under which such claims are submitted are so vague as to be effectively meaningless and threaten a deprivation of property for the benefit of society without the protection of fundamental fair procedures;

B.   The highly penal nature of punitive damages threatens the possibility of excessive punishment and almost limitless liability without the benefit of fundamental fair procedures of any statutorial limitations;

C.   The introduction of evidence of Defendant's financial worth is so prejudicial as to impose liability and punishment in a manner barring no relation to the extent of any injury allegedly inflicted or any benefit to this Defendant from any alleged wrongdoing and therefore any verdict would be the result of bias and prejudice in a fundamentally unfair manner.

## XI.

For further answer and defense, Defendant FRSTeam would state that Plaintiffs' claim for punitive damages constitutes an unconstitutionally excessive fine under Article 2, Section 9 of the Oklahoma Constitution, because such highly penal sanctions may be imposed for the benefit of society under standards so vague and effectively meaningless as to threaten unlimited punishment barring no relation to the extent of injury allegedly inflicted at the unbridled discretion of the jury.

## XII.

For further answer and defense, Defendant FRSTeam would state that Plaintiffs' punitive damage claim is limited by 23 O.S. § 9.1 and corresponding authorities of the U.S. Supreme Court.

## XIII.

For further answer and defense, Defendant FRSTeam would plead all affirmative defenses that may be available to it under Oklahoma law based upon evidence that exists at the time of trial.

## XIV.

For further answer and defense, Defendant FRSTeam would reserve the right to plead additional affirmative defenses, delete or modify affirmative defenses pled, upon completion of discovery or as facts warrant.

4

WHEREFORE, Defendant FRSTeam Oklahoma, LLC, having fully answered the Plaintiffs' Third Amended Petition, prays for judgment in its favor, and against the Plaintiffs, together with an award of its costs, and such other and further relief as the Court deems equitable and just.

Respectfully submitted,

McGIVERN & GILLIARD

_____
Christopher C. King, OBA #18578
Bradley E. Bowlby, OBA #22847
P.O. Box 2619
Tulsa, OK  74101-2619
Tel:    (918) 584-3391
Fax:    (918) 592-2416
Email:  kking@mcgivernlaw.com
        bbowlby@mcgivernlaw.com
*Attorney for Defendant FRSTeam Oklahoma, LLC*

5

## CERTIFICATE OF MAILING

This is to certify that on this, the ___10th___ day of August, 2014, a true, correct, and exact copy of the above and foregoing instrument was mailed with proper postage thereon fully prepaid to:

Paul T. Boudreaux
Richardson Richardson Boudreaux & Keesling
7447 S. Lewis Ave.
Tulsa, OK 74136
Tel: 918-492-7674 / Fax: 918-493-1925
ptb@rrbklaw.com
*Attorneys for Plaintiffs*

William W. O'Connor / Lindy H. Collins
Newton O'Connor Turner & Ketchum
15 West Sixth Street, Suite 2700
Tulsa, OK 74119
Tel: 918-587-0101 / Fax: 918-587-0102
lcollins@newtonoconnor.com
*Attorneys for Defendant Safeco Insurance Company of America*

J. Derrick Teague / Marty R. Skrapka
Jennings Teague, P.C.
204 N. Robinson, Suite 1000
Oklahoma City, OK 73102
Tel: 405-609-6000 / Fax: 405-609-6501
dteague@jenningsteague.com
mskrapka@jenningsteague.com
*Attorneys for Defendant American Security Insurance Company*

_____
Bradley E. Bowlby

7855\6\answer-dak

6

# EXHIBIT 26

IN THE DISTRICT COURT IN AND FOR **OSAGE** COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY KATHLEEN )
JACKSON, )
                                           )
                 Plaintiffs, )
                                           ) Case Number: CJ-2014-81
                                           )
                                           ) Judge Kane
vs. )
                                           )
SAFECO INSURANCE COMPANY OF )
AMERICA, a Foreign For Profit Business )
Corporation, ACE AMERICAN INSURANCE )
COMPANY, a Foreign For Profit Business )
Corporation, d/b/a Ace Property and )
Casualty Companies; ACE LIMITED, a )
Foreign Corporation; ACE USA, a )
Foreign Corporation, d/b/a )
The Ace Group, and FRSTEAM )
OKLAHOMA, LLC, a Domestic Limited )
Liability Company; )
                                           )
                 Defendants. )

## PARTIAL DISMISSAL WITHOUT PREJUDICE

COME NOW the Plaintiffs, and hereby dismiss their claims against the

Defendants, ACE LIMITED, a Foreign Corporation; and ACE USA, a Foreign

Corporation d/b/a The Ace Group, ONLY, from this litigation *Without Prejudice*. The

litigation will continue against the other Defendants.

Respectfully submitted,

Richardson-Richardson-Boudreaux

_____

Paul T. Boudreaux, OBA #990
7447 South Lewis Avenue
Tulsa, Oklahoma 74136
(918) 492-7674 – Telephone
(918) 493-1925 – Facsimile
ptb@rrbklaw.com
*Attorneys for the Plaintiffs*

## CERTIFICATE OF MAILING

I hereby certify and acknowledge that on the 21st day of August, 2014, I mailed a true and correct copy of the above and foregoing, via U.S. Regular mail, postage prepaid to:

Alicia G. Curran
Cozen O'Connor
1717 Main Street, Suite 3400
Dallas, TX 75201
214.462.3299 Facsimile
acurran@cozen.com
*Attorneys for Ace Entities*

J. Derrick Teague
Marty R. Skrapka
Jennings Teague, PC
204 North Robinson, Suite 1000
Oklahoma City, OK 73102
dteague@jenningsteague.com
mskrapka@jenningsteague.com
*Attorneys for American Security Insurance Company (ASIC)*

Lindy H. Collins
William W. O'Connor
Newton, O'Connor Turner & Ketchum, PC
15 West Sixth Street, Suite 2700
Tulsa, OK 74119
lcollins@newtonoconnor.com
iwaddel@newtonconnor.com
*Attorneys for Safeco Insurance Company of America*

Christopher C. King
McGivern & Gilliard
Legal Arts Building
1515 South Boulder
P.O. Box 2619
Tulsa, Oklahoma 74101-2619
Kking@mcgivernlaw.com
*Attorneys for FRSTeam Oklahoma, LLC*

_____
Paul T. Boudreaux

# EXHIBIT 27

IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| ERNIE JACKSON and MARY KATHLEEN JACKSON, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Foreign For Profit Business Corp.; | ) ) ) ) |
| ACE AMERICAN INSURANCE CO., a Foreign, For Profit Business Corp., d/b/a, Ace Property and Casualty Companies; | ) ) ) ) |
| FRSTEAM OKLAHOMA, LLC, a Domestic Limited Liability Company; & | ) ) ) |
| AMERICAN SECURITY INSURANCE COMPANY, a Foreign For Profit Business Corp.; | ) ) ) ) |
| Defendants. | ) ) |

Case No: CJ-2014-81
Judge M. John Kane

## DEFENDANT FRSTEAM OKLAHOMA, LLC'S MOTION TO SEVER

COMES NOW Defendant FRSTeam Oklahoma, LLC ("FRSTeam"), by and through it's

attorneys of record of the law firm of McGivern & Gilliard, P.C., Tulsa, Oklahoma, and hereby

moves for an order severing Plaintiffs' claims against FRSTeam and defendants Safeco Insurance

Company of America (hereinafter "Safeco") and Ace American Insurance Company (hereinafter

"Ace").[1] In support FRSTeam states and avers as follows.

---

[1] Plaintiffs have dismissed their claims against American Security Insurance Company ("ASIC").

1

## INTRODUCTION

This civil action arises from two separate incidents.  On July 9, 2012, Plaintiff Ernie and Kathleen Jackson's residence, located at 4214 County Road 2230, in the city of Barnsdall, Osage County, Oklahoma 74002-5150, was allegedly damaged by fire.  Plaintiffs claim to have been insured by Safeco and Ace American (hereinafter "Carriers") on the date of the fire.  Plaintiffs claim that the fire damaged property belonging to them and that the Carriers failed to fully compensate them for their loss.  Plaintiffs claim that the Carriers breached their respective contracts with the Plaintiffs, and investigated / adjusted Plaintiffs claims in bad faith.

As against FRSTeam, Plaintiffs claim that "FRSTeam removed Plaintiff's property from the residence after being hired by [Safeco], allowed it to be damaged and/or destroyed, and did not return all of it to the Plaintiffs in a satisfactory manner." FRSTeam construes Plaintiffs claim against them to be a bailment action.

## PROCEDURE

1. On April 17, 2014, Plaintiffs filed their civil action in this Court.  *See* Ex. "1": Dkt. Sheet, *Jackson v. Liberty Mutual Ins. Grp., et. al.*, CJ-2014-81 (Osage County, Okla.).

2. On May 16, 2014, Plaintiffs filed their Amended Petition.  *Id.*

3. On May 19, 2014, Plaintiffs filed their 2d Amended Petition.  *Id.*

4. On July 1, 2014, Plaintiffs filed their 3rd Amended petition.  *Id.*

5. No scheduling order has yet been entered.

2

## MATERIAL FACTS

1. FRSTeam is a fabric restoration service provider, specializing in the restoration of clothing and textiles that have sustained fire-related damages (smoke odor, etc.). FRSTeam's corporate headquarters is located in California. FRSTeam of Oklahoma is a FRSTeam franchisee, doing business as Brookside Cleaners (hereinafter "Brookside").

2. Brookside's retail center is located at 3632 S. Peoria, Tulsa, OK 74105. Brookside cleans items at 4142 S. 71 E. Ave., then stores items at 4144 S. 71 E. Ave.

3. On or about July 16, 2014, Safeco adjuster Rod McAtee contacted Brookside via e-mail and requested that Brookside pickup several articles of smoke-damaged clothing ("Articles") from a private residence located at 4214 County Road 2230, Barnsdall, Oklahoma, 74002-5150 ("Residence"), then restore those Articles, to the extent possible, to their original condition.

4. On August 2, 2014, a Brookside employee picked up the Articles then delivered them to Brookside's cleaning warehouse, located at 4142 S. 71 E. Ave., Tulsa, Oklahoma.

5. Brookside employees inventoried and inspected the Articles upon their arrival, outsourced them for cleaning, then stored them at 4142 S. 71 E. Ave. prior to delivery.[2]

6. On December 24, 2012, Brookside's building at 4142 S. 71 East Avenue caught fire (hereinafter "Fire 2"), which allegedly caused damage to the Articles stored there.

---

2 Brookside sorts items according to cleaning process: (1) laundry, (2) dry clean, and (3) hand clean. After sorting, inventory, and cleaning at the 4142 S. 71 E. Ave. location, items are sent to 4144 S. 71 E. Ave. for storage. Leather items, including the Articles at issue, are outsourced for cleaning. After cleaning, leather goods are stored at the 4142 location (where air conditioning is available).

3

## ARGUMENT AND AUTHORITY

The Oklahoma Pleading Code ("Code") provides:

A. PERMISSIVE JOINDER.

\*\*\*

2. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative:

a. any right to relief in respect of or arising out of the same transaction or occurrence, or

b. if the claims arise out of a series of transactions or occurrences and any question of law or fact common to all defendants will arise in the action,

c. if the claims are connected with the subject matter of the action.

\*\*\*

C. SEPARATE TRIALS. The court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom he asserts no claim and who asserts no claim against him, and may order separate trials or make other orders to prevent delay or prejudice. In determining whether to allow joinder under this section or to order separate trials, the court shall consider if in the interest of justice such action provides a fair and convenient forum for all parties.

12 O.S. 2011 § 2020:

Further,

"Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately. In determining whether to add or drop parties under this section, the court shall consider if in the interest of justice such action provides a fair and convenient forum for all parties."

12 O.S. 2011 § 2021.

4

Plaintiffs' improperly joined their first claim: a breach of contract and bad faith claim against the Carriers, based on Fire 1 (the "Carrier Claim"), with their second claim: a bailment action against Brookside, based on Fire 2 (the "Brookside Claim"). The claims do not arise out of the same transaction or occurrence. There is no question of law and fact common to both claims. Convenience, expedience, and economy require the Brookside Claim to be tried separately, in Tulsa County. Therefore, severance of the two Claims is warranted.

1. Plaintiffs's claims do not arise out of the same transaction or occurrence, nor is there a question of law or fact common to all defendants

A review of Plaintiffs' second amended petition makes clear that Plaintiffs' Carrier Claim arises from the Carriers' alleged failure to abide by the terms of their respective homeowners insurance agreements, and their alleged bad faith/unfair dealing in investigating/adjusting Plaintiffs' claims following Fire 1.

Plaintiffs' cause of action against Brookside (the "Brookside Claim"), however, is completely separate from their cause of action against the Carriers. It arises from a different fire (Fire 2), taking place at a separate time, in a separate county, in a separate building owned by Brookside. Plaintiffs claim that Brookside failed to preserve "the thing(s) bailed". 15 O.S. 2011 § 466.

In *Watson v. Batton,* 1998 OK CIV APP 50, 958 P.2d 812, a motorist filed suit against two alleged tortfeasors (Tortfeasors 1 & 2). Motorist claimed to have been in separate automobile accidents with each, and that each was joint and severally liable to her because her damages "could not be separated. The trial judge granted a motion to sever, per 12 O.S. § 2020, for improper joinder under 12 O.S. § 2021. The Oklahoma Court of Civil Appeals upheld that decision.

> "Here, the accidents were separate. Each accident was an individual occurrence. While there may be similarities between the accidents, the same could be said of any

5

automobile accident, even if different plaintiffs and defendants were involved. Watson's contention that she suffered an "indivisible injury" is rejected. She purportedly received injuries from each automobile accident. The injuries from the first accident with Batton may have been exacerbated by the second accident with Bishop, but remain separate and distinct. The fact that the injuries may be difficult to separate does not, in itself, permit joinder of these completely different causes of action. The trial court did not err in determining a misjoinder of two causes of action."

*Id.* at ¶ 5 (reversed on separate grounds).

Here, as in *Watson,* there are no common questions of law and fact between the Carrier Claim and the Brookside Claim. In Oklahoma, a bailment is made by one (the "bailor") giving to another (the "bailee"), with his consent, the possession of personal property to keep for the benefit of the former, or of a third party. A bailee for hire must use at least ordinary care -- the care which a reasonably careful person would use under the same or similar circumstances -- to preserve the thing bailed. 15 O.S. 2011 § 466; *Boyles v. Campbell*, 1966 OK 159, ¶ 14, 420 P.2d 875. "The bailee's liability for injuries to the thing bailed, directly caused by bailee's negligence, shall not exceed the amount [he] is informed by the bailor the thing is worth, or has reason to believe it is worth." 15 O.S. 2011 § 460.

A finder of fact considering the Brookside Claim must ultimately determine: (1) whether, under the circumstances, Brookside used ordinary care to preserve the Articles from damage by fire; (2) if not, was this failure the direct cause of any damage to the Articles by Fire 2; and, if so, (3) what was the pre-Fire 2 and post-Fire 2 value of the Articles. None of these elements are common to Plaintiffs' claim against the Carriers. Joint trial of, and deliberation upon, Plaintiffs' Carrier Claim will unnecessarily complicate resolution of the Brookside Claim, and risks confusing and overburdening a jury and prejudicing Brookside.

6

2.  Convenienc, Expedience, and Economy

Venue for civil actions against domestic corporations, like Brookside, is appropriate in the county in which the domestic corporation is situated.

> "An action, other than one of those mentioned in first three sections of this article, against a corporation created by the laws of this state, may be brought in the county in which it is situated, or has its principal office or place of business, or in which any of the principal officers thereof may reside, or be summoned, or in the county where the cause of action or some part thereof arose, or in any county where a codefendant of such corporation created by the laws of this state may properly be sued."

12 O.S. § 134.

Brookside is situated in Tulsa County, Oklahoma. Its principle offices are located in Tulsa County, Oklahoma. Brookside's principle officer, Brian Nunnely, resides in Tulsa County, Oklahoma. Plaintiffs' cause of action against Brookside arises from Fire 2 – not Fire 1 – which took place in Tulsa County, Oklahoma. Resolution of Plaintiffs' bailment claim against Brookside turns on questions of law and fact concerning events that took place in Tulsa County – not Osage County.

Venue for the Brookside Claim is appropriate in Osage County under Section 134 only because venue against the Carriers, codefendants of Brookside – may properly be sued there. Severing the Brookside Claim from the above-styled cause, and shifting the forum for the Brookside Claim to Tulsa County, however, would be far more convenient for discovery and trial. Brookside is located in Tulsa County, Oklahoma. The Brookside employees who picked up, inspected, and stored the Articles work in Tulsa County, Oklahoma. The Tulsa Fire Department firefighters who responded to, fought, and investigated Fire 2 are based in Tulsa. Brookside's fire investigator, who prepared a report of the incident following Fire 2, is located in Tulsa, Oklahoma. Clearly, it would be more convenient for the witnesses in the Brookside claim to try the case in Tulsa County; thus, severance is warranted.

7

WHEREFORE, Defendant FRSTeam Oklahoma, LLC, respectfully moves for an order severing Plaintiffs' claims against FRSTeam and defendants Safeco Insurance Company of America and Ace American Insurance Company.

Respectfully submitted,

McGIVERN & GILLIARD

Christopher C. King, OBA #18578
Bradley E. Bowlby, OBA #22847
P.O. Box 2619
Tulsa, OK 74101-2619
Tel:     (918) 584-3391
Fax:     (918) 592-2416
Email:  kking@mcgivernlaw.com
        bbowlby@mcgivernlaw.com
*Attorney for Defendant FRSTeam Oklahoma, LLC*

8

**CERTIFICATE OF MAILING**

This is to certify that on this, the ___ day of June, 2014, a true, correct, and exact copy of the above and foregoing instrument was mailed with proper postage thereon fully prepaid to:

Paul T. Boudreaux
Richardson Richardson Boudreaux & Keesling
7447 S. Lewis Ave.
Tulsa, OK 74136
Tel: 918-492-7674 / Fax: 918-493-1925
ptb@rrbklaw.com
*Attorneys for Plaintiffs*

William W. O'Connor / Lindy H. Collins
Newton O'Connor Turner & Ketchum
15 West Sixth Street, Suite 2700
Tulsa, OK 74119
Tel: 918-587-0101 / Fax: 918-587-0102
lcollins@newtonoconnor.com
*Attorneys for Defendant Safeco Insurance Company of America*

J. Derrick Teague / Marty R. Skrapka
Jennings Teague, P.C.
204 N. Robinson, Suite 1000
Oklahoma City, OK 73102
Tel: 405-609-6000 / Fax: 405-609-6501
dteague@jenningsteague.com
mskrapka@jenningsteague.com
*Attorneys for Defendant American Security Insurance Company*

9

# EXHIBIT 28

COPY

IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY          )
KATHLEEN JACKSON,               )
                                )
            Plaintiffs,          )
                                )
vs.                             )
                                )
SAFECO INSURANCE COMPANY OF     )
AMERICA, a Foreign For Profit    )    Case No: CJ-2014-81
Business Corporation;           )    Judge M. John Kane
                                )
ACE AMERICAN INSURANCE          )
COMPANY, a Foreign For Profit    )
Business Corporation, d/b/a Ace  )
Property and Casualty Companies; )
                                )
FRSTEAM OKLAHOMA, LLC, a        )
Domestic Limited Liability Company; & )
                                )
AMERICAN SECURITY INSURANCE     )
COMPANY, a Foreign For Profit    )
Business Corporation,           )
                                )
            Defendants.          )

District Court, Osage County, Okla.
FILED

SEP  3 2014

ANGIE BRUCE, Court Clerk
By_____ Deputy

## ORDER FOR HEARING

COMES NOW the Court, and sets the Defendant FRSTeam Oklahoma, LLC's Motion to

Sever for hearing in the above-referenced matter <u>Tuesday, October 21, 2014, beginning at 1:00</u>

<u>p.m.</u> in front of the undersigned Judge.

DATED this _3_ day of _SEPTEMBER_, 2014.

_____
HONORABLE JOHN KANE
JUDGE OF THE DISTRICT COURT

1

Prepared by:
Christopher C. King, OBA #18578
Bradley E. Bowlby, OBA #22847
**McGIVERN & GILLIARD**
P.O. Box 2619
Tulsa, Oklahoma 74101-2619
Tel: (918) 584-3391 / Fax: (918) 592-2416
Email: kking@mcgivernlaw.com
Email: bbowlby@mcgivernlaw.com
*Attorney for Defendant*

## CERTIFICATE OF MAILING

This is to certify that on this, the *5th* day of *September*, 2014, a true, correct, and exact copy of the above and foregoing instrument was sent ***Certified Mail, Return Receipt Requested*** with proper postage thereon fully prepaid to:

Paul T. Boudreaux
Richardson Richardson Boudreaux & Keesling
7447 S. Lewis Ave.
Tulsa, OK 74136
Tel: 918-492-7674 / Fax: 918-493-1925
ptb@rrbklaw.com
*Attorneys for Plaintiffs*

William W. O'Connor / Lindy H. Collins
Newton O'Connor Turner & Ketchum
15 West Sixth Street, Suite 2700
Tulsa, OK 74119
Tel: 918-587-0101 / Fax: 918-587-0102
lcollins@newtonoconnor.com
*Attorneys for Defendant Safeco Insurance Company of America*

J. Derrick Teague / Marty R. Skrapka
Jennings Teague, P.C.
204 N. Robinson, Suite 1000
Oklahoma City, OK 73102
Tel: 405-609-6000 / Fax: 405-609-6501
dteague@jenningsteague.com
mskrapka@jenningsteague.com
*Attorneys for Defendant American Security Insurance Company*

Christopher "Kris" King

_____
Christopher C. King

7855\6\ordhrg01-dak

# EXHIBIT 29

IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON AND MARY    §
KATHLEEN JACKSON,    §
     Plaintiffs    §
     §
VS.    §
     §
LIBERTY MUTUAL GROUP, INC., a    §     CASE NUMBER CJ-2014-81
Foreign For Profit Business Corporation d/b/a    §
Safeco Insurance Company; ACE    §
AMERICAN INSURANCE COMPANY, a    §
Foreign For Profit Business Corporation d/b/a    §
Ace Property and Casualty Companies;    §
OKLAHOMES REALTY, INC., a Domestic    §
for Profit Business Corporation, d/b/a First    §
Team; and AMERICAN SECURITY    §
INSURANCE COMPANY, a Foreign For    §
Profit Business Corporation,    §
     §
     Defendants.    §

## DEFENDANT ACE AMERICAN INSURANCE COMPANY'S
## ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, ACE American Insurance Company [misnamed as d/b/a Ace Property and Casualty Companies] ("Defendant" or "AAIC") and files its Original Answer and Affirmative Defenses to Plaintiffs' Third Amended Petition, and respectfully states as follows:

### I.

### ANSWER

1.     Defendant AAIC admits those allegations as to Plaintiffs only contained in Paragraph I of Plaintiffs' Third Amended Petition ("Paragraph I").

Defendant has insufficient information to admit or deny the allegations of Paragraph I as to Defendant Safeco Insurance Company of America ("SAFECO") and Defendant FRSTEAM Oklahoma, LLC ("FRSTeam"); therefore, denied.

Defendant AAIC admits that it is an insurance company that issued a Disaster Recovery Policy for the mortgage issued by Ocwen Mortgage Co. on the loan secured by property owned by Ernie Jackson located at 4214 County Road 2230, Barnsdall, OK ("loss location") evidenced by Certificate number DRPUS0000118556 ("Disaster Recovery Certificate"). Defendant AAIC denies that it conducts business as ACE Property and Casualty Companies. Defendant AAIC denies that ACE USA is a foreign entity doing business as the ACE Group or that it issued a policy applicable to the issues of this lawsuit. Defendant AAIC denies that ACE Limited does business as the ACE Group or issued a policy applicable to the issues of this lawsuit.

Defendant AAIC admits that this Court has jurisdiction over the subject matter and Defendant AAIC and that venue is proper.

Defendant AAIC denies any and all other allegations in paragraph I not specifically admitted.

2.      As to Paragraph II of Plaintiffs' Third Amended Petition ("Paragraph II"), Defendant AAIC admits that the Plaintiffs suffered a fire at 4214 County Road 2230, Barnsdall, OK on July 9, 2012 and that on or about August 17, 2012 they made a claim against their Disaster Recovery Certificate asserting that the fire loss caused them to be displaced from the loss location and vandalism of the premises subsequent to the fire loss caused additional damages. Defendant AAIC paid the benefits under the Disaster Recovery Certificate through February 28, 2013 (almost eight months of benefits), even though the reasonable time to repair the fire and vandalism damages per Plaintiffs' contractor was five to six weeks.

Defendant AAIC has insufficient information to admit or deny the allegations of Paragraph II as to SAFECO and FRSTeam; therefore, denied.

Further as to Paragraph II, Defendant AAIC denies that it has only partially compensated Plaintiffs; denies that it violated its duties of good faith and fair dealing with regard to Plaintiffs; denies that it failed to deal with Plaintiffs fairly and in good faith; and denies that it violated any insurance code.

Defendant AAIC denies any and all other allegations in Paragraph II not specifically admitted.

3.      Defendant AAIC denies that Plaintiffs are entitled to the relief requested in Paragraph III of Plaintiffs' Third Amended Petition ("Paragraph III") as to Defendant AAIC.

Defendant AAIC has insufficient information to admit or deny the allegations of Paragraph III as to SAFECO and FRSTeam; therefore, denied.

## II.

## DEFENDANT AAIC'S AFFIRMATIVE DEFENSES

4.      In accordance with §12-2008C of the Oklahoma Rules of Civil Procedure, Defendant asserts the affirmative defenses of: (1) contributory and/or comparative negligence, (2) assumption of risk, (3) payment, and (4) offset.

5.      By way of affirmative defense, AAIC would assert all affirmative defenses available to it under Oklahoma Law and the factual evidence presented at the time of trial.

6.      By way of affirmative defense, AAIC asserts the terms, conditions, exclusions, endorsements and limits of the Disaster Recovery Certificate.

7.      By way of affirmative defense, AAIC specifically denies that it violated any statutory or common law duty to act in good faith or deal fairly or violated any insurance code provision.

8.      AAIC denies that it, its agents, servants or employees were guilty of any act or conduct constituting a breach of contract or bad faith claims handling.  To the contrary, AAIC alleges that at all times, its agents, servants or employees were consistent with their duties, responsibilities and obligations in providing insurance coverage and handling claims in a responsible, professional and fair manner.

9.      AAIC denies that it has committed insurance bad faith upon the grounds that there exists a legitimate disagreement and/or dispute between it and the plaintiff in regard to its insurance claim.

10.     Plaintiff's Third Amended Petition fails to state a cause of action for punitive damages.

11.     Plaintiff's Third Amended Petition, to the extent that it seeks punitive damages, violates AAIC's right to both procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Oklahoma in that:

A.      The standards under which such claims are submitted are so vague as to be effectively meaningless and threaten the deprivation of property for the benefit of society without the protection of fundamentally fair procedures;

B.      The highly penal nature of punitive damages threatens the possibility of excessive punishment and almost limitless liability without the benefit of fundamentally fair procedures and any statutory limitations;

C.      The introduction of evidence of financial worth is so prejudicial as to impose liability and punishment in a manner bearing no relation to the extent of injury;

D.    Oklahoma Law does not place a reasonable constraint on the jury's discretion when considering punitive damages;

E.    Oklahoma Law does not provide sufficient post-trial procedures and standards, at the District Court level, for scrutinizing a punitive damage award;

F.    Oklahoma law is not sufficiently established for adequate appellate review of punitive damage awards.

12.    Plaintiff's Third Amended Petition, to the extent it seeks punitive damages, violates AAIC's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and the Constitution of the State of Oklahoma.

13.    Plaintiff's Third Amended Petition, to the extent it seeks punitive damages, violates AAIC's right to equal protection under the law and is otherwise unconstitutional under the United States Constitution and the Constitution of the State of Oklahoma.

14.    Plaintiff's claim for punitive damages is unconstitutional and in violation of the due process clauses contained in the Fifth and Fourteenth Amendments to the United States Constitution and in Section 7, Article II of the Oklahoma Constitution in that, among other reasons, the standards for an award of punitive damages are unconstitutionally vague, and the issue is so prejudicial as to render an award the product of bias and passion in a way lacking the basic elements of fundamental fairness, in the absence of existing statutory limitations on a maximum possible award, and could unfairly result in an award bearing no relation to the nature and extent of Plaintiff's injuries.

15.    Plaintiff's claim for punitive damages is unconstitutional under Article II, Section 9 of the Oklahoma Constitution in that, among other reasons, it constitutes an excessive fine designed to punish a wrongdoer for the benefit of society.

16.     Plaintiff's claims for punitive damages are contrary to the United State Supreme

Court decision in *State Farm v. Campbell*, 123 S.Ct. 1513, (2003).

17.     If there are any material allegations which AAIC has not denied which adversely

affect its rights it here and now denies the same.

### III.

### PRAYER

WHEREFORE, Defendant ACE American Insurance Company prays that Plaintiffs take

nothing by way of their Third Amended Petition, and that it be dismissed from this action,

together with all attorneys' fees and costs, and for such other relief, both in law and equity, to

which it may be justly entitled.

Respectfully submitted,

PIERCE COUCH HENDRICKSON
BAYSINGER & GREEN L.L.P.

Jason Robertson, OBA # 17696
907 South Detroit, Suite 815
Tulsa, OK 74120
918-583-8100
918-583-8107 fax
jrobertson@piercecouch.com

**COUNSEL FOR DEFENDANT**
**ACE AMERICAN INSURANCE COMPANY**

Of Counsel:
Alicia G. Curran, Attorney-in-Charge
Texas State Bar Number 12587500
acurran@cozen.com
COZEN O'CONNOR
1717 Main Street, Suite 3400
Dallas, Texas 75201-7335
Telephone:  (214) 462-3000
Facsimile:  (214) 462-3299

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above document has been filed and forwarded to all counsel of record via certified mail, return receipt requested, on this the _5th_ day of September, 2014, as follows:

Paul T. Boudreaux
7447 South Lewis Avenue
Tulsa, Oklahoma 74136
*Attorneys for Plaintiffs*

Lindy Collins
Newton O'Connor Turner & Ketchum, P.C.
2700 Bank of America Center
15 West Sixth Street
Tulsa, OK 74119-5423
*Attorneys for Defendant Safeco Insurance Co. of America*

Christopher C. King
McGivern & Gilliard, PC
Legal Arts Building
1515 South Boulder
P.O. Box 2619
Tulsa, Oklahoma 74119-2619
*Attorneys for Defendant FR Steam Oklahoma LLC*

Jason Robertson

LEGAL\19982807\1

Defendant ACE American Insurance Company's
Original Answer And Affirmative Defenses

Page 7

# EXHIBIT 30

**EXHIBIT 30**

IN THE DISTRICT COURT OF OSAGE COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| ERNIE JACKSON and MARY KATHLEEN JACKSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CJ-2014-00081 |
| | ) | |
| SAFECO INSURANCE COMPANY OF AMERICA, a Foreign For Profit Business Corporation, ACE AMERICAN INSURANCE COMPANY, a Foreign For Profit Business Corporation, d/b/a Ace Property and Casualty Companies; ACE LIMITED, a Foreign Corporation, and ACE USA, a Foreign Corporation, d/b/a The Ace Group, and FRSTEAM OKLAHOMA, LLC, a Domestic Limited Liability Company, | ) ) ) ) ) ) ) ) ) ) ) | *Honorable Judge M. John Kane* |
| | ) | |
| Defendants. | ) | |

District Court, Osage County. Okla.
FILED

SEP 1 2 2014

ANGIE BRUCE, Court Clerk
By_____ Deputy

## SAFECO INSURANCE COMPANY OF AMERICA'S RESPONSE IN SUPPORT OF FRSTEAM OKLAHOMA, LLC'S MOTION TO SEVER

Defendant Safeco Insurance company of America ("Safeco") respectfully submits

this response in support of Defendant FRSTeam Oklahoma, LLC's ("FRSTeam") Motion

to Sever.

## ARGUMENT AND AUTHORITY

Defendant FRSTeam was improperly joined as a defendant under OKLA. STAT. tit.

12, § 2020(A)(2), and all claims against FRSTeam should be.  Persons may only be joined

as defendants: (1) if any right to relief is asserted against them jointly, severally, or in

the alternative which arises out of the same transaction or occurrence; (2) if the claims arise out of a series of transactions or occurrences and any question of law or fact common to all defendants will arise in the action; or (3) if the claims are connected with the subject matter of the action. OKLA. STAT. tit. 12, § 2020(A)(2)(a)-(c). Plaintiffs' claims against FRSTeam do not satisfy the standard for joinder of a party under Oklahoma law. Accordingly, FRSTeam was improperly joined, and Plaintiffs' claims against FRSTeam should be severed.

There is no common question of law or fact, and Plaintiffs' claims arise out of separate occurrences. FRSTeam correctly identifies *Watson v. Batton*, 1998 OK CIV APP 50, 958 P.2d 812, as controlling authority with respect to misjoinder. *See also A-Plus Janitorial & Carpet Cleaning v. Employers' Workers' Comp. Ass'n*, 1997 OK 37, ¶ 21, 936 P.2d 916, 926 (holding that both Oklahoma and federal jurisprudence is instructive for joinder); *DIRECTV, Inc. v. Hurst*, 2004 U.S. Dist. LEXIS 19564, 4-6 (W.D. Okla., Aug. 8, 2004) (joinder was inappropriate for multiple defendants who had purchased and sold illegal signal theft devices, even though the claims against them were identical, because they did not arise out of the same transaction or occurrence). The plaintiff in *Watson* attempted to join two alleged tortfeasors, each involved in a separate car accident with the plaintiff, in one action claiming her injuries were indivisible. At ¶ 4, 958 P.2d at 814. The court rejected plaintiff's argument and severed the parties, holding that each accident was an individual occurrence, even if there were similarities, and even if her

existing injuries were exacerbated by the second accident. *Id.* at ¶ 5, 958 P.2d at 814.

The present case involves much greater disparity between claims. Plaintiffs' claims against Safeco and other defendant insurance companies (the "Insurers") are only for a breach of the duty of good faith and fair dealing. Pls.' 3rd Am. Pet. 2-3. Plaintiffs' claims against FRSTeam involve Plaintiffs' personal property that purportedly was damaged in two separate fires, which FRSTeam has correctly described as a bailment action. Pls.' 3rd Am. Pet. 3. To prove a bad faith claim, Plaintiffs must show that (1) Plaintiffs were entitled to coverage, (2) the Insurers unreasonably refused payment, (3) the Insurers did not deal fairly and in good faith, and (4) that the bad faith was a direct cause of Plaintiffs' injury. *Ball v. Wilshire Ins. Co.*, 2009 OK 38, ¶ 21, 221 P.3d 717, 724.

To prove a claim of negligent bailment, Plaintiffs must show that FRSTeam acted without ordinary care. *Aberson v. Sa Hong*, 1990 OK CIV APP 12, ¶¶ 4-6, 788 P.2d 972, 973. There is no similarity in the legal elements of the two claims. There is no claim that Safeco's selection of FRSTeam was negligent, and there is no claim, nor any legal basis to claim, that FRSTeam's alleged negligence contributed to the Insurers' alleged bad faith.

Additionally, there is no commonality of facts that must be proved by Plaintiffs to prevail on their bad faith claim and their bailment claim. The facts relating to the Insurers' claims handling are entirely unrelated to the facts surrounding FRSTeam's

treatment of Plaintiffs' personal property. The incidents are wholly separate, occurring at different times, in different locations, and involving different parties.

FRSTeam's handling of Plaintiffs' personal property was a separate transaction, distinct from the Insurers' claims handling. The alleged damage by FRSTeam to Plaintiffs personal property is entirely unrelated to a claim for bad faith, regardless of what occurred during FRSTeam's bailment. Accordingly, the bailment claim against FRSTeam should be severed.

## CONCLUSION

In accordance with the foregoing, Defendant Safeco Insurance Company of America respectfully requests that the Court grant FRSTeam's Motion to Sever, and sever Plaitniffs' bailment claim against FRSTeam from the remaining bad faith claims against the Defendant Insurers.

Respectfully submitted,

*Lindy H. Collins /WW*

William W. O'Connor, OBA No. 13200
**Lindy H. Collins**, OBA No. 30579
NEWTON O'CONNOR TURNER & KETCHUM, PC
15 West Sixth Street, Suite 2700
Tulsa, OK 74119
(918) 587-0101 Telephone
(918) 587-0102 Facsimile

**ATTORNEYS FOR DEFENDANT, SAFECO
INSURANCE COMPANY OF AMERICA**

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of September, 2014, a true and correct copy of the forgoing was delivered via U.S. Mail, postage prepaid, to:

Paul T. Boudreaux
RICHARDSON RICHARDSON BOUDREAUX
7447 S. Lewis Avenue
Tulsa, OK 74136
**ATTORNEYS FOR PLAINTIFFS**

Christopher C. King
MCGIVERN & GILLIARD
1515 S. Boulder
PO BOX 2619
Tulsa, OK 74101-2619
**ATTORNEYS FOR FRSTeam Oklahoma, LLC**

J. Derrick Teague
Marty R. Skrapka
JENNINGS TEAGUE, P.C.
204 N. Robinson, Suite 100
Oklahoma City, OK 73102
**ATTORNEYS FOR AMERICAN
SECURITY INSURANCE COMPANY**

_Lindy H. Collins/ww_
Lindy H. Collins

# EXHIBIT 31

IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| ERNIE JACKSON and MARY KATHLEEN JACKSON, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case Number: CJ-2014-81 |
| | ) |
| | ) Judge Kane |
| vs. | ) |
| | ) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Foreign For Profit Business Corporation, ACE AMERICAN INSURANCE COMPANY, a Foreign For Profit Business Corporation, d/b/a Ace Property and Casualty Companies; FRSTEAM OKLAHOMA, LLC, a Domestic Limited Liability Company; and AMERICAN SECURITY INSURANCE COMPANY, a Foreign For Profit Business Corporation, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT FRSTEAM
OKLAHOMA, LLC'S MOTION TO SEVER

COME NOW the Plaintiffs, Ernie Jackson and Mary Kathleen Jackson, by and through their attorneys of record, Richardson Richardson Boudreaux, and submt their response in opposition to Defendant, FRSTeam Oklahoma, LLC's Motion to Sever. In support thereof, Plaintiffs submit the following:

INTRODUCTION

Contrary to Defendant's contention in its Motion to Sever, Plaintiffs' lawsuit does not arise from two separate incidents. Plaintiffs' claims arise out of the same transaction or occurrence, i.e. Plaintiffs' pursuit of payment for damages that they incurred as a result of a fire at their home, and as a result of the subsequent theft/vandalism of their home. Accordingly,

because Defendant FRSTeam Oklahoma, LLC's ("Defendant") actions form part of Plaintiffs' claim for damages, Plaintiffs properly joined Defendant, FRSTeam Oklahoma, LLC ("Defendant"), pursuant to 12 O.S. § 2020, and Defendant's Motion to Sever should be denied.

### ARGUMENTS & AUTHORITIES

Pursuant to the Oklahoma Pleading Code, Plaintiffs are able to join all persons in one action if they assert any right to relief jointly, severally, or in the alternative:

    a.    in respect of or arising out of the same transaction or occurrence, or

    b.    if the claims arise out of a series of transactions or occurrences and any question of law or fact common to all these persons will arise in the action, or

    c.    if the claims are connected with the subject matter of the action.

12 O.S. § 2020(A)(1)(a)-(c). Because 12 O.S. § 2020 parallels the language of Rule 20 of the Federal Rules of Civil Procedure, "both state and federal jurisprudence on the subject is instructive." *A-Plus Janitorial & Carpet Cleaning v. Employers' Workers' Compensation Ass'n*, 1997 OK 37, 936 P.2d 916, 926. The rule on what constitutes "the same series of transactions or occurrences" for purposes of joinder under Rule 20 "must be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, all with a view to preventing multiple lawsuits." *Id.* Whether a request to remove a defendant pursuant to Oklahoma's misjoinder statute should be granted or denied rests within the sound discretion of the trial court. *Id.* at 927.

An important consideration in determining whether to sever a party from litigation is whether the severance will prejudice any of the parties in the litigation. *See Echols v. OMNI Medical Group, Inc.*, 751 F.Supp.2d 1214, 1217 (N.D. Okla. 2010). In *Echols*, the Northern District of Oklahoma cited *Newman-Green v. Alfonzo-Larrain*, 109 S.Ct. 2218, 109 S.Ct. 2218,

104 L.Ed.2d 893 (1989), a United States Supreme Court case, and held that because the plaintiff would be forced to litigate his case on two fronts in two separate jurisdictions if his case was severed, it would expose him to a risk of inconsistent judgments. Therefore, the *Echols* court found that because the plaintiff could be severely prejudiced if the claims were severed, and because there would be no significant prejudice suffered by the parties if the claims were not severed, the request to sever the plaintiff's claims should be denied. *Id.* at 1215-1216.

When reviewing the facts identified in Plaintiffs' Petition and in Defendant's Motion to Sever, it is clear that Plaintiffs have properly joined Defendant in their lawsuit, and this Court should similarly deny Defendant's Motion to Sever. According to the allegations in Plaintiffs' lawsuit, Plaintiffs suffered a fire at their home, and they, thereafter, endured acts of theft and vandalism. [*See* Third Am. Pet., p. 2, attached hereto as Ex. "1"]. Plaintiffs made a proper claim with Defendant Safeco Insurance Company of America ("Safeco"), their insurance company. During Safeco's handling of their claim, Plaintiffs alleged that their property was further damaged by the acts and/or omissions of Defendant. [*Id.* at pp. 2-3]. This is confirmed by the allegations in Defendants' Motion to Sever, which provide that certain smoke-damaged items were further damaged when they were taken by Defendant, at Safeco's request, to be restored. In their lawsuit, Plaintiffs are seeking to be compensated for all losses that they incurred as a result of the fire at their home. This includes compensation for the loss of the smoke-damaged items that Defendant took possession of.

Defendant cites to *Watson v. Batton*, 1998 OK CIV APP 50, 958 P.2d 812, to support its position that Plaintiffs' claim against it should be severed from the lawsuit. However, when closely reviewing the facts in *Watson* in comparison to the facts in this case, *Watson* is clearly distinguishable. In *Watson*, the plaintiff was in a car accident in October of 1995 with one

defendant, and then, about six (6) months later, she was in a second accident with the second defendant. In agreeing with the lower courts determination that the plaintiff misjoined the second defendant, the Oklahoma Court of Civil Appeals relied upon three specific facts: 1) that the accidents were separate, 2) that the accidents were each an individual occurrence, and 3) that the plaintiff received "separate and distinct" injuries from each accident. *Watson*, 958 P.2d at 814.

Here, although there were two fires, there were not two separate and individual occurrences that resulted in "separate and distinct" injuries. Rather, Plaintiffs' claims arise out of the same transaction or occurrence, i.e. the handling of Plaintiffs' fire loss claim, and Plaintiffs are seeking damages as a result of both Defendant and Safeco's involvement in that transaction or occurrence. This is sufficient to join Defendant and Safeco together in one lawsuit. *See* 12 O.S. § 2020(A)(1)(a). Additionally, unlike the plaintiff in *Watson*, Plaintiffs' damages in this case are not "separate and distinct", but connected and intertwined. A determination must be made as to whether Safeco or Defendant is liable for the damages being sought by Plaintiffs, and evidence of both defendants' involvement is necessary to make that determination. Similar to the defendants in *Echols*, the defendants in this case could benefit from an "empty chair" defense that would not be available at a joint trial, and it is undoubtedly possible that a jury could find in favor of each separate defendant based on "empty chair" arguments. Therefore, rather than expose Plaintiffs to a risk of inconsistent judgments, this Court should deny Defendant's request to sever Plaintiffs claims. *Echols*, 751 F.Supp.2d at 1217.

Ultimately, Defendant has failed to sufficiently establish that Plaintiffs' claims against Defendant and Safeco are misjoined pursuant to 12 O.S. § 2021. Section 2021 of Title 12 of the Oklahoma Statutes specifically provides that "[i]n determining whether to add or drop parties under this section, the court shall consider if in the interest of justice such action provides a fair

and convenient forum for **all** parties." *Id.* (emphasis added). Defendant attempts to argue that because its offices and employees are located in Tulsa County, it would be more convenient to pursue Plaintiffs claim against it in Tulsa County. However, to the contrary, it would be much more inconvenient for Plaintiffs, who reside in Osage County, to have to pursue one claim in Osage County, and a second claim in Tulsa County, when both claims can be pursued together in Osage County. The lawsuit in its current posture is a fair and convenient forum for all parties, and it shall not be severed. Therefore, Defendant's Motion to Sever should be denied.

WHEREFORE, Plaintiffs Ernie Jackson and Mary Kathleen Jackson respectfully request that this Court deny Defendant, FRSTeam Oklahoma, LLC's Motion to Sever, and grant any other further relief that this Court deems just and proper.

Respectfully submitted,

**Richardson Richardson Boudreaux**

Paul T. Boudreaux, OBA #990
Melissa A. East, OBA #21695
7447 South Lewis Avenue
Tulsa, Oklahoma 74136
(918) 492-7674 *Telephone*
(918) 493-1925 *Facsimile*
*Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby acknowledge and certify that on the 16th day of September, 2014, I mailed a true and correct copy of the above and foregoing instrument, postage paid, via U.S. Regular Mail to:

J. Derrick Teague
Marty R. Skrapka
Jennings Teague, PC
204 North Robinson, Suite 1000
Oklahoma City, OK 73102
dteague@jenningsteague.com
mskrapka@jenningsteague.com
*Attorneys for American Security Insurance Company (ASIC)*

Lindy H. Collins
William W. O'Connor
Newton, O'Connor Turner & Ketchum, PC
15 West Sixth Street, Suite 2700
Tulsa, OK  74119
lcollins@newtonoconnor.com
*Attorneys for Safeco Insurance Company of America*

Christopher C. King
McGivern & Gilliard
Legal Arts Building
1515 South Boulder
P.O. Box 2619
Tulsa, Oklahoma 74101-2619
Kking@mcgivernlaw.com
*Attorneys for FRSTeam Oklahoma, LLC*

Jason Robertson
Pierce, Couch
907 S. Detroit, #815
Tulsa, OK 74120
*Attorneys for Ace*

Of Counsel:
Alicia G. Curran
Cozen O'Connor
1717 S. Main Street, Suite 3400
Dallas, Texas  75202-7335

**For the Firm**

IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY KATHLEEN  )
JACKSON,                          )
                                  )
                                  )
                 Plaintiffs,      )
                                  )   Case Number: CJ-2014-81
                                  )
                                  )   Judge Kane
vs.                               )
                                  )
SAFECO INSURANCE COMPANY OF       )
AMERICA, a Foreign For Profit Business  )
Corporation, ACE AMERICAN INSURANCE )
COMPANY, a Foreign For Profit Business  )
Corporation, d/b/a Ace Property and   )
Casualty Companies; ACE LIMITED, a   )
Foreign Corporation; ACE USA, a    )
Foreign Corporation, d/b/a        )
The Ace Group, and FRSTEAM        )
OKLAHOMA, LLC, a Domestic Limited  )
Liability Company;                )
                                  )
                 Defendants.      )

```
┌────────────────────────────────────┐
│ District Court, Osage County, Okla. │
│              FILED                  │
│                                     │
│          JUL · 1 2014               │
│                                     │
│      ANGIE BRUCE, Court Clerk       │
│   By_____Deputy          │
└────────────────────────────────────┘
```

### THIRD AMENDED PETITION

COME NOW the Plaintiffs, and for their causes of action against the

Defendants, allege and state as follows:

### I. PARTIES, JURISDICTION & VENUE

The Plaintiffs are residents of Barnsdall, Oklahoma, where the causes of

action arose. The Defendant, Safeco Insurance Company of America, (SAFECO) is a

foreign for profit Business Corporation, doing business in Oklahoma, where the

applicable insurance policy was issued. The Defendant, Ace American Insurance

Company (ACE), is also a foreign for profit Business Corporation, doing business in

Oklahoma as Ace Property and Casualty Companies, where the applicable insurance

1



policy was issued. The Defendants, ACE Limited and ACE USA are Foreign entities, doing business as the ACE Group, and issued additional insurance policies that are applicable to these issues. The Defendant, FRSTEAM Oklahoma, LLC, is a Domestic Limited Liability Company, doing business in Oklahoma as FRSTEAM (FRSTeam).

The Plaintiffs' residence is located and the original property damage involved initially occurred at 4214 County Road, 2230 in Barnsdall, Oklahoma, 74002-5150. This Court, therefore, has jurisdiction over the subject matter and Parties. Venue is also appropriate.

## II. FACTUAL ALLEGATIONS

On July 9th, 2012, Plaintiffs suffered a fire at their residence. Thereafter, Plaintiffs endured acts of theft and vandalism, all for which they made claims for damages with the appropriate Defendants, named herein. During the handling of Plaintiffs' claim, the Defendant, FRSTeam, allowed Plaintiffs' property to be further damaged and/or destroyed and is also liable to the Plaintiffs.

Plaintiffs have attempted to recover reasonable compensation for their damages and losses, and they have made proper claims. However, they have only been partially compensated. Furthermore, the insurance companies violated their duties of good faith and fair dealing, by refusing to pay the Plaintiffs the proper amounts for their valid claims pursuant to the applicable insurance policies, through improper investigations, failures to evaluate the results of the investigations that they did perform with no reasonable basis for their refusals, and offering to satisfy the Plaintiffs' claims with unreasonably low amounts. The insurers did not deal fairly and in good faith with Plaintiffs, and the violations by the insurance

2

companies of their duties of good faith and fair dealing were the direct cause of injuries and damages to the Plaintiffs, including financial losses, embarrassment, loss of reputation, mental pain and suffering.

FRSTeam removed Plaintiff's property from the residence after being hired by SAFECO, allowed it to be damaged and/or destroyed, and did not return all of it to the Plaintiffs in a satisfactory manner.

### III. REQUEST FOR RELIEF

**WHEREFORE,** Plaintiffs seek actual damages for an unspecified amount in excess of $75,000, along with prejudgment interest from the date of the losses, attorney fees and costs incurred. **FURTHERMORE,** the conduct of the Defendants, and each of them, was willful, wanton, outrageous and in gross disregard for the rights of the Plaintiffs. Therefore, Plaintiffs also seek punitive and exemplary damages for an unspecified amount in excess of $75,000, to be determined by a jury of their peers.

Respectfully submitted,

Richardson Richardson Boudreaux

Paul T. Boudreaux, OBA #990
7447 South Lewis Avenue
Tulsa, Oklahoma 74136
(918) 492-7674 – Telephone
(918) 493-1925 – Facsimile
ptb@rrbklaw.com
*Attorneys for the Plaintiffs*

**JURY TRIAL DEMANDED**
**ATTORNEYS LIEN CLAIMED**

3

## CERTIFICATE OF MAILING

I hereby certify and acknowledge that on the _30th_ day of June, 2014, I mailed a true and correct copy of the above and foregoing Amended Petition, via U.S. Regular mail, postage prepaid to:

J. Derrick Teague
Marty R. Skrapka
Jennings Teague, PC
204 North Robinson, Suite 1000
Oklahoma City, OK 73102
dteague@jenningsteague.com
mskrapka@jenningsteague.com
*Attorneys for American Security Insurance Company (ASIC)*

Lindy H. Collins
William W. O'Connor
Newton, O'Connor Turner & Ketchum, PC
15 West Sixth Street, Suite 2700
Tulsa, OK 74119
lcollins@newtonoconnor.com
*Attorneys for Safeco Insurance Company of America*

Christopher C. King
McGivern & Gilliard
Legal Arts Building
1515 South Boulder
P.O. Box 2619
Tulsa, Oklahoma 74101-2619
Kking@mcgivernlaw.com
*Attorneys for FRSTeam Oklahoma, LLC*

Paul T. Boudreaux

4

# EXHIBIT 32

IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY ）
KATHLEEN JACKSON, ）
）
Plaintiffs, ）
）   Case Number: CJ-2014-81
）
）   Judge Kane
vs. ）
）   ATTORNEY LIEN CLAIMED
SAFECO INSURANCE COMPANY ）
OF AMERICA, a Foreign For Profit ）
Business Corporation, ACE AMERICAN ）
INSURANCE COMPANY, a Foreign For ）
Profit Business Corporation, d/b/a Ace ）
Property and Casualty Companies; ）
FRSTEAM OKLAHOMA, LLC, a ）
Domestic Limited Liability Company; ）
and AMERICAN SECURITY ）
INSURANCE COMPANY, a Foreign For ）
Profit Business Corporation, ）
）
Defendants. ）

## APPLICATION TO WITHDRAW AS ATTORNEYS FOR PLAINTIFFS

COMES NOW, Paul T. Boudreux and the law firm Richardson Richardson Boudreaux ("Movants") and hereby respectfully submit this Application to Withdraw as attorneys of record for Plaintiffs Ernie and Mary Kathleen Jackson. In support of this Motion, Movants state as follows:

1.   Movants are requesting to withdraw as counsel for Plaintiffs in this matter.

2.   Movants have notified Plaintiffs of their intent to withdraw as their counsel.

3.   Movants request the Court allow Plaintiffs to obtain new counsel who shall enter their appearance and/or for Plaintiffs enter an appearance on their own behalf (*pro se*) within thirty (30) days of the filing of the Order allowing Movants' withdrawal.

4.   There is pending written discovery requests from FRSTeam Oklahoma, LLC that has

been stayed pending Plaintiffs obtaining new counsel. There is a hearing for Motion to Sever that is currently scheduled on Tuesday, October 21, 2014.  Counsel for FRSteam has advised that they intend to reset the hearing as a result of this motion.

5.      That the last known address for Plaintiff appears below for notice by this Court.

6.      Defendants' counsel does not object to this motion.

**WHEREFORE,** Paul T. Boudreaux and the law firm of Richardson Richardson Boudreaux, counsel of record for Plaintiff, request that the Court will Order that counsel and their firm be permitted to withdraw from further representation of Plaintiff in this matter and further Order that Plaintiff be given thirty (30) days to seek and obtain counsel or enter an appearance *pro se* in order to preserve Plaintiff's rights in this matter.

Respectfully submitted,

**RICHARDSON RICHARDSON BOUDREAUX**


Paul T. Boudreaux, OBA# 990
7447 South Lewis Avenue
Tulsa, Oklahoma   74136
(918) 492-7674 *Tel*
(918) 493-1925 *Fax*
***Movants***


**ATTORNEY LIEN CLAIMED**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 17 day of October, 2014, a true and correct copy of the foregoing instrument was mailed with proper postage prepaid thereon to:

Ernie and Mary Kathleen Jackson
P.O. Box 317
Barnsdall, OK 74002

William W. O'Connor
Lindy H. Collins
Newton O'Connor Turner & Ketchum, PC
15 W. 6th St., Suite 2700
Tulsa, Oklahoma 74119
Facsimile (918) 587-0102
*Attorneys for the Defendant,*
*Safeco Insurance Company of America*

Christopher C. King
McGivern & Gilliard
P.O. Box 2619
Tulsa, OK 74101-2619
*Attorneys for the Defendant,*
*FRSTeam Oklahoma, LLC*

Jason Robertson
Pierce, Couch
907 S. Detroit, #815
Tulsa, OK 74120
*Attorneys for Ace*

For the Firm

3

# EXHIBIT 33

IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY          )
KATHLEEN JACKSON,               )
                                )
            Plaintiffs,          )
                                )          Case Number: CJ-2014-81
                                )
                                )          Judge Kane
vs.                             )
                                )          ATTORNEY LIEN CLAIMED
SAFECO INSURANCE COMPANY        )
OF AMERICA, a Foreign For Profit )
Business Corporation, ACE AMERICAN )
INSURANCE  COMPANY, a Foreign For)
Profit Business Corporation, d/b/a Ace )
Property and        Casualty Companies;)
FRSTEAM OKLAHOMA, LLC, a        )
Domestic Limited Liability Company; )
and AMERICAN SECURITY           )
INSURANCE COMPANY, a Foreign For )
Profit Business Corporation,    )
                                )
            Defendants.          )

## ORDER ALLOWING WITHDRAWAL

On this _70_ day of ___D CT._____, 2014, the undersigned was presented with

an Application to Withdraw of Paul T. Boudreaux and the law firm of Richardson Richardson

Boudreaux. For cause show, the Application is GRANTED. The Court finds as follows:

1.      Movants Paul T. Boudreaux and the law firm of Richardson Richardson

Boudreaux have requested to withdraw as counsel of record for Plaintiffs Ernie Jackson and

Mary Kathleen Jackson.

2.      Plaintiffs are to obtain new counsel who shall enter their appearance and/or

Plaintiffs shall enter an appearance on their own behalf (*pro se*) within thirty (30) days of the

1

filing of this Order allowing Movants' withdrawal.    Failure to do so may result in dismissal of this case without prejudice to the right of re-filing.

**IT IS THEREFORE ORDERED** the Application of Paul T. Boudreaux and the law firm of Richardson Richardson Boudreaux is **GRANTED** and Movants are hereby withdrawn as attorneys for Plaintiffs in this action.


Dated this ⟨20⟩ day of ⟨Oct.⟩        , 2014.

_____
JUDGE OF THE DISTRICT COURT

2

## CERTIFICATE OF MAILING

The undersigned certifies that on the 23rd day of October, 2014, the above and foregoing instrument was mailed, postage prepaid, to the following:

Ernie and Mary Kathleen Jackson
P.O. Box 317
Barnsdall, OK 74002

William W. O'Connor
Lindy H. Collins
Newton O'Connor Turner & Ketchum, PC
15 W. 6th St., Suite 2700
Tulsa, Oklahoma 74119
Facsimile (918) 587-0102
*Attorneys for the Defendant,*
*Safeco Insurance Company of America*

Christopher C. King
McGivern & Gilliard
P.O. Box 2619
Tulsa, OK 74101-2619
*Attorneys for the Defendant,*
*FRSTeam Oklahoma, LLC*

Jason Robertson
Pierce, Couch
907 S. Detroit, #815
Tulsa, OK 74120
*Attorneys for Ace*


For the Firm

3

# EXHIBIT 34

IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| ERNIE JACKSON AND MARY KATHLEEN JACKSON, | § § | CASE NUMBER CJ-2014-81 |
| Plaintiffs | § | |
| | § | |
| VS. | § | |
| | § | |
| LIBERTY MUTUAL GROUP, INC., a | § | |
| Foreign For Profit Business Corporation d/b/a | § | |
| Safeco Insurance Company; ACE | § | |
| AMERICAN INSURANCE COMPANY, a | § | |
| Foreign For Profit Business Corporation d/b/a | § | |
| Ace Property and Casualty Companies; | § | |
| OKLAHOMES REALTY, INC., a Domestic | § | |
| for Profit Business Corporation, d/b/a First | § | |
| Team; and AMERICAN SECURITY | § | |
| INSURANCE COMPANY, a Foreign For | § | |
| Profit Business Corporation, | § | |
| | § | |
| Defendants. | § | |

## MOTION TO ASSOCIATE COUNSEL

Defendant, ACE American Insurance Company, hereby moves the Court for an Order

permitting Alicia G. Curran to practice in the above-styled and numbered cause pursuant to the

Rules Creating and Controlling the Oklahoma Bar Association, 5 O.S. Ch. 1, App.1, Art. II.

This motion is supported by the attached "Signed Application" (Exhibit A), "Certificates of

Good Standing" (Exhibit B), and the "Certificate of Compliance" from the Oklahoma Bar

Association (Exhibit C).

Respectfully submitted,

PIERCE COUCH HENDRICKSON
BAYSINGER & GREEN L.L.P.

Jason Robertson, OBA # 17696
907 South Detroit, Suite 815
Tulsa, OK 74120
918/583-8100
918-583-8107 fax
jrobertson@piercecouch.com

ATTORNEYS FOR DEFENDANT
ACE AMERICAN INSURANCE COMPANY

Of Counsel:
Alicia G. Curran, Attorney-in-Charge
Texas State Bar Number 12587500
acurran@cozen.com
COZEN O'CONNOR
1717 Main Street, Suite 3400
Dallas, Texas 75201-7335
Telephone: (214) 462-3000
Facsimile: (214) 462-3299

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of ~~September~~ November, 2014, a true and correct copy of the above and foregoing was sent to all counsel of record, via certified mail, return receipt requested.

Paul T. Boudreaux
7447 South Lewis Avenue
Tulsa, Oklahoma 74136
*Attorneys for Plaintiffs*

J. Derrick Teague
Marty R. Skrapka
Jennings Teague, PC
204 North Robinson, Suite 1000
Oklahoma City, OK 73102
*Attorneys for American Security Insurance Company (ASIC)*

Lindy Collins
Newton O'Connor Turner & Ketchum, P.C.
2700 Bank of America Center
15 West Sixth Street
Tulsa, OK 74119-5423
*Attorneys for Defendant Safeco Insurance Co. of America*

Christopher C. King
McGivern & Gilliard, PC
Legal Arts Building
1515 South Boulder
P.O. Box 2619
Tulsa, Oklahoma 74119-2619
*Attorneys for Defendant FRSteam Oklahoma LLC*

Jason Robertson

Motion To Associate Counsel

Page 3



# APPLICATION APPROVED

## OUT OF STATE ATTORNEY REGISTRATION

| ALICIA | GRACE | CURRAN |
|--------|-------|--------|
| First Name | Middle Name | Last Name |

, Applicant, respectfully represents:

1. Applicant is an attorney at law and a member of the law firm of _____

COZEN O'CONNOR

with its principal offices located at 1900 MARKET STREET

| PHILADELPHIA | PHILADELPHIA | PA | 19103 |
|--------------|--------------|-----|-------|
| City | County    State | | Zip Code |

Mailing Address

| ( 215 )   665-2000 | ( 214) 462-3021 | ( 214)  462-3299 |
|--------------------|-----------------|------------------|
| Telephone (Firm) | Telephone (Applicant's Direct Dial) | Fax (Applicant) |

acurran@cozen.com . If Applicant's office address is different from above,

E-mail Address (Applicant)

please provide the following: 1717 MAIN ST., SUITE 3400

Mailing Address

| DALLAS | DALLAS | TX | 75201 |
|--------|--------|-----|-------|
| City | County | State | Zip Code |

2.   Applicant is admitted to practice and is a member in good standing (certificates of good standing attached) of the bar(s) of the highest state court(s) of the following state(s):

| State | Date of Admission |
|-------|-------------------|
| TEXAS | August 26, 1983 |

3.   Applicant is admitted to practice before the following United States District Courts, United States Circuit Courts of Appeal, the Supreme Court of the United States, and/or other tribunals on the dates indicated for each, and is presently a member in good standing of the bars of said courts:

| Tribunal | Date of Admission |
|----------|-------------------|
| The Supreme Court of Texas | August 26, 1983 |
| U.S. Court of Appeals 5th Circuit | September 20, 1991 |
| U.S. Court of Appeals 2nd Circuit | January 27, 2014 |
| U.S. Court of Appeals 3rd Circuit | January 17, 2014 |
| U.S. Dist. Crt. Southern Dist. Texas | December 8, 1995 |
| U.S. Dist. Crt. Northern Dist. Texas | June 11, 1993 |
| U.S. Dist. Crt. Eastern Dist. Texas | April 27, 2006 |
| U.S. Dist. Crt. Western Dist. Texas | June 16, 2006 |



**EXHIBIT**

**A**

| U.S. Dist. Crt. Western Dist. Oklahoma | PHV November 19, 2012 |
| Southern Dist. Court of New York | PHV July 26, 2013 |

4. Have you ever been suspended or disbarred in any court except as hereinafter provided (Give particulars; e.g. court, jurisdiction, date):  NO

5. Are you currently subject to any pending disciplinary proceedings by any organization with authority to discipline attorneys at law except as hereinafter provided (Give particulars; e.g. court, discipline authority, date, status):  NO

6. Have you ever received public discipline including, but not limited to, suspension or disbarment, by any organization with authority to discipline attorneys at law except as hereinafter provided (Give particulars; e.g. court, discipline authority, type of discipline, date, status):  NO

7. Have you ever had any certificate or privilege to appear and practice before any regulatory or administrative body suspended or revoked except as hereinafter provided (Give particulars; e.g. administrative body, date, status of suspension or reinstatement):
NO

8.   Applicant seeks admission to practice in the State of Oklahoma in the following matter (give particulars; e.g. caption of case, court or agency, type of matter, party to be represented): **Note - A separate application is to be submitted for each matter in which the applicant seeks admission!**

Case No. CJ2014-81, ERNIE JACKSON and MARY KATHLEEN JACKSON  v. LIBERTY MUTUAL GROUP, INC., a Foreign for Profit Business Corporation, d/b/a Safeco Insurance Company;ACE AMERICAN INSURANCE COMPANY, a Foreign for Profit Business Corporation d/b/a Ace Property and Casualty Companies; OKLAHOMES REALTY, INC., a Domestic for Profit Business Corporation d/b/a First Team; and AMERICAN SECURITY INSURANCE COMPANY, a Foreign for Profit Business Corporation;
IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY, STATE OF OKLAHOMA

---

---

9.  The Oklahoma Bar Association member who is counsel of record for Applicant in this matter is:

| Jason | | Robertson | 17696 |
|---|---|---|---|
| First Name | Middle Name | Last Name | O.B.A. Number |

Pierce Couch Hendrickson Baysinger & Green, L.L.P.

| 907 South Detroit,Suite 815 | , | Tulsa | , | OK | , | 74120 | |
|---|---|---|---|---|---|---|---|
| Mailing Address | | City | | State | | Zip Code | |

| ( 918 ) 583-8100 | , ( 918 ) 583-8107 | , jrobertson@piercecouch.com |
|---|---|---|
| Telephone Number | Fax Number | E-mail Address |

10.  The following accurately represents the names of each party in this matter and the names and addresses of each counsel of record who appear for that party:

| Party Name | Counsel Name | Address of Counsel |
|---|---|---|
| Ernie Jackson and | | |
| Mary Kathleen Jackson | Paul Boudreaux, | 7447 So. Lewis Ave., Tulsa, OK 74136 |
| Defendant Liberty Mutual - Dismissed | | |
| American Insurance Co., | Alicia G. Curran, | 1717 Main St. #3400, Dallas, TX 75201 |
| Defendant Oklahomes Realty, Inc. - Dismissed | | |
| Defendant American Security Insurance Co. - Dismissed | | |
| Defendant Safeco Ins. Co., | Lindy Collins, | 14 W. 6th St. #2700, Tulsa, OK 74119 |
| Defendant FRSTeam Ok. LLC, | Christopher Collins, | 1515 So. Boulder, Tulsa, OK 74119 |

11.  Applicant certifies that he/she shall be subject to the jurisdiction of the courts and disciplinary boards of this state with respect to the laws of this state governing the conduct of attorneys to the same extent as a member of the Oklahoma Bar Association.

12.  Applicant understands and shall comply with the standards of professional conduct required of members of the Oklahoma Bar Association.

13. Applicant has disclosed in writing to the client that the Applicant is not admitted to practice in this jurisdiction and the client has consented to such representation.

I, ALICIA G. CURRAN, do hereby swear/affirm under penalty of perjury that the assertions of this application are true:

I am the Applicant in the above referenced matter; I have read the foregoing and know the contents thereof; the same is true of my own knowledge except as to those matters therein stated on information and belief, and as to those matters I believe them to be true.

I further certify that I am subject to the jurisdiction of the Courts and disciplinary boards of this state with respect to the law of this state governing the conduct of attorneys to the same extent as a member of the Oklahoma Bar Association; I understand and shall comply with the standards of professional conduct required by members of the Oklahoma Bar Association; and that I am subject to the disciplinary jurisdiction of the Oklahoma Bar Association with respect to any of my actions occurring in the course of such appearance.

DATED this _____ day of AUGUST, 2014.

Alicia A. Curran
Applicant

Mail with check or money order (payable to the OBA) to:

Out-of-State Attorney Registration
Oklahoma Bar Association
P.O. Box 53036
Oklahoma City, OK 73152-3036

Form 200B

# STATE BAR OF TEXAS



Office of The Chief Disciplinary Counsel

August 04, 2014

RE:    Ms. Alicia G. Curran
       State Bar Number - 12587500

To Whom it May Concern:

This is to certify that Ms. Alicia G. Curran was licensed to practice law in Texas on August 26, 1983 and is an active member in good standing with the State Bar of Texas.

Good Standing means that the attorney is current on payment of Bar dues and attorney occupation tax; has met Minimum Continuing Legal Education requirements; and is not presently under either administrative or disciplinary suspension.

This certification expires 30 days from this date, unless sooner revoked or rendered invalid by operation of rule or law.

Linda A. Acevedo
Chief Disciplinary Counsel

LA/dh



**EXHIBIT**

**B**

P.O. Box 12487, Capitol Station, Austin, Texas 78711, 512-427-1463 or 1-800-204-2222



## Certificate of Compliance

Oklahoma Bar Association
1901 North Lincoln Boulevard
Post Office Box 53036
Oklahoma City, Oklahoma 73152-3036

The Oklahoma Bar Association, in response to the application of out-of-state attorney, submits the following certificate pursuant to 5 O.S. Ch.1 App.1, Art. II

1.  Applicant has submitted a signed application of out-of-state attorneys, certificate(s) of good standing, and the non-refundable application fee pursuant to the Rules Creating and Controlling the Oklahoma Bar Association, 5 O.S. Ch. 1, App. 1, Art. II.

2.  Date of Application: **August 15, 2014**

3.  Application Number: **2014-385**

4.  Applying Attorney: **Alicia Grace Curran**
    **Cozen O'Connor, P.C.**
    **1717 Main Street, Suite 3400**
    **Dallas, Texas 75201**

5.  The Application was: GRANTED

Dated this 19th day of August, 2014.



Gina L. Hendryx, General Counsel
Oklahoma Bar Association



EXHIBIT
C

Form 400C

# EXHIBIT 35

IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| ERNIE JACKSON AND MARY KATHLEEN JACKSON, Plaintiffs | § § § § | CASE NUMBER CJ-2014-81 |
| VS. | § § § | |
| LIBERTY MUTUAL GROUP, INC., a Foreign For Profit Business Corporation d/b/a Safeco Insurance Company; ACE AMERICAN INSURANCE COMPANY, a Foreign For Profit Business Corporation d/b/a Ace Property and Casualty Companies; OKLAHOMES REALTY, INC., a Domestic for Profit Business Corporation, d/b/a First Team; and AMERICAN SECURITY INSURANCE COMPANY, a Foreign For Profit Business Corporation, Defendants. | § § § § § § § § § § § § § § | |

## CERTIFICATE OF SERVICE

Jason A. Robertson, attorney for Defendant, Associated International Insurance Company certifies that on the 26th day of November, 2014, he mailed a file-stamped copy of the *Order Admitting to Practice* to all counsel of record.

Respectfully submitted,

**PIERCE COUCH HENDRICKSON
BAYSINGER & GREEN L.L.P.**

Jason Robertson, OBA # 17696
907 South Detroit, Suite 815
Tulsa, OK 74120
918-583-8100
918-583-8107 fax
jrobertson@piercecouch.com
ATTORNEYS FOR DEFENDANT ACE
AMERICAN INSURANCE COMPANY

Page 1

Of Counsel:
Alicia G. Curran, Attorney-in-Charge
Texas State Bar Number 12587500
acurran@cozen.com
COZEN O'CONNOR
1717 Main Street, Suite 3400
Dallas, Texas 75201-7335
Telephone:  (214) 462-3000
Facsimile:  (214) 462-3299

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of November, 2014, a true and correct copy of the above and foregoing was sent to all counsel of record, via certified mail, return receipt requested.

Lindy Collins
Newton O'Connor Turner & Ketchum, P.C.
2700 Bank of America Center
15 West Sixth Street
Tulsa, OK 74119-5423
*Attorneys for Defendant Safeco Insurance Co. of America*

Christopher C. King
McGivern & Gilliard, PC
Legal Arts Building
1515 South Boulder
P.O. Box 2619
Tulsa, Oklahoma 74119-2619
*Attorneys for Defendant FRSteam Oklahoma LLC*

Bransford H. Shoemake
Shoemake Law Office, P.C.
106 West Main Street
Pawhuska, OK 74056
*Attorney for Plaintiffs*

_____
Jason Robertson

Page 2

# EXHIBIT 36

**IN THE DISTRICT COURT OF OSAGE COUNTY**
**STATE OF OKLAHOMA**

| Case No. CJ-2014-81 | Judge M. John Kane IV |
|---|---|
| **ERNIE JACKSON,**<br>              **Plaintiff,**<br>    **v.**<br><br>**LIBERTY MUTUAL GROUP INC,**<br>              **Defendant.** | *For use by Court Clerk*, Osage County, Okla.<br>FILED<br><br>NOV 2 4 2014<br><br>Jennifer Burd, Court Clerk<br>By_____ Deputy |

## ENTRY OF APPEARANCE

COMES NOW, Shoemake Law Offices, P.C., and enters its appearance as counsel for, Ernie Jackson, Plaintiff, herein.

Dated this 24th day of November 2014.

Bransford H. Shoemake, OBA No. 8195
Shoemake Law Offices, P.C.
106 West Main Street
Pawhuska, OK 74056
Telephone (918) 287-1812
Facsimile (918) 287-1815

## CERTIFICATE OF MAILING

I, the undersigned, hereby certify that on the date of filing that a true and correct copy of the above and foregoing document was mailed by first class U.S. Mail, postage prepaid, to:

William W. O'Connor
Lindy H. Collins
15 West 6th Street, Suite 2700
Tulsa, OK 74119

Christopher C. King
P.O. Box 2619
Tulsa, OK 74101

Jason Robertson
907 South Detroit, No. 815
Tulsa, OK 74120

Bransford H. Shoemake

# EXHIBIT 37

IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| ERNIE JACKSON AND MARY KATHLEEN JACKSON,<br>Plaintiffs | § § § § | CASE NUMBER CJ-2014-81 |
| VS. | § § | |
| LIBERTY MUTUAL GROUP, INC., a Foreign For Profit Business Corporation d/b/a Safeco Insurance Company; ACE AMERICAN INSURANCE COMPANY, a Foreign For Profit Business Corporation d/b/a Ace Property and Casualty Companies; OKLAHOMES REALTY, INC., a Domestic for Profit Business Corporation, d/b/a First Team; and AMERICAN SECURITY INSURANCE COMPANY, a Foreign For Profit Business Corporation,<br>Defendants. | § § § § § § § § § § § § § § § | |

District Court, Osage County, Okla.
FILED

NOV − 5 2014

Jennifer Burd, Court Clerk
By _____ Deputy

## MOTION TO ASSOCIATE COUNSEL

Defendant, ACE American Insurance Company, hereby moves the Court for an Order

permitting Alicia G. Curran to practice in the above-styled and numbered cause pursuant to the

Rules Creating and Controlling the Oklahoma Bar Association, 5 O.S. Ch. 1, App.1, Art. II.

This motion is supported by the attached "Signed Application" (Exhibit A), "Certificates of

Good Standing" (Exhibit B), and the "Certificate of Compliance" from the Oklahoma Bar

Association (Exhibit C).

Respectfully submitted,

PIERCE COUCH HENDRICKSON
BAYSINGER & GREEN L.L.P.

Jason Robertson, OBA # 17696
907 South Detroit, Suite 815
Tulsa, OK 74120
918/583-8100
918-583-8107 fax
jrobertson@piercecouch.com

ATTORNEYS FOR DEFENDANT
ACE AMERICAN INSURANCE COMPANY

Of Counsel:
Alicia G. Curran, Attorney-in-Charge
Texas State Bar Number 12587500
acurran@cozen.com
COZEN O'CONNOR
1717 Main Street, Suite 3400
Dallas, Texas 75201-7335
Telephone:  (214) 462-3000
Facsimile:  (214) 462-3299

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of ~~September~~ November, 2014, a true and correct copy of the above and foregoing was sent to all counsel of record, via certified mail, return receipt requested.

Paul T. Boudreaux
7447 South Lewis Avenue
Tulsa, Oklahoma 74136
*Attorneys for Plaintiffs*

J. Derrick Teague
Marty R. Skrapka
Jennings Teague, PC
204 North Robinson, Suite 1000
Oklahoma City, OK 73102
*Attorneys for American Security Insurance Company (ASIC)*

Lindy Collins
Newton O'Connor Turner & Ketchum, P.C.
2700 Bank of America Center
15 West Sixth Street
Tulsa, OK 74119-5423
*Attorneys for Defendant Safeco Insurance Co. of America*

Christopher C. King
McGivern & Gilliard, PC
Legal Arts Building
1515 South Boulder
P.O. Box 2619
Tulsa, Oklahoma 74119-2619
*Attorneys for Defendant FRSteam Oklahoma LLC*

Jason Robertson

# APPLICATION APPROVED

OUT OF STATE ATTORNEY REGISTRATION

| ALICIA | GRACE | CURRAN |
|---|---|---|
| First Name | Middle Name | Last Name |

, Applicant, respectfully represents:

1. Applicant is an attorney at law and a member of the law firm of _____

COZEN O'CONNOR

with its principal offices located at  1900 MARKET STREET

| PHILADELPHIA | PHILADELPHIA | PA | 19103 |
|---|---|---|---|
| City | County | State | Zip Code |

Mailing Address

( 215 )  665-2000        ( 214 ) 462-3021        ( 214 )  462-3299
Telephone  (Firm)        Telephone (Applicant's Direct Dial)        Fax (Applicant)

acurran@cozen.com     .  If Applicant's office address is different from above,
E-mail Address (Applicant)

please provide the following:  1717 MAIN ST., SUITE 3400

Mailing Address

| DALLAS | DALLAS | TX | 75201 |
|---|---|---|---|
| City | County | State | Zip Code |

2.   Applicant is admitted to practice and is a member in good standing (certificates of good standing attached) of the bar(s) of the highest state court(s) of the following state(s):

| State | Date of Admission |
|---|---|
| TEXAS | August 26, 1983 |

3.   Applicant is admitted to practice before the following United States District Courts; United States Circuit Courts of Appeal, the Supreme Court of the United States, and/or other tribunals on the dates indicated for each, and is presently a member in good standing of the bars of said courts:

| Tribunal | Date of Admission |
|---|---|
| The Supreme Court of Texas | August 26, 1983 |
| U.S. Court of Appeals 5th Circuit | September 20, 1991 |
| U.S. Court of Appeals 2nd Circuit | January 27, 2014 |
| U.S. Court of Appeals 3rd Circuit | January 17, 2014 |
| U.S. Dist. Crt. Southern Dist. Texas | December 8, 1995 |
| U.S. Dist. Crt. Northern Dist. Texas | June 11, 1993 |
| U.S. Dist. Crt. Eastern Dist. Texas | April 27, 2006 |
| U.S. Dist. Crt. Western Dist. Texas | June 16, 2006 |

EXHIBIT

A

| U.S. Dist. Crt. Western Dist. Oklahoma | PHV November 19, 2012 |
| Southern Dist. Court of New York | PHV July 26, 2013 |

4. Have you ever been suspended or disbarred in any court except as hereinafter provided (Give particulars; e.g. court, jurisdiction, date): __NO__

5. Are you currently subject to any pending disciplinary proceedings by any organization with authority to discipline attorneys at law except as hereinafter provided (Give particulars; e.g. court, discipline authority, date, status): __NO__

6. Have you ever received public discipline including, but not limited to, suspension or disbarment, by any organization with authority to discipline attorneys at law except as hereinafter provided (Give particulars; e.g. court, discipline authority, type of discipline, date, status): __NO__

7. Have you ever had any certificate or privilege to appear and practice before any regulatory or administrative body suspended or revoked except as hereinafter provided (Give particulars; e.g. administrative body, date, status of suspension or reinstatement):
NO

8.   Applicant seeks admission to practice in the State of Oklahoma in the following matter (give particulars; e.g. caption of case, court or agency, type of matter, party to be represented): Note - A separate application is to be submitted for each matter in which the applicant seeks admission!

Case No. CJ2014-81, ERNIE JACKSON and MARY KATHLEEN JACKSON  v. LIBERTY MUTUAL GROUP, INC., a Foreign for Profit Business Corporation, d/b/a Safeco Insurance Company;ACE AMERICAN INSURANCE COMPANY, a Foreign for Profit Business Corporation d/b/a Ace Property and Casualty Companies; OKLAHOMES REALTY, INC., a Domestic for Profit Business Corporation d/b/a First Team; and AMERICAN SECURITY INSURANCE COMPANY, a Foreign for Profit Business Corporation;
IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY, STATE OF OKLAHOMA

9. The Oklahoma Bar Association member who is counsel of record for Applicant in this matter is:

| Jason | | Robertson | 17696 |
|---|---|---|---|
| First Name | Middle Name | Last Name | O.B.A. Number |

Pierce Couch Hendrickson Baysinger & Green, L.L.P.

| 907 South Detroit, Suite 815 | , | Tulsa | , | OK | , | 74120 | , |
|---|---|---|---|---|---|---|---|
| Mailing Address | | City | | State | | Zip Code | |

| ( 918 ) 583-8100 | , ( 918 ) 583-8107 | , jrobertson@piercecouch.com |
|---|---|---|
| Telephone Number | Fax Number | E-mail Address |

10. The following accurately represents the names of each party in this matter and the names and addresses of each counsel of record who appear for that party:

| Party Name | Counsel Name | Address of Counsel |
|---|---|---|

Ernie Jackson and

Mary Kathleen Jackson  Paul Boudreaux, 7447 So. Lewis Ave., Tulsa, OK 74136

Defendant Liberty Mutual - Dismissed

American Insurance Co., Alicia G. Curran, 1717 Main St. #3400, Dallas, TX 75201

Defendant Oklahomes Realty, Inc. - Dismissed

Defendant American Security Insurance Co. - Dismissed

Defendant Safeco Ins. Co., Lindy Collins, 14 W. 6th St. #2700, Tulsa, OK 74119

Defendant FRSTeam Ok. LLC, Christopher Collins, 1515 So. Boulder, Tulsa, OK 74119

11. Applicant certifies that he/she shall be subject to the jurisdiction of the courts and disciplinary boards of this state with respect to the laws of this state governing the conduct of attorneys to the same extent as a member of the Oklahoma Bar Association.

12. Applicant understands and shall comply with the standards of professional conduct required of members of the Oklahoma Bar Association.

13.   Applicant has disclosed in writing to the client that the Applicant is not admitted to practice in this jurisdiction and the client has consented to such representation.

I, ALICIA G. CURRAN _____, do hereby swear/affirm under penalty of perjury that the assertions of this application are true:

I am the Applicant in the above referenced matter; I have read the foregoing and know the contents thereof; the same is true of my own knowledge except as to those matters therein stated on information and belief, and as to those matters I believe them to be true.

I further certify that I am subject to the jurisdiction of the Courts and disciplinary boards of this state with respect to the law of this state governing the conduct of attorneys to the same extent as a member of the Oklahoma Bar Association;  I understand and shall comply with the standards of professional conduct required by members of the Oklahoma Bar Association; and that I am subject to the disciplinary jurisdiction of the Oklahoma Bar Association with respect to any of my actions occurring in the course of such appearance.

DATED this _____ day of AUGUST _____, 2014 .

*Alicia A. Curran*
Applicant

Mail with check or money order (payable to the OBA) to:

> Out-of-State Attorney Registration
> Oklahoma Bar Association
> P.O. Box 53036
> Oklahoma City, OK  73152-3036

Form 200B

# STATE BAR OF TEXAS



Office of The Chief Disciplinary Counsel

August 04, 2014

RE:   Ms. Alicia G. Curran
       State Bar Number - 12587500

To Whom it May Concern:

This is to certify that Ms. Alicia G. Curran was licensed to practice law in Texas on August 26, 1983 and is an active member in good standing with the State Bar of Texas.

Good Standing means that the attorney is current on payment of Bar dues and attorney occupation tax; has met Minimum Continuing Legal Education requirements; and is not presently under either administrative or disciplinary suspension.

This certification expires 30 days from this date, unless sooner revoked or rendered invalid by operation of rule or law.

Linda A. Acevedo
Chief Disciplinary Counsel

LA/dh



EXHIBIT

B

P.O. Box 12487, Capitol Station, Austin, Texas 78711, 512-427-1463 or 1-800-204-2222



## Certificate of Compliance

**Oklahoma Bar Association**
1901 North Lincoln Boulevard
Post Office Box 53036
Oklahoma City, Oklahoma 73152-3036

The Oklahoma Bar Association, in response to the application of out-of-state attorney, submits the following certificate pursuant to 5 O.S. Ch.1 App.1, Art. II

1. Applicant has submitted a signed application of out-of-state attorneys, certificate(s) of good standing, and the non-refundable application fee pursuant to the Rules Creating and Controlling the Oklahoma Bar Association, 5 O.S. Ch. 1, App. 1, Art. II.

2. Date of Application: **August 15, 2014**

3. Application Number: **2014-385**

4. Applying Attorney:  **Alicia Grace Curran**
   **Cozen O'Connor, P.C.**
   **1717 Main Street, Suite 3400**
   **Dallas, Texas 75201**

5. The Application was: **GRANTED**

Dated this 19<u>th</u> day of <u>August</u>, 2014.



Gina L. Hendryx, General Counsel
Oklahoma Bar Association



**EXHIBIT**
**C**

Form 400C

# EXHIBIT 38

IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| ERNIE JACKSON AND MARY KATHLEEN JACKSON,<br>Plaintiffs | §<br>§<br>§ | CASE NUMBER CJ-2014-81 |

VS.

LIBERTY MUTUAL GROUP, INC., a
Foreign For Profit Business Corporation d/b/a
Safeco Insurance Company; ACE
AMERICAN INSURANCE COMPANY, a
Foreign For Profit Business Corporation d/b/a
Ace Property and Casualty Companies;
OKLAHOMES REALTY, INC., a Domestic
for Profit Business Corporation, d/b/a First
Team; and AMERICAN SECURITY
INSURANCE COMPANY, a Foreign For
Profit Business Corporation,

    Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§



District Court, Osage County, Okla.
FILED

NOV 2 4 2014

JENNIFER BURD, Court Clerk
By_____ Deputy

### ORDER ADMITTING TO PRACTICE

Jason Robertson having filed his Motion to Associate Counsel pursuant to the Rules

Creating and Controlling the Oklahoma Bar Association, 5 O.S. Ch. 1, App.1, Art. II, together

with a signed Application, Certificates of Good Standing, and the Oklahoma Bar Association

Certificate of Compliance, and said Motion having been noticed, no objections having been

made, and the Court being fully apprised of the premises, and good cause appearing, it is hereby:

ORDERED, that said motion is hereby GRANTED, and Alicia G. Curran is hereby

admitted to practice in the above-styled and numbered cause of action for the purposes of the

above-entitled matter only.

_____
JUDGE

Submitted by:

PIERCE COUCH HENDRICKSON
BAYSINGER & GREEN L.L.P.

Jason Robertson, OBA # 17696
407 South Detroit, Suite 815
Tulsa, OK 74120
918-583-8100
918-583-8107 fax
jrobertson@piercecouch.com

ATTORNEYS FOR DEFENDANT
ASSOCIATED INTERNATIONAL INSURANCE COMPANY

LEGAL\20636406\1

# EXHIBIT 39

IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY )
KATHLEEN JACKSON, )
           )
         Plaintiffs, )
           )
vs. )
           )
SAFECO INSURANCE COMPANY OF )
AMERICA, a Foreign For Profit )
Business Corporation; )
           )
ACE AMERICAN INSURANCE )
COMPANY, a Foreign For Profit )
Business Corporation, d/b/a Ace )
Property and Casualty Companies; )
           )
FRSTEAM OKLAHOMA, LLC, a )
Domestic Limited Liability Company; & )
           )
AMERICAN SECURITY INSURANCE )
COMPANY, a Foreign For Profit )
Business Corporation, )
           )
         Defendants. )

Case No: CJ-2014-81
Judge M. John Kane

District Court, Osage County, Okla.
FILED

DEC. 5 2014

JENNIFER BURD, Court Clerk
By_____
                 Deputy

## ORDER RESETTING HEARING

COMES NOW the Court, and sets the Defendant FRSTeam Oklahoma, LLC's Motion to

Sever for hearing in the above-referenced matter on the 7th day of January,

20 15, beginning at 1:00 a.m./p.m. in front of the undersigned Judge.

DATED this 5 day of December, 2014.

_____
HONORABLE JOHN KANE
JUDGE OF THE DISTRICT COURT

1

Prepared by:
Christopher C. King, OBA #18578
Bradley E. Bowlby, OBA #22847
**McGIVERN & GILLIARD**
P.O. Box 2619
Tulsa, Oklahoma 74101-2619
Tel: (918) 584-3391 / Fax: (918) 592-2416
Email: kking@mcgivernlaw.com
Email: bbowlby@mcgivernlaw.com
*Attorney for Defendant*

## CERTIFICATE OF MAILING

This is to certify that on this, the 8th day of December, 2014, a true, correct, and exact copy of the above and foregoing instrument was sent *Certified Mail, Return Receipt Requested* with proper postage thereon fully prepaid to:

Bransford H. Shoemake
Shoemake Law Offices, P.C.
106 West Main Street
Pawhuska, OK 74056
Tel: 918-287-1812 / Fax: 918-287-1815
*Attorney for Plaintiffs*

William W. O'Connor / Lindy H. Collins
Newton O'Connor Turner & Ketchum
15 West Sixth Street, Suite 2700
Tulsa, OK 74119
Tel: 918-587-0101 / Fax: 918-587-0102
lcollins@newtonoconnor.com
*Attorneys for Defendant Safeco Insurance Company of America*

Jason Robertson
Pierce Couch Hendrickson
    Baysinger & Green
907 S. Detroit Ave., Suite 815
Tulsa, OK 74120
Tel: 918-583-8100 / Fax: 918-583-8107
*Attorneys for Defendant Ace American Insurance Company*


Christopher "Kris" King
_____
Christopher C. King


7855\6\ordhrg01-dak

2

# EXHIBIT 40

IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY )
KATHLEEN JACKSON, )
                           )
           Plaintiffs, )
                           )
vs. )
                           )
SAFECO INSURANCE COMPANY OF )   Case No: CJ-2014-81
AMERICA, a Foreign For Profit )   Judge M. John Kane
Business Corporation; )
                           )
ACE AMERICAN INSURANCE )
COMPANY, a Foreign For Profit )
Business Corporation, d/b/a Ace )
Property and Casualty Companies; )
                           )
FRSTEAM OKLAHOMA, LLC, a )
Domestic Limited Liability Company; & )
                           )
AMERICAN SECURITY INSURANCE )
COMPANY, a Foreign For Profit )
Business Corporation, )
                           )
           Defendants. )

## AGREED MOTION TO CONTINUE HEARING

COMES NOW the Defendant, FRSTeam Oklahoma, LLC, by and through its attorneys of record, Christopher C. King and Bradley E. Bowlby, of the law firm of McGivern & Gilliard, Tulsa, Oklahoma, and in support of its Motion, would show the Court as follows:

1.       On September 3, 2014, Defendant FRSTeam Oklahoma, LLC filed its Motion to Sever, and this Court set it for hearing on October 21, 2014.

2.       On October 20, 2014, Plaintiffs' counsel filed its Application to Withdraw as Attorneys for Plaintiffs, and this Court granted the Order Allowing Withdrawal.

3.       It was agreed that the hearing on Defendant FRSTeam Oklahoma, LLC's Motion to

1

Sever would be reset when plaintiffs' obtained new counsel.

4.    On Novmeber 24, 2014, Shoemake Law Offices, P.C. entered its appearance for plaintiffs.

5.    On December 5, 2014, this Court granted an Order Resetting Hearing on Defendant FRSTeam Oklahoma, LLC's Motion to Sever was submitted, resetting the hearing for January 7, 2015.

6.    In a letter dated December 16, 2014, attorney Shoemake requested the hearing be reset to a later date.

7.    The Court's next motion docket is February 17, 2015.

8.    All counsel have been contacted and have no objection to continuing the hearing on Defendant FRSTeam Oklahoma, LLC's Motion to Sever to February 17, 2015.

**WHEREFORE**, premises considered, Defendant FRSTeam Oklahoma, LLC respectfully requests this Court continue the hearing on its Motion to Sever to its next motion docket on February 17, 2015 at 1:00 p.m.

Respectfully submitted,

_____
Christopher C. King, OBA #18578
Bradley E. Bowlby, OBA #22847
**McGIVERN & GILLIARD**
P.O. Box 2619
Tulsa, Oklahoma 74101-2619
Tel: (918) 584-3391 / Fax: (918) 592-2416
Email: kking@mcgivernlaw.com
Email: bbowlby@mcgivernlaw.com
*Attorney for Defendant FRSTeam Oklahoma, LLC*

2

## CERTIFICATE OF MAILING

This is to certify that on this, the 5th day of January , 2015, a true, correct, and exact copy of the above and foregoing instrument was sent with proper postage thereon fully prepaid to:

Bransford H. Shoemake
Shoemake Law Offices, P.C.
106 West Main Street
Pawhuska, OK 74056
Tel: 918-287-1812 / Fax: 918-287-1815
*Attorney for Plaintiffs*

William W. O'Connor / Lindy H. Collins
Newton O'Connor Turner & Ketchum
15 West Sixth Street, Suite 2700
Tulsa, OK 74119
Tel: 918-587-0101 / Fax: 918-587-0102
lcollins@newtonoconnor.com
*Attorneys for Defendant Safeco Insurance Company of America*

Jason Robertson
Pierce Couch Hendrickson
    Baysinger & Green
907 S. Detroit Ave., Suite 815
Tulsa, OK 74120
Tel: 918-583-8100 / Fax: 918-583-8107
jrobertson@piercecouch
*Attorneys for Defendant Ace American Insurance Company*

Alicia G. Curan, Attorney-in-charge
Cozen O'Connor
1717 Main Street, Suite 3400
Dallas, TX 75201-7335
Tel: 214-462-3000 / Fax: 214-462-3299
acurran@cozen.com
*Attorneys for Defendant Ace American Insurance Company*

Christopher C. King

7855\6\mtn01-dak

3

# EXHIBIT 41

IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY )
KATHLEEN JACKSON, )
 )
       Plaintiffs, )
 )
vs. )
 )
SAFECO INSURANCE COMPANY OF )
AMERICA, a Foreign For Profit )
Business Corporation; )
 )
ACE AMERICAN INSURANCE )
COMPANY, a Foreign For Profit )
Business Corporation, d/b/a Ace )
Property and Casualty Companies; )
 )
FRSTEAM OKLAHOMA, LLC, a )
Domestic Limited Liability Company; & )
 )
AMERICAN SECURITY INSURANCE )
COMPANY, a Foreign For Profit )
Business Corporation, )
 )
       Defendants. )

District Court, Osage County, Okla.
FILED

JAN -9 2015

JENNIFER BURD, Court Clerk
By_____ Deputy

Case No: CJ-2014-81
Judge M. John Kane

## ORDER TO CONTINUE HEARING

COMES NOW the Court, and continues the hearing on Defendant FRSTeam Oklahoma,

LLC's Motion to Sever in the above-referenced matter to <u>Tuesday, February 17, 2015, beginning

at 1:00 p.m,</u>, in front of the undersigned Judge.

DATED this ___7^th___ day of ___January___, 2015.

_____
HONORABLE JOHN KANE
JUDGE OF THE DISTRICT COURT

1

Prepared by:
Christopher C. King, OBA #18578
Bradley E. Bowlby, OBA #22847
**McGIVERN & GILLIARD**
P.O. Box 2619
Tulsa, Oklahoma 74101-2619
Tel: (918) 584-3391 / Fax: (918) 592-2416
Email: kking@mcgivernlaw.com
Email: bbowlby@mcgivernlaw.com
*Attorney for Defendant FRSTeam Oklahoma, LLC*

## CERTIFICATE OF MAILING

This is to certify that on this, the _12th_ day of _January_ , 2015, a true, correct, and exact copy of the above and foregoing instrument was sent *Certified Mail, Return Receipt Requested* with proper postage thereon fully prepaid to:

Bransford H. Shoemake
Shoemake Law Offices, P.C.
106 West Main Street
Pawhuska, OK 74056
Tel: 918-287-1812 / Fax: 918-287-1815
*Attorney for Plaintiffs*

William W. O'Connor / Lindy H. Collins
Newton O'Connor Turner & Ketchum
15 West Sixth Street, Suite 2700
Tulsa, OK 74119
Tel: 918-587-0101 / Fax: 918-587-0102
lcollins@newtonoconnor.com
*Attorneys for Defendant Safeco Insurance Company of America*

Jason Robertson
Pierce Couch Hendrickson
   Baysinger & Green
907 S. Detroit Ave., Suite 815
Tulsa, OK 74120
Tel: 918-583-8100 / Fax: 918-583-8107
jrobertson@piercecouch
*Attorneys for Defendant Ace American Insurance Company*

Alicia G. Curan, Attorney-in-charge
Cozen O'Connor
1717 Main Street, Suite 3400
Dallas, TX 75201-7335
Tel: 214-462-3000 / Fax: 214-462-3299
acurran@cozen.com
*Attorneys for Defendant Ace American Insurance Company*


_Christopher "Kris" King_
_____
Christopher C. King

7855\6\ordhrg02-dak

·2

# EXHIBIT 42

IN THE DISTRICT COURT OF OSAGE COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY KATHLEEN )
JACKSON                        )
                               )
        Plaintiff,             )
                               )
v.                             )      Case No. CJ-2014-00081
                               )
SAFECO INSURANCE COMPANY OF    )      *Honorable Judge M. John Kane*
AMERICA, a Foreign For Profit Business )
Corporation, ACE AMERICAN INSURANCE )
COMPANY, a Foreign For Profit Business )
Corporation, d/b/a Ace Property and )
Casualty Companies; and FRSTEAM )
OKLAHOMA, LLC, a Domestic Limited )
Liability Company,             )
                               )
        Defendants.            )

District Court, Osage County, Okla.
FILED

FEB 1 2 2015

JENNIFER BURD, Court Clerk
By_____ Deputy

## ENTRY OF APPEARANCE

Harrison M. Kosmider, of the law firm Newton, O'Connor, Turner & Ketchum,

PC, hereby enters his appearance on behalf of the Defendant, Safeco Insurance

Company of America, Inc., in the above captioned cause.

Respectfully submitted,

William W. O'Connor, OBA No. 13200
Lindy H. Collins, OBA No. 30579
Harrison M. Kosmider, OBA No. 32036
NEWTON O'CONNOR TURNER & KETCHUM, P.C.
15 West Sixth Street, Suite 2700
Tulsa, Oklahoma 74119-5423
(918) 587-0101 telephone
(918) 587-0102 facsimile

ATTORNEYS FOR DEFENDANT,
SAFECO INSURANCE COMPANY OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of February, 2015, a true and correct copy of the forgoing was delivered via U.S. Mail, postage prepaid, to:

Bransford H. Shoemake
SHOEMAKE LAW OFFICES, P.C.
106 W. Main Street
Pawhuska, OK 74056

**ATTORNEYS FOR PLAINTIFFS**

Christopher C. King
MCGIVERN & GILLIARD
1515 S. Boulder
PO BOX 2619
Tulsa, OK  74101-2619

**ATTORNEYS FOR FRSTeam Oklahoma, LLC**

Jason Robertson
PIERCE COUCH HENDRICKSON BAYSINGER & GREEN, L.L.P.
907 S. Detroit, Suite 815
Tulsa, OK  74102

Alicia G. Curran
COZEN O'CONNOR
1717 Main Street, Ste. 3400
Dallas, Texas 75201-7335

**ATTORNEYS FOR ACE AMERICAN
INSURANCE COMPANY**

Harrison M. Kosmider

3

# EXHIBIT 43

5

## IN THE DISTRICT COURT OF OSAGE COUNTY
## STATE OF OKLAHOMA

| Case No. CJ-2014-80<br>CJ-2014-81 ✓ | Judge M. John Kane IV |
|---|---|
| **ERNIE JACKSON,**<br>   **Plaintiff,**<br>v.<br><br>**LIBERTY MUTUAL GROUP, INC.,**<br>   **Defendant.** | *For use by Court Clerk*<br><br>District Court. Osage County. Okla<br>FILED<br><br>FEB 17 2015<br><br>JENNIFER BURD, Court Clerk<br>By_____Deputy |

## ENTRY OF APPEARANCE

COMES NOW, Grace K. Yates and Michael Amend of Holmes, Yates, Johnson and Amend enters their appearance as counsel for, Ernie Jackson, Plaintiff, herein.

Dated this 17 day of February 2015.

_____

Grace K. Yates, OBA No. 17937
Michael J. Amend, OBA No. 31466
P.O. Box 750
Ponca City, OK 74602
Telephone (580) 765-6727
Facsimile (580) 765-6757

# EXHIBIT 44

IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY          )
KATHLEEN JACKSON,               )
                                )
          Plaintiffs,           )
                                )
vs.                             )
                                )
SAFECO INSURANCE COMPANY OF )
AMERICA, a Foreign For Profit   )     Case No: CJ-2014-81
Business Corporation;           )     Judge M. John Kane
                                )
ACE AMERICAN INSURANCE          )
COMPANY, a Foreign For Profit   )
Business Corporation, d/b/a Ace )
Property and Casualty Companies; )
                                )
FRSTEAM OKLAHOMA, LLC, a        )
Domestic Limited Liability Company; & )
                                )
AMERICAN SECURITY INSURANCE )
COMPANY, a Foreign For Profit   )
Business Corporation,           )
                                )
          Defendants.           )

District Court, Osage County, Okla.
FILED

MAR 1 7 2015

JENNIFER BURD, Court Clerk
By_____ Deputy

## MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO COMPEL A DISCOVERY RESPONSE

COMES NOW the Defendant, FRSTeam Oklahoma, LLC, by and through its attorneys

of record, and pursuant to the provisions of 12 O.S. 2011 § 3237, moves for an order either

dismissing the Plaintiffs claims against it or, in the alternative, compelling the Plaintiffs to

respond to FRSTeam's written discovery.  In support, FRSTeam would state and aver as follows:

### MATERIAL FACTS

1.  On September 17, 2014, FRSTeam served original counsel for the Plaintiffs with its first

interrogatories and requests for production of documents and things ("Discovery"), through their

original counsel, Mr. Boudreaux.  See Ex. "1": Cert. Mail Receipt; Discovery.

2. On October 17, 2014, Plaintiffs' deadline for responding to the Discovery expired, with no production. Mr. Boudreaux advisd FRSTeam, on October 10, 2014, that he intended to withdraw from the case and that Discovery responses would not be forthcoming on time.

3. On December 4, 2014, FRSTeam notified Plaintiffs new counsel, Mr. Shoemake, that the original deadline for responding to the Discovery had expired, and that FRSTeam expected a response no later than January 30, 2015. *See* Ex. "2": Corresp.

4. On December 16, 2014, Mr. Shoemake stated that he would not be able to meet his clients until January 14, 2015, and requested an unspecified amount of time to respond to FRSTeam's written discovery. *See* Ex. "3": Corresp.

5. On February 17, 2015, FRSTeam advised additional counsel for the Plaintiffs, Mr. Amend, that the original deadline for Plaintiffs' response had come and gone, as had the extended deadline FRSTeam granted to Mr. Shoemake. FRSTeam advised that if a response were not received by March 2, 2015, FRSTeam would seek assistance from the Court.

6. To date, FRSTeam has received no responses to its Discovery from Plaintiffs.

### ARGUMENT AND AUTHORITY

If a plaintiff fails to respond in a timely manner to a defendant's written discovery requests, the Court may sanction the plaintiff.

> If a party...fails:...2. To serve answers or objections to interrogatories submitted under Section 3233 of this title, after proper service of the interrogatories; or... 3. To serve a written response to a request for inspection submitted under Section 3234 of this title, after proper service of the request; **the court** in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it **may take any action authorized under** [Section 3237(B)(2)(a, b and c)]. In lieu of or in addition to any order, the court shall require the party failing to act or the attorney advising him or her or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

12 O.S. § 3237(E)(emphases added).

The Court's Section 3237(B(2) discovery sanction authority includes the power to dismiss a plaintiff's claim.

    a.  An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order,

    b.  An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence,

    c.  An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, **or dismissing the action** or proceedings or any part thereof, or rendering a judgment by default against the disobedient party,

12 O.S. § 3237(B)(2)(emphasis added):

As an alternative to dismissal, the court may enter an order compelling the Plaintiffs to participate and cooperate in discovery.

"If...a party fails to answer an interrogatory...or if a party..., in response to a request for inspection and copying...fails to respond that the inspection or copying will be permitted as requested or fails to permit the inspection or copying as requested...**the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection and copying** in accordance with the request..."

12 O.S. § 3237(A)(2)(emphasis added).

"If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust."

12 O.S. § 3237(A)(4).

Here, Plaintiff's have failed, without substantial justification, to respond to FRSTeam's written discovery requests. FRSTeam served Plaintiffs with its written discovery requests nearly six (6) months ago. Plaintiff's responses were originally due October 17, 2014. FRSTeam granted Plaintiffs an extended period of time to allow new counsel to become familiar with this

case.  When a response was not forthcoming, FRSTeam clearly communicated to Plaintiffs

counsel that if a discovery response was not had by March 2, 2015, FRSTeam would seek

assistance from this Court.  No response has come, to date.

WHEREFORE, premises considered, Defendant FRSTeam Oklahoma, LLC prays for

an order dismissing Plaintiffs claim against it.  In the alternative, FRSTeam prays for an order

compelling Plaintiffs to respond to FRSTeam's written discovery requests, an award of its costs

and fees associated with procuring such an order, and such other relief as this court deems just

and equitable.[1]

Respectfully submitted,

McGIVERN & GILLIARD

Christopher C. King, OBA #18578
Bradley E. Bowlby, OBA #22847
P.O. Box 2619
Tulsa, OK  74101-2619
Tel:    (918) 584-3391
Fax:    (918) 592-2416
Email:  kking@mcgivernlaw.com
        bbowlby@mcgivernlaw.com
*Attorney for FRSTeam Oklahoma, LLC*

---

[1] FRSTeam has in good faith conferred in person with counsel for Plaintiffs – in writing, on the phone, and in person, on several occasions – in an effort to secure the information or material without court action

## CERTIFICATE OF MAILING

This is to certify that on this, the ⟨16⟩th day of March, 2015, a true, correct, and exact copy of the above and foregoing instrument was mailed with proper postage thereon fully prepaid to:

Grace K. Yates
Michael J. Amend
P.O. Box 750
Ponca City, OK 74602

and

Bransford H. Shoemake
Shoemake Law Offices, P.C.
106 West Main Street
Pawhuska, OK 74056
*Attorneys for Plaintiffs*

William W. O'Connor
Harrison M. Kosmider
Newton O'Connor Turner & Ketchum
15 West Sixth Street, Suite 2700
Tulsa, OK 74119
*Attorneys for Safeco Ins. Co. of America*

Jason Robertson
Pierce Couch Hendrickson
   Baysinger & Green
907 S. Detroit Ave., Suite 815
Tulsa, OK 74120
*Attorneys for Ace American Ins. Co.*



U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

| Postage | $ | 78556 |
| Certified Fee | | 9-16-14 |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | ltr disc to7i |
| Total Postage & Fees | ¢ | |

Sent To    Paul T. Boudreaux
Street, Apt. No.;   Richardson Richardson Boudreaux
or PO Box No.   7447 S. Lewis Ave.
City, State   Tulsa, OK 74136

7013 2630 0000 0158 8639

PS Form 3811

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    Paul T. Boudreaux
    Richardson Richardson Boudreaux
    7447 S. Lewis Ave.
    Tulsa, OK 74136

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  Will Frayson    ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Will Frayson    9-17-14

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail®     ☐ Priority Mail Express™
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7013 2630 0000 0158 8639

PS Form 3811, July 2013    Domestic Return Receipt

**EXHIBIT**

1

IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| ERNIE JACKSON and MARY KATHLEEN JACKSON, <br><br> Plaintiffs, <br><br> vs. <br><br> SAFECO INSURANCE COMPANY OF AMERICA, a Foreign For Profit Business Corporation; <br><br> ACE AMERICAN INSURANCE COMPANY, a Foreign For Profit Business Corporation, d/b/a Ace Property and Casualty Companies; <br><br> FRSTEAM OKLAHOMA, LLC, a Domestic Limited Liability Company; & <br><br> AMERICAN SECURITY INSURANCE COMPANY, a Foreign For Profit Business Corporation, <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No: CJ-2014-81 <br> Judge M. John Kane |

## DEFENDANT FRSTEAM OKLAHOMA, LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS

TO:   Ernie Jackson and Mary Kathleen Jackson
c/o Paul T. Boudreaux
Richardson Richardson Boudreaux & Keesling
7447 S. Lewis Ave.
Tulsa, OK 74136

The Plaintiff is directed to separately answer, in writing, under oath, each of the following

Interrogatories in accordance with Section 3233 of the Oklahoma Discovery Code pursuant to the

request of this Defendant.

A.     "You" or "your" shall refer to the named Plaintiff answering these Interrogatories.

1

B.      "Writing" shall refer to any written material, whether typed, handwritten, printed or otherwise, or any photograph, photostat, microfilm or any other reproduction thereof, and including, without limitation, each note, memorandum, letter, telegram, circular, release, article, report, analysis, chart, account, book, draft, summary, diary, transcript, agreement, contract, deposit slip, bank statement, receipt, stock certificate, bond coupon, purchase and/or sale confirmation, monthly securities and/or commodities statements.

C.      "Person" shall refer to any natural person, firm, association, partnership, corporation or other form of legal business entity.

D.      "Communication" shall refer to telephonic conversations, oral conversations, other than telephonic conversations, and writings.

E.      "Identify" or "identification", when used with reference to an individual person, means to state his full name, residential address and his present or last known position and business affiliation.

F.      "Identify" or "identification", when used in reference to a corporation, firm or other entity, means its full name, form of organization, and its present or last known address.

G.      "Identity" or "identification", when used in reference to a writing, means a description of that writing in a manner sufficient for a subpoena duces tecum or for production pursuant to Section 3234 of the Oklahoma Discovery Code. Also give its present location or custodian. If any such writing was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, the person responsible for making the decision as to such disposition, and the person responsible for carrying out such disposition.

H.      "Identify" or "identification", when used in reference to a meeting or conference, means to state the date of the meeting or conference, the place of the meeting or conference, the full

2

name and the present or last known position, business affiliation and residential address of each person attending the meeting or conference.

I.    "Identify" or "identification", when used in reference to an oral conversation other than telephonic conversation, means to state when such conversation took place, where such conversation took place, and the full name and present or last known position and business affiliation and residential address of each party to such conversation.

## INSTRUCTIONS

1.    These Interrogatories shall be deemed continuing pursuant to Section 3226(E) of the Oklahoma Discovery Code as to require additional answers if Plaintiff acquires additional information between the time the answers are served and the time of trial. Such additional answers shall be served seasonably, but not later than thirty (30) days after such further information is received. Information requested is to include all information in the possession of the party, his attorney, insurance investigators, and agents.

2.    Each interrogatory is to be considered as having been asked individually of Plaintiff and Plaintiff shall file separate answers, first giving the question, followed by the answering party's response.

3.    Wherever used herein, the singular shall be deemed to include the plural, the feminine shall be deemed to include the masculine, the disjunctive ("or") shall be deemed to include the conjunctive ("and"), and the conjunctive ("and") shall be deemed to include the disjunctive ("or"), and each of the functional words, "each", "every", "any", and "all" shall be deemed to include each of the other functional words.

4.    Interrogatories which cannot be answered in full shall be answered as completely as possible, and incomplete answers shall be accompanied by a specification of the reasons for the

3

incompleteness of the answer, as well as by a statement of whatever knowledge, information or belief you possess with respect to each unanswered or incompletely answered interrogatory.

## INTERROGATORIES

INTERROGATORY NO. 1:    Identify all persons you believe have any relevant knowledge regarding the damages you are claiming in this lawsuit, by providing their name, address, telephone number, and a summary of the information they have.

INTERROGATORY NO. 2:    For each witness who you may elicit expert testimony regarding causation of Plaintiff's alleged injuries, the reasonableness and/or necessity of medical or chiropractic treatment, or the cause or causes of the motor vehicle collision which is the subject of this case, which you expect to call at the time of trial, please state the following:

A.    The subject matter on which each expert witness is expected to testify;

B.    The substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion;

C.    The qualifications of each expert witness, including a list of all publications authored by the expert witness within the preceding ten (10) years;

D.    The compensation to be paid to the expert witness for the testimony and preparation for the testimony; and

E.    A list of all other cases in which the expert witness has testified as an expert at trial or by deposition within the preceding four (4) years.

(This Interrogatory is made pursuant to Okla. Stat. tit. 12 § 3236(B)(3)(a)(3)).

INTERROGATORY NO. 3:    State the name, address, and telephone number of all witnesses, and expert witnesses, to be utilized by you at the time of trial, and state specifically what facts you believe they can testify about.

INTERROGATORY NO. 4:    State all personal information about yourself. Specifically, full name, previous names known by, social security number, driver's license number,

date of birth, address, present telephone number, present employer, and present employer's telephone number.

INTERROGATORY NO. 5:    Identify all persons who assisted in preparing responses to these interrogatories.

INTERROGATORY NO. 6:    State specifically what property you claim was damaged, how it was damaged, and whether the property has been repaired.

INTERROGATORY NO. 7:    If the property has been repaired, who repaired it?

INTERROGATORY NO. 8:    If the property has not been repaired, identify everyone who has provided an estimate to prepare the property, and the amount of the estimate.

INTERROGATORY NO. 9:    If you claim that the property is a total loss, identify the value of each piece of property, and how you arrived at that value.

INTERROGATORY NO. 10:    Identify each and every conversation you had with a representative of Defendant FRS Team Oklahoma, LLC, by identifying the person, the date, and by providing a specific narrative of the conversation you recall occurring.

INTERROGATORY NO. 11:    Were any photographs taken of the damaged property? If so, state the date or dates when such photographs were taken, the subject thereof, and who now has custody of the photographs.

INTERROGATORY NO. 12:    Who, besides yourself, has examined, inspected, or performed any type of investigation regarding the damage you claim to the property that is the subject of this lawsuit. For each such person identified, please provide name, address, telephone number, and date(s) of the inspection and/or investigation.

INTERROGATORY NO. 13:    Identify the dates the property you claim was damaged in this lawsuit was purchased, from where it was purchased, and the purchase price.

5

**INTERROGATORY NO. 44:**       If you have asserted a punitive damage claim in your petition or anticipate asserting a punitive damage claim in this litigation at any time, please specifically identify and describe any and all actions or inactions of the defendant to support your punitive damage claim and identify all witnesses and evidence to support your punitive damage claim.

Respectfully submitted,

McGIVERN & GILLIARD

Christopher C. King, OBA #18578
P.O. Box 2619
Tulsa, OK  74101-2619
Tel: (918) 584-3391 / Fax: (918) 592-2416
Email: kking@mcgivernlaw.com
*Attorney for Defendants*

## CERTIFICATE OF MAILING

This is to certify that on this, the 16th day of September, 2014, a true, correct, and exact copy of the above and foregoing instrument was mailed *Certified Mail, Return Receipt Requested* with proper postage thereon fully prepaid to:

Paul T. Boudreaux
Richardson Richardson Boudreaux & Keesling
7447 S. Lewis Ave.
Tulsa, OK  74136
Tel: 918-492-7674 / Fax: 918-493-1925
ptb@rrbklaw.com
*Attorneys for Plaintiffs*

6

And a copy mailed, with proper postage thereon fully prepaid, to:

William W. O'Connor / Lindy H. Collins
Newton O'Connor Turner & Ketchum
15 West Sixth Street, Suite 2700
Tulsa, OK  74119
Tel:  918-587-0101 / Fax:  918-587-0102
lcollins@newtonoconnor.com
*Attorneys for Defendant Safeco Insurance*
*Company of America*

J. Derrick Teague / Marty R. Skrapka
Jennings Teague, P.C.
204 N. Robinson, Suite 1000
Oklahoma City, OK  73102
Tel:  405-609-6000 / Fax:  405-609-6501
dteague@jenningsteague.com
mskrapka@jenningsteague.com
*Attorneys for Defendant American Security*
*Insurance Company*

_____
Christopher C. King

7855\6\irog01-dak

7

IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY            )
KATHLEEN JACKSON,                 )
                                  )
            Plaintiffs,           )
                                  )
vs.                               )
                                  )
SAFECO INSURANCE COMPANY OF  )
AMERICA, a Foreign For Profit     )     Case No: CJ-2014-81
Business Corporation;             )     Judge M. John Kane
                                  )
ACE AMERICAN INSURANCE            )
COMPANY, a Foreign For Profit     )
Business Corporation, d/b/a Ace   )
Property and Casualty Companies;  )
                                  )
FRSTEAM OKLAHOMA, LLC, a          )
Domestic Limited Liability Company; &  )
                                  )
AMERICAN SECURITY INSURANCE  )
COMPANY, a Foreign For Profit     )
Business Corporation,             )
                                  )
            Defendants.           )

## DEFENDANT FRSTEAM OKLAHOMA, LLC'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS

COMES NOW the Defendant, FRSTeam Oklahoma, LLC, by and through its attorneys of

record, Christopher C. King and Bradley E. Bowlby, of the law firm of McGivern & Gilliard, Tulsa,

Oklahoma, and pursuant to the provisions of 12 O.S.Supp.1989 § 3234, it is requested that Plaintiffs,

Ernie Jackson and Mary Kathleen Jackson, produce for inspection and copying the following

designated documents and things. Said documents and things shall be produced for inspection and

copying at the office of McGivern & Gilliard, 1515 South Boulder, Tulsa, Oklahoma, between the

hours of 8:30 a.m., and 5:00 p.m., thirty (30) days following receipt of these requests.  Said

1

documents and things shall be produced in the order as described below, and those documents and things produced pursuant to each request shall be delineated as defined thereby. If the document(s) meeting each document request should exceed one hundred (100) pages in number, plaintiff shall, prior to the date for demand of production of documents and things, supply an inventory describing in particularity each such document, and Defendant will elect upon said inventory of such documents provided which documents shall, in fact, be produced. In the event that no such inventory is provided by Plaintiff, all documents described by said request shall be provided at the time above-referenced and specified.

These requests are intended to ascertain information and requires that Plaintiff make a complete search of all records and evidence at the disposal or in the possession of itself, its agents, investigators, servants, employees, attorneys, and accountants, and that those are contained in the records or other materials in Plaintiff's custody, control, or available to you or them.

These requests shall be considered continuing, and should the documents available or discovered pursuant to said request change before trial of this action, you are requested to advise this Defendant's counsel of the additional documents which are discovered and copies of said documents shall be produced to Defendant's counsel.

## DEFINITIONS OF TERMS USED HEREIN

1.      "Documents" means any written, printed typed, recorded or graphic matter of any nature, however produced or reproduced, including copies and drafts of such documents and including addenda, supplements, amendments, revisions, exhibits, and appendixes thereto, including, but not limited to, letters, correspondence, telegrams, memorandums, records, financial statements, financial records, minutes, contracts, memorandum of telephone or personal conversations or conferences, intra-company or inter-company communications, tape recordings, bulletins, studies,

2 .

analyses, notes, work papers, books, manuals, catalogs, brochures, abstracts, pamphlets, notebooks, notes, results of investigations, reviews, licenses, agreements, ledgers, vouchers, bank checks and drafts, invoices, charge slips, hotel charges, receipts, freight bills, working papers, statistical records, cost sheets, abstracts of bids, stenographer's notebooks, desk calendars, appointment books, diaries, time sheets or logs, computer input data, computer output data, computer runs, worksheets or work papers, or any other materials similar to the above, including all such defined documents submitted to your accountants or attorneys, or submitted by your accountants or attorneys to you.

2.     "Communications" include, without limitation, any oral or written statements, telephone communications, any action intended as a communication, and every form of communication, representation, or statement of any king or nature between or involving two or more persons, by whatever means accomplished.

3.     "Persons" means natural persons or individuals, corporations, partnerships, firms, joint ventures, associations, or any other entities or ventures, and any governmental employees, agency, bureau, commissions, or other governmental entity.

4.     "Plaintiff" means any one of the Plaintiffs in the above-captioned action, as well as any agent, employee or other representative of any one of the Plaintiffs in the above-captioned action, including, but not limited to, any negotiators, investigators, brokers, servants or employees, attorneys, or accountants. This term is used both singularly and collectively as the context requires; and, when used immediately after the term "any one of", such is intended to elicit a response as to each Plaintiff.

5.     "Defendant" means any one of the Defendants in the above-captioned action, as well as any agent, employee or other representative of any one of the Defendants in the above-captioned action, including, but not limited to, any negotiators, investigators, brokers, servants or employees,

3

attorneys, or accountants. This term is used both singularly and collectively as the context requires; and, when used immediately after the term "any one of", such is intended to elicit a response as to each Defendant.

6.    "Issues in this action" means any factual issues which are raised in the pleadings filed in the above-captioned action, including any Complaint, Petition, Answer, Reply, Cross-Claim, Counter-Claim, Answer To Cross-Claim or Counter-Claim, any Motion, and/or any Amendments of the above pleadings which may be filed in the above-captioned action.

7.    "Identify", "identification", and "identity" as used herein which in reference to an individual person means to state with respect to each such reason the following:

    a.    his/her full name, age and Social Security Number;

    b.    his/her present or last known residence address and telephone number;

    c.    his/her present or last known position, occupation and/or employment, and his responsibilities therein;

    d.    his/her present or last known business address and business telephone number.

8.    "Identify" as used herein when in reference to documents means to state with respect to each such document the following:

    a.    the name of said document (or in the case of business records, the time period they cover and the date or approximate date of preparation);

    b.    type of document (e.g., contract, diary, letter, etc.), and such other description as would be sufficient to permit the specification or identification of said document in a Motion For Production of the same;

    c.    its present location (name, address and telephone number);

    d.    the identity of the custodian of said document (name, address and telephone number);

    e.    if any such document was or is no longer in your possession or subject to

4

your control (actual or constructive), state what disposition was made by you and subsequent possessors and the date(s) or approximate date(s) of such disposition.

## INSTRUCTIONS

1.      The use of a particular gender in plural or singular and the words defined herein are intended to include appropriate gender or number as a text of any particular definition or document these requests may require.

2.      <u>Objections</u> - If any of these document requests are objected to for any grounds, provide the following information:

       a.      a detailed statement of your objection;

       b.      if the document request information is pursuant to a communication, provide the name, address, telephone number, and place of employment of all persons present at the time of such communication;

       c.      if the document request information is pursuant to a communication, state the general subject matter of such communication;

       d.      if the document request information is pursuant to a communication, state the date such communication was made, the name of the person to whom the communication was made, and the location where such communication was had.

## DOCUMENTS AND THINGS REQUESTED

<u>REQUEST NO. 1:</u>     Provide an itemization of all damages you are claiming in this lawsuit.

<u>REQUEST NO. 2:</u>     Produce any documentation which supports any type of claim for damages in this lawsuit.

<u>REQUEST NO. 3:</u>     Produce a complete copy of all file materials relating to this case created by and/or maintained by any potential expert witnesses you have retained.

<u>REQUEST NO. 4:</u>     Produce any and all documents, photographs, videos, or electronic files containing information relevant to the claims of this lawsuit.

REQUEST NO. 5:   Produce all photographs of the items which you claim were damaged in this lawsuit.

REQUEST NO. 6:   Produce all exhibits to be utilized by you at the time of trial.

REQUEST NO. 7:   Produce all documents and/or other materials used by you to answer the Interrogatories contemporaneously filed herewith.

REQUEST NO. 8:   Produce all documents which support your answer to Interrogatory No. 9.

REQUEST NO. 9:   Produce all documents which identify when the property which is the ·subject of this lawsuit was purchased, the purchase price, and where it was purchased, as identified in your answer to Interrogatory No. 13.

Respectfully submitted,

McGIVERN & GILLIARD

Christopher C. King, OBA #18578
P.O. Box 2619
Tulsa, OK 74101-2619
Tel: (918) 584-3391 / Fax: (918) 592-2416
Email: kking@mcgivernlaw.com
*Attorney for Defendant*

6

## CERTIFICATE OF MAILING

This is to certify that on this, the _16th_ day of _September_____, 2014, a true, correct, and exact copy of the above and foregoing instrument was mailed *Certified Mail, Return Receipt Requested* with proper postage thereon fully prepaid to:

Paul T. Boudreaux
Richardson Richardson Boudreaux & Keesling
7447 S. Lewis Ave.
Tulsa, OK 74136
Tel: 918-492-7674 / Fax: 918-493-1925
ptb@rrbklaw.com
*Attorneys for Plaintiffs*

And a copy mailed, with property postage thereon fully prepaid, to:

William W. O'Connor / Lindy H. Collins
Newton O'Connor Turner & Ketchum
15 West Sixth Street, Suite 2700
Tulsa, OK 74119
Tel: 918-587-0101 / Fax: 918-587-0102
lcollins@newtonoconnor.com
*Attorneys for Defendant Safeco Insurance Company of America*

J. Derrick Teague / Marty R. Skrapka
Jennings Teague, P.C.
204 N. Robinson, Suite 1000
Oklahoma City, OK 73102
Tel: 405-609-6000 / Fax: 405-609-6501
dteague@jenningsteague.com
mskrapka@jenningsteague.com
*Attorneys for Defendant American Security Insurance Company*

Christopher C. King

7855\6\rfpd01-dak

7

7855-6
PIFC



# MᴄGIVERN LAW

### MᴄGIVERN & GILLIARD
A PROFESSIONAL CORPORATION

December 5, 2014

*VIA FAX ONLY - (918) 287-1815*
Bransford H. Shoemake
Shoemake Law Offices, P.C.
106 West Main Street
Pawhuska, OK 74056

Re: *Jackson v. Safeco Ins. Co. of America, et al.*
Case No. CJ-2014-81, Osage County District Court
Our File No. 7855-6

Dear Mr. Shoemake:

I see that you have now entered an appearance on behalf of the plaintiffs in this matter. Written discovery was previously submitted to your clients by and through Mr. Richardson's law firm. Plaintiffs' responses were due on or about October 17, 2014. As you and I discussed on December 4, 2014, you are trying to gather the file materials from plaintiffs' prior counsel, and I have agreed to extend the deadline for plaintiffs' responses to defendant FRSTeam Oklahoma's written discovery to January 30, 2015. If you do not feel that this is an adequate amount of time to provide the responses, please contact me to discuss.

Sincerely,

Kris King

KK/dak
7855\6\shoemake01-dak

**TULSA**
1515 South Boulder Avenue, P.O. Box 2619, Tulsa, Oklahoma 74101-2619
(918) 584-3391 • Fax (918) 592-2416
PAUL V. MᴄGIVERN JR. • MICHAEL D. GILLIARD • MITCHELL C. MAURER • CLARK P. BUSHYHEAD
JON D. STARR • ERIC J. BEGIN • CHRISTOPHER C. KING • BRADLEY E. BOWLBY

www.mcgivernlaw.com



EXHIBIT
2

7855-6

# SHOEMAKE LAW OFFICES, PC
**106 West Main**
**Pawhuska, Oklahoma 74056**
*www.shoemakelaw.com*

Bransford Hunt Shoemake, Esq.                    (918) 287-1812 Telephone
Shockley T. Shoemake, Retired                    (918) 287-1815 Facsimile

December 16, 2014

Mr. Kris King
McGivern Law
1515 South Boulder
P.O. Box 2619
Tulsa, OK 74101

       *Re: Jackson v. Safeco Ins. Co. of America, et al.*
       *Osage County Case No. CJ-2014-81*

Dear Mr. King:

I have just received the file from the previous counsel for Mr. Jackson.  I will not be able
to review the file with my client until January 14, 2015.   Please allow me time to
become familiar with the information as well as necessary time to respond properly.

Sincerely,

Bransford H. Shoemake

**EXHIBIT**

3

# EXHIBIT 45

IN THE DISTRICT COURT OF OSAGE COUNTY
STATE OF OKLAHOMA

ERNIE JACKSON and MARY          )
KATHLEEN JACKSON,               )
        Plaintiffs,      )
                       )
vs.                             )    Case No. CJ-2014-81
                       )
SAFECO INSURANCE COMPANY OF     )
AMERICA, a Foreign for Profit   )
Business Corporation;           )
                       )
ACE AMERICAN INSURANCE          )
COMPANY, a Foreign For Profit   )
Business Corporation, d/b/a Ace )
Property and Casualty Companies; )
                       )
FRSTEAM OKLAHOMA, LLC, a        )
Domestic Limited Liability Company; and, )
        Defendants.      )

## PLAINTIFFS' RESPONSE TO DEFENDANT FRSTEAM'S MOTION TO DISMISS OR, IN THE ALTERNATIVE COMPEL A DISCOVERY RESPONSE

COMES NOW, the Plaintiffs, Ernie Jackson and Mary Kathleen Jackson by and through their attorneys of record, Grace K. Yates and Michael J. Amend of the firm HOLMES & YATES and Bransford Shoemake of the Shoemake Law Offices. In support of their Response Brief, Plaintiffs state as follows:

### STATEMENT OF FACTS

On or about April 7, 2014, Plaintiffs by and through their prior attorney Paul Boudreaux filed the present action. Since that time, three (3) dismissals of certain Defendants without prejudice were filed, Plaintiffs' Petition was amended two (2) times and discovery was issued. On or about October 20, 2014 Mr. Boudreax withdrew as Plaintiffs' attorney of record. On or about November 24, 2014, Mr. Shoemake entered his appearance as attorney of record for Plaintiffs, and on February 17, 2015

Ms. Yates and Mr. Amend also entered their entry of appearance for Plaintiffs. On March 17, 2015,

Defendant FRSTeam filed its' Motion to Dismiss or in the Alternative Compel a Discovery

Response.

## ARGUMENTS AND AUTHORITY

Title 12 § 3237(A)(2)(4) provides:

    (2)    If a... party fails to answer an interrogatory submitted under Section 3233 of this title, or if a party, in response to a request for inspection and copying submitted under Section 3234 of this title, fails to respond that the inspection or copying will be permitted as requested or fails to permit the inspection or copying as requested, or if a party or witness objects to the inspection or copying of any materials designated in a subpoena issued pursuant to subsection A of Section 2004.1 of this title, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection and copying in accordance with the request or subpoena. The motion must include a statement that the movant has in good faith conferred or attempted to confer either in person or by telephone with the person or party failing to make the discovery in an effort to secure the information or material without court action.

    (4)    If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust. If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust. If the motion is granted in part and denied in part, the court may

apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner. (Okla. Stat. Tit. 12 § 3237(A)(2)(4)).

Title 12 § 3237(E) provides in relevant part:

If a party or an officer, director or managing agent of a party or a person designated under paragraph 6 of subsection C of Section 3230 or subsection A of Section 3231 of this title to testify on behalf of a party fails:

2. To serve answers or objections to interrogatories submitted under Section 3233 of this title, after proper service of the interrogatories; or

3. To serve a written response to a request for inspection submitted under Section 3234 of this title, after proper service of the request; the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs a, b and c of paragraph 2 of subsection B of this section. In lieu of or in addition to any order, the court shall require the party failing to act or the attorney advising him or her or both to pay the reasonable expenses, including attorney fees, caused by the failure, **unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.** (Okla. Stat. Tit. 12 § 3237(E) (*Emphasis Added*).

The Oklahoma Supreme Court has held: "A trial judge is empowered by Oklahoma's discovery code to sanction parties or attorneys who violate discovery orders." (*Barnett v. Simmons*, 197 P.3d 12, 18 (Okla. 2008). Okla. Stat. Tit. 12 § 3237(B)(2) provides for sanctions to be imposed by the court for failure to obey an order to provide or permit discovery. A motion to compel is a prerequisite to sanctions being imposed under § 3237. *Barnett v. Simmons*, 197 P.3d 12, 18 (Okla. 2008) (*Citing to: Helton v. Coleman*, 811 P.2d 100, 101 (Okla. 1991)). Likewise, the § 3237 sanctions must be based upon the failure to obey an order of the court. (*Id.*) (*Citing to: Martin v. Johnson*, 975 P.2d 889, 899 (Okla. 1998)). The *Barnett* Court also noted that Oklahoma courts have held that the most severe sanctions, such as dismissal or default judgment, should be imposed only

Page 3 of 5

when the party's conduct was willful or in bad faith. (*Id.*) (*Citing to: Payne v. DeWitt*, 995 P.2d 1088 (Okla. 1999); *Moor v. Babbitt Products, Inc.*, 575 P.2d 969 (Okla. 1978); *Hotels, Inc. v. Kampar Corp.*, 964 P.2d 933 (OK CIV APP 1998). *See also, Nu-Pro, Inc. v. G.L. Bartlett & Co., Inc.*, 575 P.2d 618 (Okla. 1977) (default judgment based on defendant's failure to comply with orders of the court compelling them to answer interrogatories served)). The Oklahoma Supreme Court has also held that: "like its federal counterpart, § 3237 allows the trial court to sanction a disobedient party by dismissal of its claim or by a default judgment. These draconian penalties should be applied **only** when a party's failure to comply with a discovery **order** is occasioned by fault, willfulness, or bad faith." *Payne v. Dewitt*, 995 P.2d 1088, 1093 (Okla. 1999) (*Emphasis Added*).

Dismissal of a case is only warranted pursuant to the above cited case law where a party's actions are wilful or are done in bad faith, or where a party fails to comply with a discovery order issued by the Court. Plaintiffs have not acted in bad faith in regards to providing discovery responses in that (1) Ms. Yates and Mr. Amend have sought to conduct a through investigation and review of all documents produced by all Defendants in this case, so as to provide full and complete responses to FRSTeam's Discovery Requests, (2) no discovery orders have been issued by the Court. At the time of the hearing on FRSTeam's Motion to Sever, Mr. Amend advised counsel for Safeco Insurance Company that he did not have a copy of the documents produced in Safeco's discovery responses. Safeco's attorney, Mr. Kosmider advised that he would provide Plaintiffs a copy of the documents. At the time that this request was made it was believed that the claims against all Defendants were related as set forth in Plaintiffs' Response to Defendant FRSTeam's Motion to Sever, and would therefore require review of Safeco's document production in order to fully respond to FRSTeam's discovery requests. Documents from Safeco's attorney (approximately 450 pages of

documents) were received by Plaintiffs' counsel on or about March 3, 2015. Plaintiffs' new counsel

are seeking to fully investigate this case in order to provide Defendant with complete answers to the

questions posed. On that basis Defendant's request for attorney fees and costs should be denied.

Plaintiffs request an additional 20 days to submit Responses to Defendant's FRSTeam's Discovery

Requests.

WHEREFORE, Plaintiffs pray that this Court deny Defendant FRSTeam's Motion and afford

them any other relief deemed appropriate.

Grace K. Yates, OBA #17937
Michael J. Amend, OBA #31466
HOLMES, YATES & JOHNSON
P.O. Box 750
Ponca City, OK 74602
Telephone: 580/765-6727
Facsimile:   580/765-6757
holmesandyates@cableone.net
ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF MAILING

I certify that on the 25 day of March, 2015, a true and correct copy of the above and
foregoing document was mailed via regular U.S. Mails with postage prepaid thereon to the following
named individual:

Christopher C. King                     Jason Robertson
P.O. Box 2619                           907 S. Detroit Ave., Suite 815
Tulsa, OK 74101                         Tulsa, OK 74120

Harrison M. Kosmider
15 West Sixth Street, Suite 2700
Tulsa, OK 74119

Michael J. Amend

Page 5 of 5

# EXHIBIT 46

Case 4:15-cv-00187-CVE-tlw Document 2 Filed in USDC ND/OK on 04/13/15 Page 258 of 261

## Case Information

### JACKSON, ERNIE vs. LIBERTY MUTUAL GROUP INC

| | |
|---|---|
| *Case Identifier* | Osage OK — CJ-2014-00081 |
| *Type of Case* | Civil Cases in which the relief sought exceeds $10,000 |
| *Date Filed* | 04/17/2014 |
| *Amount Owed* | $0.00 (as of 04/13/2015 08:20am) |

## Offense or Cause

# BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

## Parties Involved

| | |
|---|---|
| **Plntf Atty.** | SHOEMAKE, BRANSFORD H *of Pawhuska OK* |
| **Attorney** | SMILING, A MARK *of Tulsa OK* |
| **Judge** | KANE, M JOHN |
| **Plaintiff** | JACKSON, ERNIE |
| **Defendant** | LIBERTY MUTUAL GROUP INC |
| **Plntf Atty.** | YATES, GRACE K *of Ponca City OK* |
| **Plaintiff** | JACKSON, MARY KATHLEEN |
| **Attorney** | KING, CHRISTOPHER C *of Tulsa OK* |
| **Defendant** | ACE AMERICAN INSURANCE CO |
| **Defendant** | OKLAHOMES REALTY INC |
| **Plntf Atty.** | AMEND, MICHAEL J *of Ponca City OK* |
| **Attorney** | SKRAPKA, MARTY R *of Oklahoma City OK* |
| **Attorney** | ROBERTSON, JASON A *of Tulsa OK* |
| **Defendant** | AMERICAN SECURITY INSURANCE CO |
| **Defendant** | SAFECO INSURANCE CO OF AMERICA |
| **Attorney** | CURRAN, ALICIA G |
| **Defendant** | FRSTEAM OKLAHOMA LLC |
| **Attorney** | KOSMIDER, HARRISON M *of Tulsa OK* |
| **Defendant** | ACE LIMITED |

## Case entries

| Date | Description | Amount |
|------|-------------|--------|
| 04/17/2014 | PETITION | $163.00 |
| | (Entry with fee only) | $6.00 |
| | (Entry with fee only) | $2.00 |
| | (Entry with fee only) | $25.00 |
| | LENGTHY TRIAL FUND FEE | $10.00 |
| | OK COURT APPOINTED SPECIAL ADVOCATES | $5.00 |
| | 10% OF CASA TO COURT CLERK REVOLVING FUND | $0.50 |
| | OK COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | $2.00 |
| | 10% OF COJC TO COURT CLERK REVOLVING FUND | $0.20 |
| 04/17/2014 | SUMMONS ISSUED BACK TO ATTY FOR SERVICE ON LIBERTY MUTUAL GROUP INC D/B/A SAFECO INSURANCE COMPANY | $5.00 |
| 04/17/2014 | SUMMONS ISSUED BACK TO ATTY FOR SERVICE ON ACE AMERICAN INSURANCE COMPANY D/B/A ACE PROPERTY & CASUALTY CO | $5.00 |
| 04/17/2014 | SUMMONS ISSUED BACK TO ATTY FOR SERVICE ON OKLAHOMES REALTY INC D/B/A FIRST TEAM | $5.00 |
| 04/21/2014 | SUMMONS ISSUED BACK TO ATTY FOR SERVICE ON AMERICAN SECURITY INSURANCE COMPANY | $5.00 |
| 05/15/2014 | SUMMONS RTND SERVING OKLAHOMES REALTY INC BY SERVING ALLEN STOUT BY CERT MAIL 4-29-14 SIGNED ALLEN STOUT | |
| 05/15/2014 | SUMMONS RTND SERVING LIBERTY MUTUAL GROUP INC BY SERV- ING CORPORATION SERVICE CO (OKC) BY CERT MAIL 4-30-14 | |
| 05/15/2014 | SUMMONS RTND SERVING AMERICAN SECURITY INSURANCE CO BY SERVING CORPORATION SERVICE CO (AUSTIN TX) BY CERT MAIL ON 5-1-14 | |
| 05/15/2014 | SUMMONS (COPY) RTND SERVING AMERICAN SECURITY INSURANCE CO (ATLANTA GA) BY CERT MAIL ON 5-1 (NO ORIGINAL) | |
| 05/16/2014 | SPECIAL APPEARANCE RESERVING ADDITIONAL TIME TO FURTHER PLEAD OR ANSWER OKLAHOMA REALTY INC BY A MARK SMILING | |
| 05/16/2014 | AMENDED PETITION | |
| 05/19/2014 | PARTIAL DISMISSAL WITHOUT PREJUDICE CLAIMS AGAINST DEFENDANT OKLAHOMES REALTY INC ONLY | |
| 05/19/2014 | SECOND AMENDED PETITION | |
| 05/21/2014 | SPECIAL ENTRY OF APPEARANCE AND MOTION TO DISMISS OF DEFENDANT OKLAHOMES REALTY INC BY ATTY A MARK SMILING | |
| 05/21/2014 | MOTION TO DISMISS | |
| 05/27/2014 | SUMMONS ISSUED BACK TO ATTY FOR SERVICE ON FRSTEAM OKLAHOMA LLC / BRYAN NUNNELEY AGENT (TULSA) | $5.00 |
| 05/27/2014 | SUMMONS ISSUED BACK TO ATTY FOR SERVICE ON FRSTEAM OKLAHOMA LLC / JENNIFER COOPER (OKC) | $5.00 |
| 05/27/2014 | PARTIAL DISMISSAL W/OUT PREJUDICE | |
| 05/28/2014 | MOTION TO DISMISS AMENDED PETITION | |
| 06/04/2014 | ANSWER OF SAFECO INSURANCE COMPANY OF AMERICA TO PLAINTIFFS SECOND AMENDED PETITION | |
| 06/05/2014 | MOTION TO DISMISS SECOND AMENDED PETITION (COPY IN FILE NO S A S E) | |
| **Grand Total** | | **$243.70** |

| Date | Description | Amount |
|---|---|---|
| 06/09/2014 | SPECIAL APPEARANCE AND RESERVATION OF ADDITIONAL TIME TO FURTHER ANSWER OR PLEAD CHRISTOPHER C KING FOR FRSTEAM OKLAHOMA LLC | |
| 06/12/2014 | PLAINTIFFS APPLICATION FOR EXTENSION OF TIME | |
| 06/16/2014 | ENTRY OF APPEARANCE MARTY R SKRAPKA FOR DEFENDANT AMERICAN SECURITY INSURANCE COMPANY | |
| 06/17/2014 | PARTIAL DISMISSAL WITHOUT PREJUDICE AS TO AMERICAN SECURITY INSURANCE COMPANY (ASIC) | |
| 06/17/2014 | APPLICATION TO FILE THIRD AMENDED PETITION | |
| 06/24/2014 | ORDER GRANTING APPLICATION TO FILE THIRD AMENDED PETITION | |
| 06/30/2014 | DEFT. FRSTEAM OKLA. LLC'S ANSWER TO PLTF'S SECOND AMENDED PETITION | |
| 07/01/2014 | THIRD AMENDED PETITION | |
| 07/01/2014 | AFFIDAVIT AND RETURN OF SERVICE BY CERTIFIED MAIL | |
| 08/01/2014 | ANSWER OF SAFECO INSURANCE COMPANY OF AMERICA TO PLAINTIFFS THIRD AMENDED PETITION | |
| 08/07/2014 | DEFENDANT FRSTEAM OKLAHOMA, LLC'S ANSWER TO PLTFS' THIRD AMENDED PEITITON | |
| 08/12/2014 | SPECIAL APPEARANCE & RESERVATION OF TIME IN WHICH TO FURTHER ANSWER OR PLEAD | |
| 08/13/2014 | CM MJK COURT ORDERS THAT DEFENDANT ACE AMERICAN INSURANCE COMPANY (MISNAMED AS D/B/A ACE PROPERTY AND CASUALTY COMPANIES) IS HEREBY GRANTED AN EXTENSION OF TIME TO FILE ITS ANSWER | |
| 08/13/2014 | ORDER GRANTING REQUEST FOR ENLARGEMENT OF TIME IN WHICH TO FURTHER ANSWER OR PLEAD | |
| 08/25/2014 | PARTIAL DISMISSAL WITHOUT PREJUDICE | |
| 09/03/2014 | DEFENDANT FRSTEAM OKLAHOMA LLC'S MOTION TO SEVER | |
| 09/03/2014 | ORDER FOR HEARING 10-21-14 @ 1:00PM | |
| 09/08/2014 | DEFENDANT ACE AMERICAN INSURANCE COMPANYS ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES | |
| 09/12/2014 | SAFECO INSURANCE COMPANY OF AMERICAS RESPONSE IN SUPPORT OF FRSTEAM OKLAHOMA LLC'S MOTION TO SEVER | |
| 09/17/2014 | PLAINTIFFS RESPONSE IN OPPOSITION TO DEFENDANT FRSTEAM OKLAHOMA LLC'S MOTION TO SEVER | |
| 10/20/2014 | APPLICATION TO WITHDRAW AS ATTORNEY FOR PLAINTIFF'S | |
| 10/24/2014 | CM MJK COURT ORDERS THAT THE APPLICATION OF PAUL T BOUDREAUX AND THE LAW FIRM OF RICHARDSON RICHARDSON AND BOUDREAUX IS GRANTED AND MOVANTS ARE HEREBY WITHDRAWN AS ATTORNEYS FOR PLAINTIFFS IN THIS ACTION | |
| 10/24/2014 | ORDER ALLOWING WITHDRAWAL | |
| 11/05/2014 | MOTION TO ASSOCIATE COUNSEL ALICIA G CURRAN FOR ACE AMERICAN INSURANCE COMPANY | |
| 11/24/2014 | ENTRY OF APPEARANCE SHOEMAKE LAW OFFICES PC FOR PLAINTIFF | |
| 11/24/2014 | ORDER ADMITTING TO PRACTICE ALICIA G CURRAN FOR ACE AMERICAN INSURANCE COMPANY | |
| 12/01/2014 | CERTIFICATE OF SERVICE | |
| 12/05/2014 | ORDER RESETTING HEARING 1-7-15 @ 1:00PM | |
| 01/06/2015 | AGREED MOTION TO CONTINUE HEARING | |
| **Grand Total** | | **$243.70** |

Case 4:15-cv-00187-CVE-tlw Document 2 Filed in USDC ND/OK on 04/13/15 Page 261 of 261

JACKSON, ERNIE vs. LIBERTY MUTUAL GROUP INC (CJ-2014-00081) | On De...    Page 4 of 4

| Date | Description | Amount |
|------|-------------|--------|
| 01/09/2015 | ORDER TO CONTINUE HEARING 2-17-15 @ 1:00PM | |
| 02/12/2015 | ENTRY OF APPEARANCE HARRISON M KOSMIDER FOR DEFT SAFECO INSURANCE CO OF AMERICA INC | |
| 02/17/2015 | ENTRY OF APPEARANCE GRACE K YATES & MICHAEL AMEND FOR ERNIE JACKSON | |
| 02/18/2015 | CM MJK (ON 2-17-15) MATTER COMES ON FOR MOTION HEARING APPEARING: COUNSEL OF RECORD PLAINTIFFS GRANTED UNTIL 2-20-15 TO FILE SUPPLEMENTAL BRIEFING RULING 2 WEEKS THEREAFTER | |
| 02/18/2015 | COURT MINUTE | |
| 03/17/2015 | MOTION TO DISMISS OR IN THE ALTERNATIVE TO COMPEL A DISCOVERY RESPONSE | |
| 03/27/2015 | PLAINTIFFS RESPONSE TO DEFENDANT FRSTEAMS MOTION TO DISMISS OR IN THE ALTERNATIVE COMPEL A DISCOVERY RESPONSE | |
| **Grand Total** | | **$243.70** |

## Calendar events

| Date | Time | Description |
|------|------|-------------|
| 01/07/2015 | 1:00pm | CIVIL MOTION DOCKET Completed : 01/09/2015 Code: X |
| 02/17/2015 | 1:00pm | CIVIL MOTION DOCKET Completed : 02/17/2015 Code: X |

## Receipts

| Date | Description | Amount |
|------|-------------|--------|
| 04/17/2014 | R1-131495 RICHARDSON RICHARDSON BOUDREAU | $228.70 |
| 04/21/2014 | R1-131519 RICHARDSON RICHARDSON BOUDREAU | $5.00 |
| 05/27/2014 | R1-131988 RICHARDSON RICHARDSON BOUDREAU | $10.00 |
| **Grand Total** | | **$243.70** |